UNITED STATES DISTRICT COURT CLERKS OFFICE

DISTRICT OF MASSACHUSETTS

2005 FEB -1  P 2: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOHN FARMA,

          Petitioner

v.

JOHN J. O'BRIEN, Commonwealth
of Massachusetts, Commissioner
of Probation,
AND,
The ATTORNEY GENERAL of the
Commonwealth of Massachusetts,

                Respondents.

05    10193 RGS

Civil Action No.

| | |
|---|---|
| RECEIPT # | |
| AMOUNT $ |     c.0 |
| SUMMONS ISSUED | N|\ |
| LOCAL RULE 4.1 | |
| WAIVER FORM | |
| MCF ISSUED | |
| BY DPTY. CLK. | M.F. |
| DATE | 2/1/05 |

MAGISTRATE JUDGE___MBB___

PETITION FOR A WRIT OF
HABEAS CORPUS PURSUANT TO
28 U.S.C.§ 2254 BY A PERSON IN
STATE CUSTODY

## I. INTRODUCTION

John Farma, petitions pursuant to 28 U.S.C. §§ 2241 & 2254 for a writ of habeas

corpus because he is in State custody by the Commonwealth of Massachusetts under a

sentence of Probation in violation of the laws and Constitution of the United States In

support thereof, Petitioner alleges as follows: purpose.

1. Basis of Confinement

The petitioner has never before sought federal habeas corpus relief for this

conviction or sentence. This is his first appearance in federal district court.

The petitioner, John Farma, is in the custody of the respondent , Commissioner of

Probation in Suffolk County, Commonwealth of Massachusetts. (Ex. "B" hereto annexed).
The respondent is being denied his liberty under unconstitutional convictions for Assault
and Battery with a dangerous weapon in violation of (G.L. c. 265 s. 15A[b1]) (Ex. "A"
hereto annexed).   Exhibit "A" annexed hereto contains a copy of the Criminal Docket of
the Commonwealth of Massachusetts and sets out the pertinent dates relating to the trial
and conviction of the respondent.

As set out in Exhibit "A" the petitioner:

1.     Was charged with violation of (G.L. c. 265 s. 15A[b1]) (A&B by
means of a Dangerous Weapon) in South Boston District Court, in case
number 0203CR000417.

2.     Petitioner entered a plea of Not Guilty.

3.     The petitioner was tried and convicted by a jury on February 4,
2003.

4.     The petitioner was sentenced to 18 Months in the House of
Correction; 6 months to be served and the balance of the sentence suspended
on probationary terms to February 4, 2005 (see Ex. "B"- PROBATION
ORDER).

2. Procedural History

On February 4, 2003, at a trial by jury in the South Boston District Court,
John Farma was convicted of assault and battery by means of a dangerous weapon (G.L. c.
265 s. 15A[b1]) The was sentenced to eighteen months in the House of Correction, six
months to serve, balance suspended and probation to February 4, 2005.  On March 25,

2003, the petitioner filed a motion for a new trial, pursuant to Mass. R. Crim. P. 30 (b). The trial Court denied the motion <u>without an evidentiary hearing</u>.  On appeal to the Appeals Court the denial of the Motion for New Trial was denied by a Memorandum and Order Pursuant to Rule 1:28 a copy of which is hereby annexed and marked Exhibit "C".

### 3. OUTLINE OF PERTINENT FACTS

In this case the complaining witness, Theresa Murphy, testified that on March 13, 2002, she went out to a bar and had drinks with some co-workers prior to attending a Union meeting.

Murphy testified that she met Farma at the meeting and then drove him home after the meeting.  She further testified that sometime thereafter when she had refused his sexual advances he chased her out of the car and beat her and kicked her.

Mr. Farma's trial attorney then briefly cross-examined Ms. Murphy.  At no time did defendant's attorney ask any questions concerning Ms. Murphy's mental health, her ability to perceive and remember her motive for testifying falsely or any questions relating to her being the aggressor.  The defendant, Farma, had given information to his attorney as to all these areas, which the attorney never investigated or prepared.

Mr. Farma testified that at the Union meeting there was a bar and he and Ms. Murphy were drinking heavily.

3

II

## GROUND FOR ALLOWING PETITION

### PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL GUARANTEED TO HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS AND THE APPEALS COURT OF THE COMMONWEALTH OF MASSACHUSETTS MISAPPLIED THE FEDERAL LAW

The Sixth Amendment as applied to the states through the Due Process Clause of the Fourteenth Amendment provides that a defendant shall have the assistance of counsel for his defense and this right to counsel includes the right to the effective assistance of counsel. Clark -102- v. Groose, 16 F.3d 960, 962 (8th Cir.), cert. denied, 513 U.S. 834, 115 S. Ct. 113, 130 L. Ed. 2d 59 (1994). The purpose of this right is not to pass judgment on defense counsel. Rather, the right ensures that criminal defendants receive the zealous, competent defense to which they are entitled. Chacon v. Wood, 36 F.3d 1459, 1464 (9th Cir. 1994); See United States v. Smith, 10 F.3d 724, 728 (10th Cir. 1993) (purpose of effective assistance guarantee is to ensure that criminal defendants receive a fair trial).

The standard of review for a claim of ineffective assistance of counsel was enunciated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To prevail on this claim, a defendant must show that his counsel's performance fell below an objective standard of reasonableness, and that counsel's deficiencies prejudiced his defense. Id. at 688-92, 104 S. Ct. at 2064-67. To overcome any presumption that counsel rendered constitutionally sufficient assistance, a defendant must identify "acts or omissions [of counsel which] were outside the range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066. To satisfy the prejudice component of Strickland, the defendant "must show that there is a

4

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceedings would have been different." Id. at 695, 104 S. Ct. at 2068-

69.

   The standard of review is not as onerous as this Strickland language might, at first

blush, indicate. To establish an attorney's deficient performance, a defendant need not

show that he could not have been convicted; rather, he need only undermine the

confidence in the trial's outcome.  Strickland, 466 U.S. at 693-94, 104 S. Ct. at 2068;

Alexander v. Armontrout, 985 F.2d 976, 978 (8th Cir.), cert. denied, 510 U.S. 881,

114 S. Ct. 224, 126 L. Ed. 2d 180 (1993).

  Generally, in determining whether there has been a serious failure, trial counsel's

tactical decisions are given due deference, and the Courts, "do not 'second guess

competent lawyers working hard for defendants who turn on them when the jury happen to

find their clients guilty.'" Commonwealth v. Street, 388 Mass. 281, 285 (1983), quoting

Commonwealth v. Rondeau, 378 Mass. 408, 413 (1979).  However, where a tactical

decision of trial counsel was "manifestly unreasonable when made," the appellate courts

have found ineffectiveness. See Commonwealth v. Martin, 427 Mass. 816, 822 (1998).

  Once it is determined that tactical decisions made by a defendant's trial attorney,

were manifestly unreasonable, then the court determines whether a substantial likelihood of

a miscarriage of justice resulted.

  Under Article 12 of the Declaration of Rights of the Massachusetts Constitution and

the Sixth Amendment to the United States Constitution, a defendant possesses the

right to be represented by effective counsel. See Commonwealth v. Fuller, 394

Mass. 251, 255-256 (1985); Strickland v. Washington, 466 U.S. 668, 684-686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." This right continues through the sentencing phase of the defendant. Mempa v. Rhay, 389 U.S. 18 (1967). Thus, a defendant is guaranteed the right to have effective assistance of counsel at the guilt and sentencing phase.

The basic rule is that counsel is ineffective when his or her performance falls below an objective standard of reasonableness and the defendant thereby suffers prejudice. Strickland, 466 U.S. at 687-88. Prejudice is established when 'there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Commonwealth v. Reid, 400 Mass. 534, 537 (1987). The inquiry in determining whether counsel's performance was constitutionally deficient is whether counsel's assistance was reasonable considering all of the circumstances. Strickland, 466 U.S. at 687-88.

The defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his defense. In other words, that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. In this case, the facts show that there is a reasonable probability that, but for counsel's errors, the jury would have had a reasonable doubt respecting guilt in that the decision reached would have been different absent the

6

errors; a reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.

Therefore, the standard for ineffective assistance of counsel under the sixth and fourteenth amendments is straightforward: "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

The reasonable probability burden of proof is "a lower burden of proof than the preponderance standard." Bouchillon v. Collins, 907 F.2d 589, 595 (5th Cir. 1990).

The focus is on whether the defendant received the process due him, "not to grade counsel's performance." Id. at 2069. See also Commonwealth v. Barnette, 45 Mass. App. Ct. 486, 493 (1998).

When the deficiency is a failure to investigate, Strickland informs us that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 2066. "The prejudice prong of the two-part Strickland test continues to be the primary hurdle to be cleared in sixth amendment assistance-of-counsel cases. This obstacle, however, is not insurmountable." Profitt v. Waldron, 831 F.2d 1245, 1251 (5th Cir. 1987).

A good example, pertinent to the present case occurred where defense counsel stated a defense and then failed to introduce evidence in support of the defense. Even when faced with the denial of the self-defense instruction, counsel failed to seek to reopen the evidence. The Florida Court held, "[D]efense counsel, by his substandard performance, deprived defendant of his sole defense and the opportunity to corroborate the defense... ."

Cabrera v. State, 766 So. 2d 1131, 1134 (Fla. 2d DCA 2000) [quoting Stephens v. State, 748 So. 2d 1028, 1035 (Fla. 1999)]. "Counsel's failure to present any evidence to support the self-defense theory promised in his opening statement was even emphasized by the State in its closing argument. Accordingly, we reverse the denial of Mr. Dames' motion, vacate the conviction, and remand for a new trial."

In this case the petitioner's trial counsel was ineffective in presenting the defendant's defense as to assault and battery by means of a dangerous weapon and failing to give a timely opening statement; in failing to attack effectively the Commonwealth's evidence; in failing to present or obtain certain evidence; and in failing to investigate the defendant's defense .

In reviewing the defendant's claim of ineffective assistance of counsel where, as here, the motion judge was the trial judge and had the opportunity to assess the credibility of witnesses and the evidence presented, in most instances the Court will defer to the trial judges because they are afforded considerable leeway in making those decisions. However, where a trial judge, who was also the fact finder, when deciding a post-conviction motion for new trial on the basis of ineffective assistance of counsel predicated on counsel's failure to investigate or present a defense, may evaluate the credibility of the testimony related to that defense without conducting an evidentiary hearing, as in this case, raises a more serious constitutional problem.

Facts the petitioner established at the hearing were that:

1.      On March 26, 2002 he went with Attorney Kelley (trial counsel) to District 6, South Boston where he was placed in custody and taken that day,

8

26th, to the South Boston Court, where Judge Mary Orfanello released him on personal cognizance.

2.      That he indicates that a witness to his bloody face is his sister and one Daniel Fowkes.  He indicates that a witness to the entire events is one Carl Regan.

3.      That at trial Regan's testimony was used against him in final argument by the prosecutor.  Regan testified that he sneaked out to have a cigarette because his wife doesn't let him smoke at all, not only in the house but anywhere. The prosecutor argued on final examination that he is a liar and a sneak to his own wife, what do you expect him to be here?

4.      That he was injured by the alleged victim and he was on medication on the date of the events. He asked the trial attorney about getting this in. He wanted the testimony to reflect the fact that he was on medication as well as alcohol.

5.      That the victim's testimony was that he chased and punched her and that there is no way he could have done either of these due to the medication he was taking.

6.      That he requested trial counsel to call his doctor in to testify and that trial counsel never even contacted the doctor.

7.      That trial counsel conferred with on his first visit for about one hour and half and that that trial counsel took absolutely no notes of anything Mr. Farma had to say during that 1 ½ hours.

8.    That he went there with Dan Fowlks, witness that trial counsel did not even interview.

9.    That he only conferred with trial counsel two other times before trial

10.   That trial counsel never went over Mr. Farma's testimony before he testified.

11.   That he gave trial counsel much information about the alleged victim's mental problems, but that he never investigated any of the information.

12.   That trial counsel spoke to the witness Regan for only 5 minutes before trial; never spoke to his sister or Fowkes, potential witnesses and never consulted with him about the case.

The State judge here did not make any specific findings about trial counsel's performance under the test set forth in Saferian.  Therefore it was not reasonable for the appeals court to infer that the trial judge made any determination that the defendant agreed not to call certain witnesses or that such a strategy would not have affected the outcome of the case.  (Which it did -- see Ex. "C") See Commonwealth v. DeVincent, 421 Mass. 64, 68 (1995).

What the trial judge found was, " . . .although trial counsel did not confirm in some respects . . .presenting evidence or otherwise conduct himself . . .
His conduct might be expected from an ordinary fallible lawyer . . ."  This is not the rule.

Whether the defendant raises a substantial issue in his post trial submissions that requires an evidentiary hearing primarily depends upon how the facts asserted in the affidavits or other submissions compare with the facts presented at the trial. For example, in

Commonwealth v. Carver, 33 Mass. App. Ct. 378 (1992). This Court affirmed the denial of a motion for new trial based upon newly discovered evidence without a hearing where the defendant, convicted of arson, provided an affidavit of counsel detailing a third party's confession to setting the fire. The motion judge, who was also the trial judge, denied the motion because "the alleged confession did not square with the expert testimony [at trial] regarding the fire's point of origin and its cause." Id. at 381.

In Commonwealth v. Epsom, 422 Mass. 1002 (1996), the Court indicated that the defendant should have been afforded an evidentiary hearing on his motion for a new trial. In that case, the Supreme Judicial Court remanded for an evidentiary hearing, as in this case, the affidavit submitted to the motion judge contained testimony that would have supported the defendant's claim of self-defense and would have resulted in a jury instruction thereon.

Notably absent is any indication that the failure to call the witness was prompted by any tactical consideration; instead, it appears to have been an oversight and failure to have investigated by trial counsel.

The record here reveals that the decision not to call witnesses was not a considered one that was made by trial counsel in consultation with the defendant.

Generally, in determining whether there has been a serious failure, trial counsel's tactical decisions are given due deference, and the Courts, do not second guess competent lawyers working hard for defendants who turn on them when the jury happen to find their clients guilty. However, where a tactical decision of trial counsel was "manifestly unreasonable when made," the appellate courts have found ineffectiveness.

11

Once it is determined that tactical decisions made by a defendant's trial attorney,
were manifestly unreasonable, then the Court determines whether a substantial likelihood of
a miscarriage of justice resulted.

This is a case wherein the issue relates to what trial counsel did not do both pre-trial
and during the trial. Since there was no evidentiary hearing on the motion the appellant
implores this Court to examine the entire trial transcript to observe the absolute deficiency
of trial counsel. In this case as pointed out by counsel at the oral argument on the Motion
for New Trial, is that trial counsel failed to perform effectively by acting in a manner not
even consistent with a law student's performance.

The Sixth Amendment envisions that every defendant will be assisted by an attorney
"who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466
U.S. 668, 685 (1984). It is axiomatic that "[a]n attorney does not provide effective
assistance if he fails to investigate sources of evidence which may be helpful to the defense."
Davis v. Alabama, 596 F.2d 1214, 1217 (5th Cir. 1979), vacated as moot, 446 U.S.
903 (1980). See also, Chambers v. Armontrout, 907 F.2d 825 (8th Cir. 1990) (en
banc). Any reasonably competent attorney, confronted with the facts of this case, would
have obtained Mr. Farma's and the alleged victim's records from the treatment centers
because the failure to do so would completely deprive his client of a fair adversarial trial on
the central issue in the case.

The source of trial counsel's obligation in this case is twofold. First, an attorney in a
capital case is obligated to conduct a reasonable investigation into his client's and the
victim's background, character and mental health. Second, there were many specific facts in

this case pointing counsel to the evidence of self-defense through other witnesses and crucial

records of appellant located the treatment centers.

See Pickens v. Lockhart, 741 F.2d 1455, 1466 (8th Cir. 1983). Also see Wolfs v.

Britton, 509 F.2d 304, 309 (8th Cir. 1975), finding counsel ineffective for failing to

develop background information and in presenting a full defense.

In this case the trial transcript clearly reflects a case wherein trial counsel took his

client's money and then proceeded to do nothing as to investigation, preparation and

presentation.  This is an all too familiar case of a lawyer trying a case and, "flying by the

seat of his pants."

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132,

110 Stat. 1214 ("AEDPA") altered the standard of review federal courts must apply when

reviewing applications for a writ of habeas corpus. The AEDPA applies to all habeas

petitions filed after the effective date of the act, April 24, 1996. Because petitioner's

application was filed after 2 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of
> habeas corpus by a person in custody pursuant to the
> judgment of a State court, a determination of a factual issue
> made by a State court shall be presumed to be correct.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review that a

federal court must utilize when reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim −(1) resulted in a decision that was contrary to, or

13

involved an unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceedings.

28 U.S.C. § 2254(d).

Therefore, federal courts are bound by a state court's adjudication of a petitioner's

claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir.

1998).

Additionally, this Court must presume the correctness of state court factual

determinations. 28 U.S.C. § 2254(e)(1)2; see also Cremeans v. Chapleau, 62 F.3d 167,

169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are

clearly erroneous").

The United States Supreme Court has explained the proper application of the

"contrary to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme
Court's] clearly established precedent if the state court applies a
rule that contradicts the governing law set forth in our cases. . . .
A state-court decision will also be contrary to this Court's clearly
established precedent if the state court confronts a set of facts that
are materially indistinguishable from a decision of this Court and
nevertheless arrives at a result different from [the Court's]
precedent.

Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United

States Supreme Court held that a federal court should analyze a claim for habeas corpus

relief under the "unreasonable application" clause when "a state-court decision

14

unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 1521.

The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application"
> inquiry should ask whether the state court's application of clearly
> established federal law was objectively unreasonable. . .
> [A]n unreasonable application of federal law is different from an
> incorrect application of federal law. . . . Under § 2254(d)(1)'s
> "unreasonable application" clause, then, a federal habeas court
> may not issue the writ simply because that Court concludes in its
> independent judgment that the relevant state-court decision applied
> clearly established federal law erroneously or incorrectly. Rather,
> that application must also be unreasonable.

Id. at 1521-22.

In this case Petitioner claims and has proven that his trial counsel was ineffective for failing properly to investigate facts and interview witnesses who would have corroborated the defense theory. Petitioner has established that the state court's determination was an unreasonable application of clearly established Federal law and that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. . Accordingly, he is entitled to habeas corpus relief with respect to this claim.

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Respectfully submitted,

ROGER WITKIN
BBO #531780
for the Petitioner
6 Beacon Street, Suite 1010
Boston, MA 02108
(617) 523-0027(tel.)
(617) 523-2024(fax)

15

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 1, 2005

_____
John Farma, Petitioner

## CERTIFICATE OF SERVICE

I, ROGER WITKIN, certify that on this 1st day of February, 2005, I mailed a copy of this Petition for a Writ of Habeas Corpus, to the Respondent, John J. O'Brien, Commissioner of Probation, 1 Ashburton Place, Rm. #405, Boston, MA 02108 and Office of the Attorney General, 1 Ashburton Place, Boston, MA 02108, by first-class United States mail, postage pre-paid.

_____
ROGER WITKIN

16

| CRIMINAL DOCKET | DOCKET 020..CR000417 | ATTORNEY | DATE and JUDGE | DOCKET ENTRY |
|---|---|---|---|---|

**COURT DIVISION**
South Boston

☐ INTERPRETER REQUIRED

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**
FARMA, JOHN
53 FARRAGUT RD.
S BOSTON, MA 02127

MAR ?? 2002
Oxforelle, r

**DOCKET ENTRY**
☐ Attorney appointed (SJC R. 3:10)
☐ Atty. denied and Deft Advised per 211D §2A
☐ Waiver of counsel found after colloquy

**Terms of release set:**
☐ PR  ☐ Bail:
☐ Held (276 §58A)
☐ See back for special conditions

**Arraigned and advised:**
☐ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

**Advised of right to jury trial:**
☐ Does not waive
☐ Waiver of jury trial found after colloquy

**DEFT. DOB AND SEX**
11/07/1961    M

**DATE OF OFFENSE(S)**
03/14/2002

**PLACE OF OFFENSE(S)**
S BOSTON

**COMPLAINANT**
MAHONEY, WILLIAM

**POLICE DEPARTMENT (if applicable)**
BOSTON PD AREA F-6

Advised of trial rights as pro se (Supp. R. 4)
Advised of right of appeal to Appeals Ct (R. 28)

**DATE OF COMPLAINT**
03/19/2002

**RETURN DATE AND TIME**
03/19/2002 09:00:00

| COUNT/OFFENSE | | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|---|
| 1. 265/15A/A A&B WITH DANGEROUS WEAPON c265 §15A(b) | | | | | 357.57 | 60 ☐ WAIVED |

**DISPOSITION DATE and JUDGE**
2-4-03  Rouquillo

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation     ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

18 months HOC
6 months to serve
bal SS 78 2-4-04

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☑ Jury Trial
☐ None of the Above

**FINDING**
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

**FINAL DISPOSITION**
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

**JUDGE**                 **DATE**

| | | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|---|
| | | | | | | ☐ WAIVED |

**COUNT/OFFENSE**

**DISPOSITION DATE and JUDGE**

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation     ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

**FINDING**
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

**FINAL DISPOSITION**
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

**JUDGE**                 **DATE**

| | | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|---|
| | | | | | | ☐ WAIVED |

**COUNT/OFFENSE**

**DISPOSITION DATE and JUDGE**

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation     ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

**FINDING**
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

**FINAL DISPOSITION**
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

**JUDGE**                 **DATE**

| | | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|---|
| | | | | | | ☐ WAIVED |

**COUNT/OFFENSE**

**DISPOSITION DATE and JUDGE**

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation     ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

**FINDING**
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

**FINAL DISPOSITION**
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

☐ ADDITIONAL COUNTS ATTACHED

**COURT ADDRESS**
South Boston District Court
535 East Broadway

EXHIBIT "A"

# PROBATION ORDER
Following Court's Acceptance of Gu...,
Plea or Admission to Sufficient Facts

Docket No. C 2C05LC417

Trial Court of Massachusetts
District Court Department
SOUTH BOSTON Division

| PROBATIONER'S NAME | ADDRESS |
|---|---|
| Win Homes | 41 Place Harbordand Rd |

**TO THE ABOVE NAMED PROBATIONER:** You are hereby placed on probation by this court. The start date and end date of your probation are as indicated. Unless excused by your probation officer, you must appear in court on the end date indicated, at which time a report on your probation progress will be made. If you fail to appear on that date or any other date required, a warrant may be issued for your arrest.

PROBATION START DATE 2/4/2003
PROBATION END DATE 2/4/2005

## STANDARD CONDITIONS OF PROBATION

1. Obey all court orders and all city, state and federal laws, including any support order as defined in G.L. c. 119A, s.1A.
2. Report to your probation officer at such times as he or she requires, and make no false statements to your probation officer.
3. Allow your probation officer to visit your residence at such time as he or she requires.
4. Provide your residence address and employment address, and any change of address, as required by your probation officer.
5. Report to your probation officer within 48 hours of release from any arrest or incarceration.

## SPECIAL CONDITIONS OF PROBATION (You must comply with all items checked)

6. ☐ **EMPLOYMENT/SCHOOL:** Remain employed or make reasonable efforts to attain employment or attend school.
7. ☐ **LITERACY:** Participate in literacy, basic education or other classes as directed by your probation officer.
8. ☑ **DRUG FREE/TESTING:** Remain ☑ drug free ☐ alcohol free and submit to random testing as required.
9. ☑ **DRUG/ALCOHOL EVALUATION:** Submit to drug and/or alcohol evaluation and successfully complete any ☐ residential ☑ non-residential treatment program(s), as directed by your probation officer.
10. ☑ **SPECIFIC PROGRAMS:** Comply with and complete the following program(s): ☐ Driver Alcohol Education ☐ Sex Offender ☐ 14-Day Residential Driver Alcohol Education ☑ Other: Anger Management ☐ Certified Batterer's Treatment:
11. ☐ **MENTAL HEALTH:** Submit to a mental health evaluation and any treatment program as directed.
12. ☑ **NO CONTACT:** Have no direct or indirect contact with: (name(s)) Theresa Murphy
13. ☐ **SEX OFFENDER REGISTRY:** Register in person as a sex offender at the police department in the city or town where you reside and comply with all other sex offender registration requirements as provided by G.L. c. 6, ss. 178C-178E.
14. ☐ **COMMUNITY SERVICE:** Perform_____hours of community service as scheduled by your probation officer.
15. ☐ **HOME CONFINEMENT/MONITORING:** Submit to: ☐ Home Confinement ☐ Electronic Monitoring as instructed by your probation officer.
16. ☐ **CURFEW:** Comply with the following curfew time: _____ or as scheduled by your probation officer.
17. ☑ **TRAVEL:** Do not leave the Commonwealth without written permission of your probation officer.
18. ☐ **SEARCH:** On the basis of a reasonable suspicion that a condition of the probationer's probation has been violated, a probation officer, or any law enforcement officer acting on the request of the probation office, may search the probationer's property, his or her residence, and any place where he or she may be living, and may do so with or without a search warrant depending on the requirements of law.
19. ☑ **OTHER CONDITIONS:** supervised
Report to Probation within 48 hours of release

## 19. FINANCIAL PAYMENTS AND PENALTIES:
Pay all court ordered assessments as described below:

| FEES | AMOUNT | DUE DATE AND/OR TERMS |
|---|---|---|
| Restitution | $ 254.59 | |
| Probation | $ 50/mo | indue while |
| V/W | $ 60. | as instructed |
| Costs | $ | |
| Counsel | $ | |
| Counsel Contrib. | $ | |
| Fine | $ | |
| Surfine | $ | |
| | $ | |
| | $ | |
| TOTAL OWED | $ | |

Make payment by bank check or money order (no personal checks) payable to: SOUTH BOSTON DISTRICT COURT

## JUDICIAL ORDER AND SIGNATURE

**TO THE ABOVE-NAMED PROBATIONER:**
You are hereby placed on probation by this court and ordered to observe and comply with the conditions set forth above, and as ordered by your probation officer as authorized above. Violation of any such condition may result in your arrest, revocation of probation, the entry of a guilty finding (if not already entered) and the imposition or execution of sentence.

Signature of Justice
X

Date of order
2/3/03

## PROBATIONER'S ACKNOWLEDGMENT OF ORDER

I have read and understand the above conditions of probation and I agree to observe them. I acknowledge receipt of a copy of these conditions.

Signature of Probationer
X

Signature of witnessing Probation Officer:
X

AODC 12/21/99

EXHIBIT "B"

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 03-P-874

COMMONWEALTH

*vs.*

JOHN FARMA.

Pending in the Dorchester District

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

Oder denying motion for
new trial affirmed.

By the Court,

_____ ,Clerk
First Assistant

Date    June 25, 2004.

NOTE:
The original of the within rescript
will issue in due course, pursuant
to M.R.A.P.23
                          APPEALS COURT

EXHIBIT "C"

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-874

COMMONWEALTH

vs.

JOHN FARMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

After trial by jury, the defendant John Farma was convicted
of assault and battery by means of a dangerous weapon (G. L. c.
265, § 15A[b]). The defendant's subsequent motion for new trial
was denied without an evidentiary hearing by the same judge who
had presided at the trial. On appeal, the defendant claims error
in two respects: (a) denial of the new trial motion was error
because the defendant's trial counsel had provided ineffective
assistance insofar as he failed to investigate and present
testimony or other evidence of self-defense; (b) it was error not
to have conducted an evidentiary hearing in connection with the
motion for new trial.

We have heard counsel's arguments, studied their briefs,
reviewed, inter alia the record appendix, the trial transcript,
and the transcript of the nonevidentiary hearing on the new trial
motion and are satisfied that the defendant's appellate claims
must fail. We discern no error either in the denial of the
defendant's motion for new trial or in the judge's decision to

rule on the motion without first conducting an evidentiary hearing. The Commonwealth's brief at pages eight through twenty-five is persuasive on both points.

<u>Order denying motion for new trial affirmed</u>.

By the Court (Lenk, Doerfer & Cowin, JJ.),

*First Asst* Clerk

Entered: June 25, 2004.

2

FROM :                                    PHONE NO. :                    May. 10 1997 06:30PM P1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
IN CLERKS OFFICE

**I. (a) PLAINTIFFS**

John Farma

**DEFENDANTS**

2005 FEB -1 P 2: 38

John J. O'Brien, Commissioner of Probation of Attorney General's Office

U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** County of Residence of First Listed Plaintiff   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Roger Witkin, Esq.   Tel. 617 523 0027
6 Beacon Street, Boston, MA 02108

Attorneys (If Known)

05 10193 RGS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 700 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage |  |  | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability |  |  |  |
| ☐ 441 Voting | **PRISONER PETITIONS** |  |  |  |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 443 Housing/Accommodations | **Habeas Corpus:** |  |  |  |
| ☐ 444 Welfare | ☒ 530 General |  |  |  |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |  |  |  |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 2241 and 2254

Brief description of cause:
State Custody Petition for Habeas Corpus

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ N/A

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):   JUDGE            DOCKET NUMBER   N/A

DATE   2/1/05                SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

FROM :                          PHONE NO. :                  May 19 '97  06:31PM P2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _John Behan v. John J. O'Brien_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.   (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   X    IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
   ___       690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

                None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                      YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                      YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                      YES        NO    _N/A_

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                      YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                      (YES)       NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       (EASTERN DIVISION)         CENTRAL DIVISION           WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
       GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION           CENTRAL DIVISION           WESTERN DIVISION

   (PLEASE TYPE OR PRINT)
   ATTORNEY'S NAME  __Roger Witkin, Esq.__
   ADDRESS  __6 Beacon Street, Suite 1010, Boston, MA 02108__
   TELEPHONE NO.  __617 523 0027__

   (Cover sheet local.wpd  - 11/27/00)