**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
JOHN FARMA,                 )
      Petitioner,           )
                            )
v.                          )           CIVIL ACTION
                            )           NO. 05-10193-RGS
COMMONWEALTH,               )
      Respondent.           )
_____)
```

**MEMORANDUM IN SUPPORT OF MOTION TO REQUIRE PETITIONER TO SUBMIT A PETITION COMPLYING WITH 28 U.S.C. § 2254 RULE 2**

The respondent respectfully submits this memorandum in support of his motion to require the petitioner, John Farma, to submit a petition that complies with Rule 2(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"). Rule 2(d) requires federal habeas petitioners to submit petitions in a prescribed form, while Rule 2(c) requires petitioners to include specific information, identify the grounds for relief, and be signed under oath. See Rule 2(c)-(d).

Rather than using the form petition required by Rule 2(c), Mr. Farma has submitted a fifteen page document that more closely approximates a memorandum of law than it does a petition for habeas corpus relief. In its current form, it is impossible to respond to the petition in the form of an answer, see Rule 5, or other proper responsive pleading. The respondent therefore respectfully requests the Court order Mr. Farma to re-submit his petition pursuant to Rule 2(c), including ordering him to use the form annexed to the rules.

2

**DISCUSSION**

A.   <u>Mr. Farma's Petition Violates Rules 2(c) and 2(d) of the Habeas Rules</u>

Pursuant to Habeas Rule 2(d), a habeas corpus "petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This rule, amended in 2004, "has been changed to reflect that a petitioner must substantially follow the standard form." Reporter's Notes to Habeas Rule 2. The petitioner's memorandum of law plainly violates this rule.

In addition, Habeas Rule 2(c) delineates the requirements for petitions requesting habeas corpus relief. Petitioners must set forth the facts giving rise to the claim in summary form, state the relief requested, and sign the petition under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). To facilitate compliance, a model petition is annexed to the rule, and each clerk of court must provide litigants with blank petitions without charge. 28 U.S.C. § 2254 Rule 2(d).

"It is the petition for a writ of habeas corpus, not subsequently filed memorandum, which defines the claims for habeas relief. That is not a mere matter of *ipse dixit*. To the contrary . . . it is a requirement of Rule 2(c) of the Rules Governing Section 2254 Cases." <u>Smiley</u> v. <u>Maloney</u>, 2003 U.S. Dist. LEXIS 24902, * 62, n.39 (D. Mass., Oct. 31, 2003) (Cohen, M.J.). Compliance with Rule 2(c) is mandatory, and a non-conforming petition is subject to dismissal. See <u>McFarland</u> v. <u>Scott</u>, 512 U.S. 849, 856 (1994).

"Habeas corpus petitions must meet heightened pleading requirements" <u>id.</u>, but "they do not require that the petitioner plead evidentiary detail in his petition. Instead, the Habeas Rules require that the petition set forth facts supporting the grounds of the petition 'in summary form.'" <u>Cuadra</u> v. <u>Sullivan</u>, 837 F.2d 56, 58 (2d Cir. 1988) (quoting Rule 2(c)). Here, Mr. Farma has

3

submitted a fifteen page memorandum of law. While this document may become relevant at some future date, it is an inadequate substitute for a petition that complies with Rule 2(c). This is so because it is impossible to respond to the allegations contained in it with an answer, as respondent is required to do by Rule 5.

     B.    Mr. Farma Should Be Ordered to Re-Submit His Petition

This Court could dismiss the petition for failing to comply with Rule 2(c). See, e.g., McFarland, 512 U.S. at 856; United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995) (citing 28 U.S.C. § 2255 Rule 2 and holding that non-conforming petitions are subject to dismissal), rev'd on other grounds, 520 U.S. 751 (1997). The respondent is not seeking that result, however. Rather, the respondent requests that Mr. Farma be instructed to re-submit a petition that complies with Rule 2(c)-(d), including use of the required form. Such an order will permit respondent to file an answer, or other proper responsive pleading, and facilitate the just and expeditious disposition of this case.

                                                    Respectfully submitted,

                                                    THOMAS F. REILLY
                                                    Attorney General

                                                    /s/ Daniel I. Smulow
                                                    Daniel I. Smulow, BBO # 641668
                                                    Assistant Attorney General
                                                    Criminal Bureau
                                                    One Ashburton Place
                                                    Boston, Massachusetts 02108
                                                    (617) 727-2200, ext. 2949

Date: April 26, 2005

4

## Certificate of Service

    I, Daniel I. Smulow, certify that on this twenty-sixth day of April, 2005, I mailed a copy of this memorandum of law to counsel for the petitioner, Roger Witkin, Six Beacon Street, Suite 1010, Boston, MA 02108, by first-class mail, postage pre-paid.

                                                 /s/ Daniel I. Smulow
                                                 Daniel I. Smulow