UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JOHN FARMA,
          Petitioner

v.                                Civil Action No.05 10193 RGS

JOHN J. O'BRIEN, Commonwealth
of Massachusetts, Commissioner
of Probation,
AND,
The ATTORNEY GENERAL of the
Commonwealth of Massachusetts,
          Respondents.

**PETITIONER'S OPPOSITION TO RESPONDENT'S
MOTION TO SUBMIT A PETITION ON THE FORM
<u>PROVIDED BY THE DISTRICT COURT</u>**

In this case the respondent has moved that this Court require that the petitioner re-submit his 2254 petition on the form which the Clerk of Court provides pursuant to The Rules Governing Section 2254 cases Rule 2 (d ).

The movant argues that Rule 2 (d) requires that a 2254 petition be filed only on the form that is suggested in the rule and available at the Clerk's office. In support of this position the respondent cites as authority four case including <u>United States v. LaBonte</u>, 70 F.3d 1396, 1412-13 (1st Cir. 1995), rev'd on other grounds, 520 U.S. 751 (1997) and <u>McFarland v. Scott</u>, (93-6497), 512 U.S. 849 (1994). Neither case (in fact none of the cases cited) had to do with the Form being required, in fact the case only discussed the requirement that the rule be "substantially" complied with in the petition. In <u>LaBonte</u>, for example the district court denied the motion because factual allegations needed to support the petition were unsworn as required by Rule 2 <u>not because a particular form was not used</u>.

The pertinent part of Rule 2 state:

1

Rule 2 (c) **Form.** The Petition must:

(1) specify all grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten, and
(5) be signed under penalty of perjury by the petitioner or
by a person authorized to sign it for the petitioner under 28 U.S.C.§ 2242.

(d) **Standard Form.** The petition <u>must substantially follow **either** the form appended to these rules or a form prescribed by a local district-court rule</u> ...(emphasis supplied)

On its face the rule does no require that the actual form be used only that the petition meet the five requirements of sub-section (c) and "substantially follow" the form a set out in accordance with sub-section (d).  The petition as filed follows the prescribed form and meets all five requirements of sub-section (c).

In, <u>United States v. LaBonte</u>, 70 F.3d at 1413 this Circuit stated. "A habeas application must rest on a foundation of factual allegations presented under oath <u>either in a verified petition or a supporting affidavit</u>."   It says nothing about using the actual piece of paper (form) provided by the clerk.  Clearly Rule 2 (c) and (d) are rules of procedural substance not form.

## **CONCLUSION**

For the above reasons the respondent's motion must be denied.

2

*/s/ ROGER WITKIN*
ROGER WITKIN
BBO #531780
for the Petitioner
6 Beacon Street, Suite 1010
Boston, MA 02108
(617) 523-0027(tel.)
(617) 523-2024(fax)

DATED: MAY 2, 2005

## CERTIFICATE OF SERVICE

I, ROGER WITKIN, certify that on this 2nd day of May, 2005, I mailed a copy of the Petitioner's Opposition to Respondent's Motion To Submit a Petition On The Form Provided By the District Court, to Daniel I. Smulow, Attorney General's Office, One Ashburton Place, 18th floor, Boston, MA 02108, counsel for the Respondent, John J. O'Brien, Commissioner of Probation, and Office of the Attorney General, 1 Ashburton Place, Boston, MA 02108, by first-class United States mail, postage pre-paid.

*/s/Roger Witkin*
ROGER WITKIN