AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District MASSACHUSETTS | | |
|---|---|---|---|
| Name JOHN FARMA | Prisoner No. N/A | | Case No. 05-10193-RGS |
| Place of Confinement PROBATION DEPARTMENT, SOUTH BOSTON DISTRICT COURT, 535 E. BROADWAY, SOUTH BOSTON, MA 02127 | | | |
| Name of Petitioner (include name under which convicted) JOHN FARMA | V. | Name of Respondent (authorized person having custody of petitioner) JOHN J. O'BRIEN, COMMISSIONER OF PROBATION COMMONWEALTH OF MASSACHUSETTS, AND The ATTORNEY GENERAL OF THE COMMONWEALTH | |
| The Attorney General of the State of: MASSACHUSETTS | | | |

**PETITION**

1. Name and location of court which entered the judgment of conviction under attack   South Boston District Court, 535 E. Broadway, South Boston, MA 02127

2. Date of judgment of conviction   February 4, 2003

3. Length of sentence   The petitioner was sentenced to 18 months in the House of Correction 6 months to be served and the balance of the sentence suspended on probationary terms to February 4, 2005.

4. Nature of offense involved (all counts)   The petitioner was charged with violation of M.G.L. c.265, s.15A(b1) (A&B by menas of a Dangerous Weapon) in South Boston District Court, in case no. 0203CR000417.

5. What was your plea? (Check one)
   (a) Not guilty   X☒
   (b) Guilty   ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  Appeals Court for the Commonwealth of Massachusetts

   (b) Result  Affirmed

   (c) Date of result and citation, if known  2004; 61 Mass. App.Ct. 1113 (2004)

   (d) Grounds raised 1. The Trial Court erred in denying the defendant's motion for new trial on the ground that he was denied effective assistance of counsel due to counsel's failure to investigate, present testimony of self-defense and any evidence of self-defense.
2. The Trial Court erred in not conducting an evidentiary hearing.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court  Massachusetts Supreme Judicial Court

     (2) Result  Further Appellate Review Denied

     (3) Date of result and citation, if known  Unknown

     (4) Grounds raised  _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:  NOT APPLICABLE

     (1) Name of court  _____

     (2) Result  _____

     (3) Date of result and citation, if known  _____

     (4) Grounds raised  Same as in #9(d).

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court  South Boston District Court

     (2) Nature of proceeding  Motion For New Trial pursuant to Mass. R. Crim.P. 30(b).

     (3) Grounds raised  SEE ATTACHED SHEET OF PAPER MARKED "A"

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result ___The Trial Court denied the motion without an evidentiary hearing.___

(6) Date of result ___March 25, 2003___

(b) As to any second petition, application or motion give the same information:   N/A

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☒    No ☐
(2) Second petition, etc.        Yes ☐    No ☐
    N/A

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

___N/A___

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Petitioner was denied the effective assistance of counsel at trial and on appeal guaranteed to him by the Sixth and Fourteenth Amendments and the Appeals Court of the Commonwealth of Massachusetts misapplied the federal law.

Supporting FACTS (state *briefly* without citing cases or law)

SEE ATTACHED SHEET OF PAPER MARKED "A" FOR SUPPORTING FACTS

B. Ground two: SEE ATTACHED SHEET OF PAPER MARKED "B"

Supporting FACTS (state *briefly* without citing cases or law)

AO 241 (Rev. 5/85)
C. Ground three: _____N/A_____

Supporting FACTS (state *briefly* without citing cases or law) _____

D. Ground four: _____N/A_____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
    N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐       No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing  Attorney (FNU) Kelly, Boston, Massachusetts

    (b) At arraignment and plea  same as (a)

(6)

AO 241 (Rev. 5/85)

(c) At trial  same as (a)

(d) At sentencing  same as (a)

(e) On appeal  Roger Witkin, 6 Beacon Street, #1010, Boston, MA 02108

(f) In any post-conviction proceeding  Attorney Roger Witkin, 6 Beacon Street, #1010, Boston, MA 02108

(g) On appeal from any adverse ruling in a post-conviction proceeding  Attorney Roger Witkin, 6 Beacon Street, #1010, Boston, MA 02108

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☐       No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐       No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐       No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

6/14/05
(date)

_____
Signature of Petitioner

(7)

"A"

11. (3) GROUNDS RAISED:

Ineffective Assistance of Trial Counsel: that his trial counsel was ineffective in presenting the defendant's defense of self-defense as to assault and battery by means of a dangerous weapon and failing to give a timely opening statement; in failing to attack effectively the Commonwealth's evidence; in failing to present or obtain certain evidence; in failing to investigate the defendant's defense and in failing to even mention self-defense in his closing argument.

12.  A.  SUPPORTING FACTS:

In this case the complaining witness, Theresa Murphy, testified that on March 13, 2002, she sent out to a bar and had drinks with some co-workers prior to attending a Union meeting.

Murphy testified that she met Farma at the meeting and then drove him home after the meeting. She further testified that sometime thereafter when she had refused his sexual advances he chased her out of the car and beat her and kicked her.

Mr. Farma's trial attorney then briefly cross-examined Ms. Murphy. At no time did defendant's attorney ask any questions concerning Ms. Murphy's mental health, her ability to perceive and remember, her motive for testifying falsely or any questions relating to her being the aggressor. The defendant, Farma, had given information to his attorney as to all these areas, which the attorney never investigated or prepared.

Mr. Farma testified that at the Union meeting there was a bar and he and Ms. Murphy were drinking heavily. He then testified that he didn't remember who drove him home because he was drunk, but remembers falling asleep in a car and then waking up as he was being beaten.

Mr. Farma testified that he got out of the car and was trying to get to his house and was pursued by "a person" who was beating him. He testified that he struck the person and pushed her away. He testified that he was bruised, cut and bleeding.

At no time did trial counsel introduce defendant's medical records to corroborate his testimony, nor even call the individuals from the treatment center to verify Mr. Farma's injuries.

In his closing argument counsel never even mentioned "self-defense".

The trial judge found that, "...although trial counsel did not confirm in some respects ...presenting evidence or otherwise conduct himself...His conduct might be expected from an ordinary fallible lawyer..."

"B"

12. B. GROUND TWO:

The defendant raised a substantial issue in his post-trial motion that required an evidentiary hearing based on the facts asserted in the affidavit accompanying the motion for new trial. Petitioner should have been afforded an evidentiary hearing on his motion for a new trial in that the affidavit submitted to the motion judge contained testimony that would have supported the Petitioner's claim of self-defense.

Notably, in this case, there is absent any indication that the failure to investigate, produce evidence or call the witnesses was prompted by any tactical consideration. Instead, it appears to have been negligence and incompetence.

The motion judge was not the fact finder at the trial and that placed him in a particularly inappropriate position to evaluate Petitioner's claim solely by the affidavit.

In the circumstances herein it was error for the trial judge, who was not the trier of fact at the underlying jury trial and had no evidence at the hearing to contradict Mr. Farma's affidavit, to decide the Motion for New Trial without an evidentiary hearing.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JOHN FARMA,
          Petitioner

v.                                   Civil Action No. 05CV10193 RGS

JOHN J. O'BRIEN, Commonwealth
of Massachusetts, Commissioner
of Probation,
AND,
The ATTORNEY GENERAL of the
Commonwealth of Massachusetts,
          Respondents.

## CERTIFICATE OF SERVICE

I, ROGER WITKIN, certify that on this 15th day of June, 2005, I hand delivered a copy of Motion To Late File Petitioner's Petition Under 28 U.S.C. §2254 For Writ of Habeas Corpus By A Person In State Custody to Mary H. Johnson, Courtroom Clerk for Honorable Richard G. Stearns, United States Courthouse, 1 Courthouse Way, Room 2300, Boston, MA 02210; Daniel I. Smulow, Attorney General's Office, One Ashburton Place, 18th floor, Boston, MA 02108, counsel for the Respondent, John J. O'Brien, Commissioner of Probation, and Office of the Attorney General, 1 Ashburton Place, Boston, MA 02108.

ROGER WITKIN
BBO #531780
for the Petitioner
6 Beacon Street, Suite 1010
Boston, MA 02108
(617) 523-0027(tel.)
(617) 523-2024(fax)