UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
JOHN FARMA,                )
    Petitioner,          )
                           )
v.                         )        CIVIL ACTION
                           )        NO. 05-10193-RGS
JOHN J. O'BRIEN            )
    Respondent.          )
_____)


### RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES

The respondent, John O'Brien, submits this memorandum of law in support of his motion to dismiss the habeas corpus petition filed by John Farma ("petitioner"). As this memorandum explains, the Court should dismiss the suit because the petitioner has failed to exhaust his available state court remedies on each of his claims. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

### BACKGROUND

On March 19, 2002, a complaint issued in the South Boston District Court charging the petitioner with one count of assault and battery with a dangerous weapon (Mass. Gen. Laws ch. 265, § 15A(b). *See* Habe Pet., Exhibit A. The petitioner was subsequently tried before Judge Ronquillo and a jury, which returned a verdict of guilty as charged on February 4, 2003. *Id.* That same day, Judge Ronquillo sentenced the petitioner to eighteen months in the house of correction, six months to serve, and the balance suspended until February 4, 2004, with probation continuing until February 4, 2005. *Id.*; Habe Pet. Exhibit B.

2

The petitioner did not file a notice of appeal of his conviction.[1] He did, however, move for a new trial, on March 25, 2003.[2] The trial judge held a non-evidentiary hearing on the motion on April 28, 2003, and denied it on May 19, 2003.

The petitioner appealed the denial of his new trial motion to the Massachusetts Appeals Court, where he argued that his trial counsel rendered ineffective assistance of counsel, and that the trial court erred by declining to conduct an evidentiary hearing when adjudicating his motion for a new trial. In an unpublished order issued pursuant to its rule 1:28, the Appeals Court affirmed the order denying the motion[3] on June 25, 2004. *See Commonwealth v. Farma*, 61 Mass. App. Ct. 1113, 810 N.E.2d 1288 (2004).

The petitioner next filed an application for leave to obtain further appellate review ("ALOFAR") in the Supreme Judicial Court ("SJC"). In that application, he argued that the Appeals Court misapplied the law by accepting the Commonwealth's argument that he was required to produce an affidavit from his trial counsel prior to being granted an evidentiary hearing on his new trial motion. *See* [Supplemental Appendix ("S.A.") 3-6]. He also argued that the Appeals Court erred by affirming the trial judge's decision not to hold an evidentiary hearing on his new trial motion. [S.A. 6-9.] The SJC denied the petitioner's ALOFAR on September 10,

---

[1] Pursuant to Massachusetts rule, the petitioner had thirty days in which to do so. *See* Mass. R. App. P. 4(b).

[2] In Massachusetts, a defendant may move for a new trial "at any time." Mass. R. Crim. P. 30(b).

[3] In its order, the Court noted that it considered, among other things, the trial transcript and the record appendix. *See Commonwealth v. Farma*, 61 Mass. App. Ct. at 1113, 810 N.E.2d at 1288. Thus, it appears to have reviewed the conviction as well as the denial of the motion for a new trial.

3

2004. *See Commonwealth v. Farma*, 442 Mass. 1107, 815 N.E.2d 1084 (2004). The petitioner waited until February 1, 2005 to seek relief in this Court.

## ARGUMENT

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted); *Adelson v. Dipaolo*, 131 F.3d 259, 261 (1st Cir. 1997). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491 (1973)). It also prevents piecemeal litigation and "promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Duncan v. Walker*, 533 U.S. 167, 179-180 (2001) (internal quotations omitted). In short, "[s]ection 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourages litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions as soon as possible." *Duncan*, 533 U.S. at 181 (emphasis in original). The Supreme Court's interpretation of the doctrine "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose*, 455 U.S. at 520.

In order to exhaust a claim, a petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review),

4

thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) (per curiam)). If the petitioner fails to raise the claim in his application to the state's highest court, he has failed to meet the "fair presentation" standard. *Baldwin*, 541 U.S. at 30-31. This is so even where the state supreme court has an opportunity to read the lower court opinions. *Id.*

    A.    <u>The Petitioner Failed To Exhaust One Of His Claims</u>.

In his application for further appellate review, the petitioner argued that the Appeals Court misapplied the law by accepting the Commonwealth's argument that he was required to produce an affidavit from his trial counsel prior to being granted an evidentiary hearing on his new trial motion. [S.A. 3-6.] He also argued that the Appeals Court erred by affirming the trial judge's decision not to hold an evidentiary hearing on his new trial motion. [S.A. 6-9.] In his habeas corpus petition, the petitioner argues that the trial court was required to hold an evidentiary hearing on his new trial motion, *see* Habe. Pet. ¶ 12(B), but his first argument claims that he received ineffective assistance of counsel, *see* Habe Pet. ¶ 12(A), not that it was error for the Appeals Court to accept the argument that he was required to produce an affidavit from his trial counsel prior to being granted an evidentiary hearing on his new trial motion.

In *Baldwin*, the Supreme Court ruled that a petitioner does not fairly present a federal claim when an appellate judge can discover the claim only by reading lower court opinions in the case. *Baldwin*, 541 U.S. at 31. It follows, therefore, that there is no requirement that a court read the parties' briefs to the lower court. Because the petitioner did not raise an ineffective assistance of counsel claim before the SJC, *see* [S.A. 1-9], he cannot be said to have fairly presented his ineffective assistance of counsel claim to that Court. Under these circumstances,

5

the petitioner has presented a "mixed" petition to this Court, *see, e.g., Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) ("mixed" petition contains both exhausted and unexhausted claims), which ought to be dismissed.

      B.    <u>This Court Should Dismiss the Petition Or, in the Alternative, Order the Petitioner to Amend His Petition to Present Only The Claim Which He Has Exhausted</u>.

In light of the interplay between *Rose* and AEDPA's statute of limitations, many courts, the First Circuit included, have adopted "stay-and-abeyance" procedures. These procedures permit a district court to stay the case while the petitioner returns to state court to exhaust his claims if there is a "'realistic danger that a second petition, filed after exhaustion has occurred, will be untimely.'" *See Nowaczyk v. Warden*, 299 F.3d 69, 79 (1st Cir. 2002) (quoting *Delaney v. Matesanz*, 264 F.3d 7, 13 n.5 (1st Cir. 2001). In *Rhines v. Weber*, however, the Supreme Court determined that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goals of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." 125 S. Ct. 1528, 1534 (2005). Thus, the Court held, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535. In this case, the petitioner has made no showing that there is good cause to stay his petition where he raised the ineffective assistance claim in the Appeals Court, but chose not to raise in his ALOFAR. Consequently, dismissal is appropriate. *Id.*

In the alternative, the Court should order the petitioner to amend the petition to present

6

only the exhausted claim, *i.e.*, the claim raised in ¶ 12(B) of the habeas corpus petition. *See Nowaczyk*, 299 F.3d at 76 ("*Rose* held that a state prisoner who has both exhausted and unexhausted claims can obtain prompt federal review of the exhausted claims if he filed a mixed petition and then amends it to remove the unexhausted claims.").

## CONCLUSION

For the foregoing reasons, this Court should dismiss the habeas corpus petition without prejudice, or, in the alternative, order the petitioner to amend his petition so that it presents only those claims which he has exhausted.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Daniel I. Smulow
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2949

Dated: July 7, 2005


### Notice of Filing with Clerk's Office

Notice is hereby given that the Respondents' Supplemental Appendix has been manually filed with the Court and is available in paper form only.

/s/ Daniel I. Smulow

Dated: July 7, 2005