UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
    PETITIONER

v.                     CIVIL NO. 05-10193-RGS

JOHN J. O'BRIEN, et a
    RESPONDENT

# PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES

In this case the respondent has moved that this Court dismiss the petitioner's petition for *habeas corpus* relief submitted pursuant to 28 U.S.C. 2254 for failure to exhaust State Court remedies.  In support of his motion, respondent argues that the petitioner failed exhaust his State remedies as to claims raised by this 2254 by not raising issues in an <u>Application For Further Appellate Review to the Massachusetts Supreme Judicial Court.</u>

In fact the claims set forth in this 2254 petition were presented to the Massachusetts Appeals Court which affirmed the denial of the petitioner's motion for new trial.  An application for further appellate review to the Supreme Judicial Court which as set out below a discretionary appeal in the nature of collateral review was denied.

Herein, the petitioner submitted a motion for new trial after a conviction in South Boston District Court raising the same issue of ineffective assistance of counsel as was raised before the Appeals Court and the motion was denied. (See Memorandum and Decision of Judge Ronquillo hereto annexed and marked as Exhibit "A").

1

The respondent appealed the issue of ineffective assistance of counsel to the Massachusetts Appeals Court an additional claim that the trial court erred in not allowing an evidentiary hearing on the motion for new trial. (A copy of the respondent's brief is hereto annexed and marked as Exhibit "B").

The Appeals Court affirmed the denial of the Motion. (A copy of the decision of the Appeals Court is hereto annexed and marked as Exhibit "C").

Thereafter the petitioner filed an Application for Further Appellate Review to the Supreme Judicial Court.

Under Massachusetts law it is well established that the only appeal as a matter of right in a criminal case is to the Massachusetts Appeals Court. An application for "further appellate relief" is completely discretionary and such an application is narrow in scope and discretionary collateral relief.

Massachusetts Supreme Judicial Court, Rule 27.1 FURTHER APPELLATE REVIEW states in pertinent part as follows:

(a) Application; When Filed; Grounds. Within twenty days after the date of the rescript of the Appeals Court any party to the appeal may file an application for leave to obtain further appellate review of the case by the full Supreme Judicial Court. Such application shall be founded upon substantial reasons affecting the public interest or the interests of justice. Oral argument in support of an application shall not be permitted except by order of the Court.

Such an application is narrow in scope and only allows the applicant to submit issues that "affect the public interest" or "interest of justice." It is not an appeal as a matter of right. However, the petitioner, contrary to the respondent's "statement of facts" did, in the application, attempt to raise the claim of ineffective assistance of counsel.

In the application respondent argued as follows:

2

ON FURTHER APPELLATE REVIEW FROM THE DECISION
OF THE APPEALS COURT DOCKET NO. 2003-P-0874

In this case Farma argued that his trial counsel was ineffective in presenting the
defendant's defense as to assault and battery by means of a dangerous weapon
and failing to give a timely opening statement; in failing to attack effectively
the Commonwealth's evidence; in failing to present or obtain certain evidence;
and in failing to investigate the defendant's defense . In order to establish his
claim of ineffective assistance, Farma through his affidavit and a number of
witnesses that were not interviewed and/or not called established a prima facie
case that there has been serious incompetency, inefficiency or inattention of
counsel, conduct falling measurably below that which might be expected from
an ordinary fallible lawyer -- and that those shortcomings deprived the
defendant of an otherwise available, substantial ground of defense.
Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

Prejudice was established when Farma thereby established that "there is
a reasonable probability that, but for counsel's errors, the result of the trial
would have been different.
Commonwealth v. Wright, 411 Mass. 678, 681-682 (1992)


Not only is further appellate review pursuant to Rule 27 not a right, if the Supreme

Judicial Court grants such review it is not limited to specified issues but may consider all

issues before it including the issues presented in the record of the appeals court which is

part of the  record.  Rule 27(e) in pertinent part states :

....an order allowing the application or the certificate, as the case may be, shall
be transmitted to the clerk of the Appeals Court; upon receipt, further
appellate review shall be deemed granted. The clerk shall forthwith transmit to
the clerk of the full Supreme Judicial Court all papers theretofore filed in the
case and shall notify the clerk of the lower court that leave to obtain further
appellate review has been granted.

And in,  Commonwealth v. Brookins, 416 Mass. 97; 617 N.E.2d 621 (1993) the

Court held:

The second matter which we shall address briefly is our reason for not
deciding, as the Appeals Court did, that the defendant is entitled to a new
trial because, at the trial, he was deprived of two constitutional rights, the

3

right to effective assistance of counsel and the right to compulsory process. <u>Before doing so we make the observation that our order granting the Commonwealth's application for further appellate review was not limited to specified issues and, therefore, we appropriately may consider all the issues argued before us.</u> Commonwealth v. Stathopoulos, 401 Mass. 453, 459 (1988).

As the United States Supreme Court explained in <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a *habeas* petition. The exhaustion doctrine . . . however, raises a recurring question: What state remedies must a habeas petitioner invoke to satisfy the federal exhaustion requirement? " id., 526 U.S. at 842-43, 119 S. Ct. at 1731.

Similarly, subsection 2254(c), 28 U.S.C. § 2254(c), provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, <u>if he has the right under the law of the State to raise,</u> by any available procedure, the question presented.

Exhaustion obligations mandate that a *habeas* petitioner present, or do his best to present, his federal claim to the state's highest tribunal. <u>See United States ex rel. Kennedy v. Tyler</u>,269 U.S. 13, 17 (1925); <u>Mele</u> v. <u>Fitchburg Dist. Court</u>, 850 F.2d 817, 820 (1st Cir. 1988).    In this even if the decisive pleading is the application for further appellate review, the question then becomes whether the petitioner fairly presented the federal claim to the Supreme Judicial Court in that application. <u>Mele</u>, 850 F.2d at 823.

In this case, the petitioner argued to the Supreme Judicial Court, as he did to the Massachusetts Appeals Court, that the trial counsel was ineffective and to require an affidavit of the ineffective trial counsel was error. The Supreme Judicial Court was fairly and squarely presented with the claim of ineffective assistance of counsel and denied review. The petitioner clearly premised his arguments on federal constitutional grounds.

In Hogan v. McBride, 74 F.3d 144 (7th Cir.), the Court considered whether a federal *habeas* petitioner forfeits a claim that is not included in a discretionary petition for transfer to the state's highest court. (Similar in procedure to applications for further review in Massachusetts) See 74 F.3d at 144.

In Hogan, the petitioner did not include a confrontation claim in his discretionary appeal to Indiana's highest court, and the district court deemed this claim forfeited as a procedural default. See Hogan, 74 F.3d at 145. The Court evaluated whether Indiana law encourages petitioners to be selective in the presentation of their claims to the Indiana Supreme Court, recognizing that "[f]orfeiture under sec. 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." Hogan, 74 F.3d at 146.

After reviewing Indiana's appellate rules, it concluded that Indiana "discourages litigants from raising every possible claim of error, which implies that omission is not to be penalized." Hogan, 74 F.3d at 146. Thus, the Court concluded that "[t]he claim was not forfeited; it was resolved on the merits; and when the last state court to address a question reaches the merits without invoking a rule of forfeiture, the question is open on collateral review under sec. 2254." Id. See also Ylst v. Nunnemaker, 501 U.S. 797 (1991)

In this case, a reading of Supreme Judicial Court Rule 27 makes it clear that it "discourages litigants from raising every possible claim of error." It should also be noted that a denial of leave to appeal by the Supreme Judicial Court, as in this case, carries no connotation of approval or disapproval of the Appeals Court action.

## CONCLUSION

As has been noted many times the doctrine of exhaustion means exhaustion of remedies not of the defendant! In this case the petitioner presented a direct (and only appeal of right) to the Massachusetts Appeals Court. He then, in fact, sought discretionary review in the Supreme Judicial Court raising all the way the issue of ineffective assistance of trial counsel. That is the claim presented in the 2254 *habeas corpus* petition. The petitioner has exhausted all State remedies.

DATED: July 13, 2005

*/s/ Roger Witkin*
ROGER WITKIN
BBO #531780
Attorney for the Petitioner
6 Beacon Street, Suite 1010
Boston, MA 02108
(617) 523-0027(tel.)
(617) 523-2024 (fax)

# EXHIBIT "A"

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

## SOUTH BOSTON DISTRICT COURT
No. 0203CR000417

COMMONWEALTH

V.

JOHN FARMA

## MOTION FOR A NEW TRIAL
(Mass.R.Crim.P 30(b))

The defendant, John Farma, pursuant to Mass. R.Crim. P, Rule 30(b) moves that this court vacate the conviction in this case and order a new trial.

In support of this motion the defendant says:

1.     that prior to and during the course of the trial counsel representing the defendant failed to investigate defense witnesses, subpoena documentary evidence, present medical records and present witnesses which were all necessary and relevant to the issue of self defense;

2.     that said witnesses would have corroborated the defendant's self-defense presentation;

3.     that the medical records and testimony would have proven that defendant had been attacked by the alleged victim;

4.     that the State and Federal Constitutions guarantee a criminal defendants reasonably competent assistance of counsel; and

5.     that counsel's representation was constitutionally deficient and actually prejudiced the outcome of the case.

All as more fully set forth in the accompanying memorandum of law and affidavit of the defendant in support of said motion.

A TRUE COPY,

THIS.....14th.....DAY OF October........2003

ATTEST:...................................................
Clerk-Magistrate/Assistant Clerk

_[Handwritten margin note:]_ The court finds that although trial counsel did not conform in some respects to an ideal model of how counsel should collate and present evidence or otherwise conduct himself, his conduct and trial tactics did not rise to behavior falling measurably below that which might be expected from an ordinary fallible lawyer and therefore, the Motion is Denied. See Com. v. Saferian 366 Mass. 89, 315 NE2d 870 (1974)

_[Handwritten:]_ Denied 3/19/03

# EXHIBIT "B"

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT
NO.2003-P-0874

SUFFOLK, SS

COMMONWEALTH OF MASSACHUSETTS,
                              Appellee,

V.

JOHN FARMA,
              Defendant/Appellant

BRIEF FOR THE DEFENDANT/APPELLANT

ON APPEAL FROM
SOUTH BOSTON DISTRICT COURT

ROGER WITKIN
BBO #531780
Attorney for the
Defendant/appellant
6 Beacon Street
Suite 1010
Boston, MA 02108
(617) 523-0027(tel.)
(617) 523-2024 (fax)

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT
NO.2003-P-0874

SUFFOLK, SS

COMMONWEALTH OF MASSACHUSETTS,
                         Appellee,

v.

JOHN FARMA,
                 Defendant/Appellant

BRIEF FOR THE DEFENDANT/APPELLANT

ON APPEAL FROM
SOUTH BOSTON DISTRICT COURT

ROGER WITKIN
BBO #531780
Attorney for the
Defendant/appellant
6 Beacon Street
Suite 1010
Boston, MA 02108
(617) 523-0027(tel.)
(617) 523-2024 (fax)

## TABLE OF CONTENTS

Page

Table of Authorities...................    ii

Statement of The issues...............    1

Statement of The Case ................    2

Statement of The Facts ...............    2

Argument .............................    5

Conclusion ...........................    20

Addendum TO BRIEF ....................    22

Certificate of Service ...............    23

## TABLE OF AUTHORITIES

### Cases:

Page

Bouchillon v. Collins,
     907 F.2d 589(5th Cir. 1990)............. 9

Cabrera v. State,
     766 So. 2d 1131(Fla. 2d DCA 2000)....... 10

Chambers v. Armontrout,
     907 F.2d 825(8th Cir. 1990)............. 17

Commonwealth v. Barnette,
     45 Mass. App. Ct. 486(1998)............. 10

Commonwealth v. Brown,
     378 Mass. 165 (1979)................... 10

Commonwealth v. Carver,
     33 Mass. App. Ct. 378(1992)............ 14

Commonwealth v. DeVincent,
     421 Mass. 64(1995)..................... 14

Commonwealth v. Epsom,
     422 Mass. 1002(1996)................... 15,18

Commonwealth v. Fuller,
     394 Mass. 251(1985)................... 5

Commonwealth v. Harbin,
     435 Mass. 654(2002)................... 6,7

Commonwealth v. Jenks,
     426 Mass. 582(1998)................... 15

Commonwealth v. Martin,
     427 Mass. 816(1998)................... 6.16

Commonwealth v. Rondeau,
     378 Mass. 408(1979). .................. 6,16

Commonwealth v. Saferian,
     366 Mass. 89(1974).................... 5,13

Commonwealth v. Street,
     388 Mass. 281(1983).................... 6,16

Commonwealth v. Wright,
     411 Mass. 678(1992).................... 6,8

Davis v. Alabama,
     596 F.2d 1214(5th Cir. 1979)........... 17

Mempa v. Rhav,
     389 U.S. 18 (1967).................... 7

Pickens v. Lockhart,
     741 F.2d 1455(8th Cir. 1983)........... 18

Profitt v. Waldron,
     831 F.2d 1245 (5th Cir. 1987).......... 9

Stephens v. State,
     748 So. 2d 1028(Fla. 1999)............. 10

Strickland v. Washington,
     466 U.S. 668 104 S.Ct. 2052 (1984)...... 7,8,9,17

Wolfs v. Britton,
     509 F.2d 304 (8th Cir. 1975)........... 18

**CONSTITUTION, STATUTES, RULES:**

United States Constitution, Amendment 6...... 7

Constitution of the Commonwealth of
Massachusetts, Art. 12,
Declaration of Rights ...................... 7

Mass. R. Cr. P., 30(b)...................... 2

## STATEMENT OF THE ISSUES.

1.   THE TRIAL COURT ERRED IN DENYING THE
     DEFENDANT'S MOTION FOR NEW TRIAL
     ON THE GROUND THAT HE WAS DENIED
     EFFECTIVE ASSISTANCE OF COUNSEL DUE
     TO COUNSEL'S FAILURE TO INVESTIGATE,
     PRESENT TESTIMONY OF SELF-DEFENSE AND
     ANY EVIDENCE OF SELF-DEFENSE


2.   THE TRIAL COURT ERRED IN NOT
     CONDUCTING AN EVIDENTIARY HEARING

1

## STATEMENT OF THE CASE

On February 4,2003, a jury found the defendant/appellant John Farma guilty on a Complaint of Assault and Battery with a Dangerous Weapon (M.G.L. c.265 s.15A(h). The defendant/appellant was sentenced to eighteen months in the House of Correction, six months to serve, balance suspended and probation to February 4, 2004.

On March 25,2003, the defendant/appellant filed a motion for a new trial, pursuant to Mass. R. Crim. P. 30 (b). The trial Court denied the motion without an evidentiary hearing.

## STATEMENT OF FACTS

### 1.   TRIAL:

In this case the complaining witness, Theresa Murphy, testified that on March 13, 2002, she went out to a bar and had drinks with some co-workers prior to attending a Union meeting (Tr. Vol. I, Pp. 67-69).

Murphy testified that she met Farma at the meeting and then drove him home after the meeting. (Tr. Vol. I

2

pp. 70-71)    She further testified that sometime thereafter when she had refused his sexual advances he chased her out of the car and beat her and kicked her, (Tr. Vol. I pp. 75-84)

Mr. Farma's trial attorney then briefly cross-examined Ms. Murphy (Tr. Vol. I pp.89-96) At no time did defendant's attorney ask any questions concerning Ms. Murphy's mental health, her ability to perceive and remember, her motive for testifying falsely or any questions relating to her being the aggressor.  The defendant, Farma, had given information to his attorney as to all these areas, which the attorney never investigated or prepared according to Mr. Farma's affidavit. (appendix, pp. 9)

Mr. Farma testified that at the Union meeting there was a bar and he an Ms. Murphy were drinking heavily. (Tr. Vol. II pp.41-46).  He then testified that he didn't remember who drove him home because he was drunk, but remembers falling asleep in a car and then waking up as he was being beaten. (Tr. Vol. II pp. 47-48)

Mr, Farma testified that he got out of the car and was trying to get to his house and was pursued by "a person" who was beating him.  He testified that he

3

struck the person and pushed her away.  He testified
that he was bruised, cut and bleeding. (Tr. Vol. II pp.
48-49)

At no time did trial counsel introduce defendant's
medical records to corroborate his testimony, nor even
call the individuals from the treatment center to
verify Mr. Farma's injuries.

## 2.    MOTION FOR NEW TRIAL:

The only affidavit filed in the motion for new
trial proceedings was the defendant/appellant's, Mr.
Farma's.  (App. pg. 9)

Mr. Farma's trial counsel did not file a
responsive affidavit and the court did not conduct an
evidentiary hearing.

4

## ARGUMENT

Under article 12 of the Declaration of Rights of the Massachusetts Constitution and the Sixth Amendment to the United States Constitution, a defendant possesses the right to be represented by effective counsel. See <u>Commonwealth v. Fuller</u>, 394 Mass. 251, 255-256 (1985).

In this case the defendant/appellant argues that his trial counsel was ineffective in presenting the defendant's defense as to assault and battery by means of a dangerous weapon and failing to give a timely opening statement; in failing to attack effectively the Commonwealth's evidence; in failing to present or obtain certain evidence; and in failing to investigate the defendant's defense .

In order to establish his claim of ineffective assistance, the defendant must show that there has been serious incompetency, inefficiency or inattention of counsel -- behavior falling measurably below that which might be expected from an ordinary fallible lawyer -- and that those shortcomings deprived the defendant of an otherwise available, substantial ground of defense. <u>Commonwealth v. Saferian</u>, 366 Mass. 89, 96 (1974). The

5

defendant has done so in this case and the trial court erred in denying his motion for new trial (Addendum).

"In evaluating a claim of ineffective assistance of counsel . . ., we begin by determining whether there was a serious failure by trial counsel. If so, then we determine whether the failure resulted in a substantial likelihood of a miscarriage of justice." Commonwealth v. Harbin, 435 Mass. 654, 656 (2002). Commonwealth v. Wright, 411 Mass. 678, 681-682 (1992).

In determining whether there has been a serious failure, trial counsel's tactical decisions are given due deference, and the courts, "do not 'second guess competent lawyers working hard for defendants who turn on them when the jury happen to find their clients guilty.'" Commonwealth v. Street, 388 Mass. 281, 285 (1983), quoting Commonwealth v. Rondeau, 378 Mass. 408, 413 (1979).

Unless a tactical decision of trial counsel was "manifestly unreasonable when made," the appellate courts have not found ineffectiveness. Commonwealth v. Martin, 427 Mass. 816, 822 (1998). However, once it is determined that tactical decisions made by a defendant's trial attorney were manifestly

6

unreasonable, then the court determines whether a substantial likelihood of a miscarriage of justice resulted.

The Sixth Amendment of the United States Constitution and art. 12 of the Declaration of Rights of the Massachusetts Constitution guarantee the right to effective assistance of counsel in criminal proceedings. See <u>Strickland v. Washington</u>, 466 U.S. 668, 684-686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); <u>Commonwealth v. Harbin</u>, 435 Mass. 654, 656 (2002)

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." This right continues through the sentencing phase of the defendant. <u>Mempa v. Rhay</u>, 389 U.S. 18 (1967). Thus, a defendant is guaranteed the right to have effective assistance of counsel at all stages of the proceedings. Counsel is ineffective when his or her performance falls below an objective standard of reasonableness and the defendant thereby suffers prejudice. <u>Strickland</u>, 466 U.S. at 687-88. Prejudice is established when 'there is a reasonable probability that, but for counsel's errors, the result of the trial would have

7

been different'. <u>Commonwealth v. Wright,</u> 411 Mass. 678,
681-682 (1992). The inquiry in determining whether
counsel's performance was constitutionally deficient is
whether counsel's assistance was reasonable considering
all of the circumstances. <u>Strickland,</u> 466 U.S. at 687-
88.

Therefore, the standard for ineffective assistance
of counsel under the sixth and fourteenth amendments is
straightforward: "whether counsel's conduct so
undermined the proper functioning of the adversarial
process that the trial cannot be relied on as having
produced a just result." <u>Strickland v. Washington</u>, 466
U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
To prevail, a defendant has to show both deficient
performance and prejudice.  In this case, there
persists both deficient performance and prejudice, as
follow:

1) the defense attorney's performance was
deficient in that it fell below "an objective standard
of reasonableness" under prevailing professional norms;
and,

2) the deficiency prejudiced the defense in that
there is a "reasonable probability that, but for

8

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068.

The reasonable probability burden of proof is "a lower burden of proof than the preponderance standard." Bouchillon v. Collins, 907 F.2d 589, 595 (5th Cir. 1990).

The focus is on whether the defendant received the process due him, "not to grade counsel's performance." Id. at 2069.

When the deficiency is a failure to investigate, Strickland informs us that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 2066. "The prejudice prong of the two-part Strickland test continues to be the primary hurdle to be cleared in sixth amendment assistance-of-counsel cases. This obstacle, however, is not insurmountable." Profitt v. Waldron, 831 F.2d 1245, 1251 (5th Cir. 1987). The following cases indicate increasing ability to hurdle the obstacles.

A good example, pertinent to the present case, occurred in a Florida case where defense Counsel defended on a self-defense theory and then failed to

9

introduce evidence in support of the defense.  Then
compounded his deficiency by never even mentioning the
term "self-defense" and failing to request a self-
defense instruction.  The Fla. Court held,  "[D]efense
counsel, by his substandard performance, deprived
defendant of his sole defense and the opportunity to
corroborate the defense. . . ." Cabrera v. State, 766
So. 2d 1131, 1134 (Fla. 2d DCA 2000) (quoting Stephens
v. State, 748 So. 2d 1028, 1035 (Fla. 1999)).
"Counsel's failure to present any evidence to support
the self-defense theory promised in his opening
statement was even emphasized by the State in its
closing argument. Accordingly, we reverse the denial of
Mr. Dames' motion, vacate the conviction, and remand
for a new trial."

In reviewing the defendant's claim of ineffective
assistance of counsel where, as here, the motion judge
was the trial judge and had the opportunity to assess
the credibility of witnesses and the evidence
presented, in most instances the court will defer to
the trial judges because they are afforded considerable
leeway in making those decisions. See Commonwealth v.
Brown, 378 Mass. 165, 170-172 (1979); Commonwealth v.
Barnette, 45 Mass. App. Ct. 486, 493 (1998).  However,

10

where a trial judge, was not the fact finder, when deciding a post-conviction motion for new trial on the basis of ineffective assistance of counsel predicated on counsel's failure to investigate or present a defense, he may not evaluate the credibility of the testimony related to that defense without conducting an evidentiary hearing, as in this case and raises a serious constitutional question

Among other facts Mr. Farma's affidavit (App., pg. 9) states that:

1.  On March 26, 2002 he went with Attorney Kelley (trial counsel) to District 6, South Boston where he was placed in custody and taken that day, 26th, to the South Boston Court, where Judge Orfanello released him on personal recognizance.

2.  That he indicates that a witness to his bloody face is his sister and one Daniel Fowkes. He indicates that a witness to the entire events is one Carl Regan.

3.  That at trial Regan's testimony was used against him in final argument by the

11

prosecutor. Regan testified that he sneaked
out to have a cigarette because his wife
doesn't let him smoke at all, not only in the
house but anywhere. The prosecutor argued on
final examination that he is a liar and a
sneak to his own wife, what do you expect him
to be here?

4.   That he was injured by the alleged victim and
he was on medication on the date of the
events. He asked the trial attorney about
getting this in. He wanted the testimony to
reflect the fact that he was on medication as
well as alcohol.

5.   That the victim's testimony was that he
chased and punched her. That there is no way
he could have done either of these due to the
medication he was taking

6.   That he requested trial counsel to call his
doctor in to testify and that trial counsel
never even contacted the doctor.

7.   That trial counsel conferred with him on his
first visit for about one hour and half took
absolutely no notes of anything Mr. Farma had

12

to say during that 1 ½ hours.

8.  That he went there with Dan Fowlks, a witness. That trial counsel did not even interview Fowkes.

9.  That he only conferred with trial counsel two other times before trial

10. That trial counsel never went over Mr. Farma's testimony before he testified.

11. That he gave trial counsel much information about the alleged victim's mental problems. That trial counsel never investigated any of the information.

12. That trial counsel spoke to the witness Regan for only 5 minutes before trial; never spoke to Mr. ama's sister or Fowkes, potential witnesses and never consulted with him about the case.

The judge here did not make any specific findings about trial counsel's performance under the test set forth in Saferian (Addendum) Therefore this court can not now on appeal, reasonably infer that the trial judge made any determination that the defendant agreed

13

not to call certain witnesses or that such a strategy would not have affected the outcome of the case. See Commonwealth v. DeVincent, 421 Mass. 64, 68 (1995).

What the trial judge found was, " . . .although trial counsel did not confirm in some respects . . .presenting evidence or otherwise conduct himself . . . His conduct might be expected from an ordinary fallible lawyer . . ." (Addendum) This is not the rule.

Whether the defendant raises a substantial issue in his post-trial submissions that requires an evidentiary hearing primarily depends upon how the facts asserted in the affidavits or other submissions compare with the facts presented at the trial. For example, in Commonwealth v. Carver, 33 Mass. App. Ct. 378 (1992), this Court affirmed the denial of a motion for new trial based upon newly discovered evidence without a hearing where the defendant, convicted of arson, provided an affidavit of counsel detailing a third party's confession to setting the fire. The motion judge, who was also the trial judge, denied the motion because "the alleged confession did not square with the expert testimony [at trial] regarding the fire's point of origin and its cause." Id. at 381.

In Commonwealth v. Epsom, 422 Mass. 1002 (1996), the court indicated that the defendant should have been afforded an evidentiary hearing on his motion for a new trial. In that case, the Supreme Judicial Court remanded for an evidentiary hearing, as in this case, the affidavit submitted to the motion judge contained testimony that would have supported the defendant's claim of self-defense and would have resulted in a jury instruction thereon. (App., pg. 9)

Notably absent herein is any indication that the failure to call the witness was prompted by any tactical consideration; instead, it appears to have been an oversight and failure to have investigated by trial counsel.

The record here reveals that the decision not to call witnesses was not a considered one that was made by trial counsel in consultation with the defendant. See Commonwealth v. Jenks, 426 Mass. 582, 587 (1998)

Generally, in determining whether there has been a serious failure, trial counsel's tactical decisions are given due deference, and the courts, "do not 'second guess competent lawyers working hard for defendants who turn on them when the jury happen to find their clients

15

guilty.'" <u>Commonwealth v. Street</u>, 388 Mass. 281, 285
(1983), quoting <u>Commonwealth v. Rondeau</u>, 378 Mass. 408,
413 (1979). However, where a tactical decision of
trial counsel was <u>"manifestly unreasonable when made,"</u>
the appellate courts have found ineffectiveness. *See*
<u>Commonwealth v. Martin</u>, 427 Mass. 816, 822 (1998).

Once it is determined that tactical decisions made
by a defendant's trial attorney were manifestly
unreasonable, then the court determines whether a
substantial likelihood of a miscarriage of justice
resulted.

This is a case wherein the issue relates to what
trial counsel <u>did not do both pre-trial and during the</u>
<u>trial</u>.

Since there was no evidentiary hearing on the
motion the appellant implores this Court to examine the
entire trial transcript to observe the absolute
deficiency of trial counsel.

In this case, as pointed out by counsel at the oral
argument on the Motion for New Trial, trial counsel
failed to perform effectively by acting in a manner not
even consistent with a law student's performance.

The Sixth Amendment envisions that every defendant will be assisted by an attorney "who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984). It is axiomatic that "[a]n attorney does not provide effective assistance if he fails to investigate sources of evidence which may be helpful to the defense." Davis v. Alabama, 596 F.2d 1214, 1217 (5th Cir. 1979), vacated as moot, 446 U.S. 903 (1980). See also, Chambers v. Armontrout, 907 F.2d 825 (8th Cir. 1990) (en banc). Any reasonably competent attorney, confronted with the facts of this case, would have obtained Mr. Farma's and the alleged victim's records from the treatment centers because the failure to do so would completely deprive his clent of a fair adversarial trial on the central issue in the case.

The source of trial counsel's obligation in this case is twofold. First, an attorney in a capital case is obligated to conduct a reasonable investigation into his client's and the victim's background, character and mental health. Second, there were many specific facts in this case pointing counsel to the evidence of self defense through other witnesses and crucial records of appellant located the treatment centers.

17

See <u>Pickens v. Lockhart</u>, 741 F.2d 1455, 1466 (8th Cir. 1983). Also see <u>Wolfs v. Britton</u>, 509 F.2d 304, 309 (8th Cir. 1975), finding counsel ineffective for failing to develop background information in presenting a defense.

In this case the trial transcript clearly reflects a case wherein trial counsel took his client's money and then proceeded to do nothing as to investigation, preparation and presentation. This is an all too familiar case of a lawyer trying a case and, "flying by the seat of his pants."

## ARGUMENT
## II

### THE TRIAL COURT ERRED IN NOT CONDUCTING AN EVIDENTIARY HEARING

Whether the defendant raises a substantial issue in his post-trial s that requires an evidentiary hearing primarily depends upon how the facts asserted in the affidavits or other submissions compare with the facts presented at the trial. <u>Commonwealth v. Epsom</u>, 422 Mass. 1002 (1996), is authority for the proposition

18

that the defendant/appellant should have been afforded
an evidentiary hearing on his motion for a new trial.
In that case, the Supreme Judicial Court remanded for
an evidentiary hearing.  As in this case, as in Epsom,
the affidavit submitted to the motion judge, contained
testimony that would have supported the defendant's
claim of self-defense.

Notably, in this case, there is absent is any
indication that the failure to investigate, produce
evidence or call the witnesses was prompted by any
tactical consideration. Instead, it appears to have
been negligence and incompetence.

The motion judge was not the fact finder at the
trial placed him in a particularly inappropriate
position to evaluate Farma's affidavit.

There is an additional reason in the record that
does not support the judge's decision. The absence of
an affidavit of defendant's trial counsel.

In the circumstances herein it was error for the
trial judge, who was not the trier of fact at the
underlying jury trial and had no evidence at the
hearing to contradict Mr. Farma's affidavit, to decide

19

the Motion for New Trial without an evidentiary
hearing.

## CONCLUSION

In this case Mr. Farma was deprived of effective
assistance of counsel under the Sixth Amendment and
Article 12 of the Declaration of Rights, as a result of
serious incompetency, inefficiency and inattention of
counsel.  Trial counsel's conduct fell measurably below
that which might be expected from an ordinary fallible
lawyer.

The conduct of trial counsel deprived Mr. Farma of
available, substantial ground of defense.  The record
on appeal demonstrates that better work might have
accomplished something material for the defense. The
failure of counsel to investigate the only realistic
defenses the defendant had to the charge against him,
where the facts known to or with minimal diligence were
accessible to counse support that defense, falls below
the level of competency expected of the ordinary lawyer
and constitutes ineffective assistance of counsel.

Respectfully submitted


_____

ROGER WITKIN
BBO #531780
Attorney for the
Defendant/appellant
6 Beacon Street,
Suite 1010
Boston, MA 02108
(617) 523-0027 (tel.)
(617) 523-2024 (fax)

21

## ADDENDUM TO BRIEF

05/21/2003 15:04 FAX 617 268 7321
05/19/03  15:10 FAX 9785521122                CRIMINAL DIVISION
                                               PEABODY DISTRICT COURT          ☐001
04/02/03  02:57 FAX                            S.BOSTON DST.COURT              ☐002
                                                                              ☐003

The court finds that although trial counsel did not conform in some respects to some of how counsel should initiate and protect evidence or otherwise conduct his self, his conduct and trial tactical did not rise to behavior falling measurably below that which might be expected from an ordinary fallible lawyer and therefore, the motion in Denial. See Com v. Saferion 366 mass. 89, 94 (picaseau (1994)

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                    **SOUTH BOSTON DISTRICT COURT**
                                No. 0203CR009417

COMMONWEALTH

V.

JOHN FARMA

### MOTION FOR A NEW TRIAL
#### (Mass.R.Crim.P 30(b))

The defendant, John Farma, pursuant to Mass. R.Crim. P, Rule. 30(b) moves that this court vacate the conviction in this case and order a new trial.

In support of this motion the defendant says:

1.     that prior to and during the course of the trial counsel representing the defendant failed to investigate defense witnesses, subpoena documentary evidence, present medical records and present witnesses which were all necessary and relevant to the issue of self defense;

2.     that said witnesses would have corroborated the defendant's self-defense presentation;

3.     that the medical records and testimony would have proven that defendant had been attacked by the alleged victim;

4.     that the State and Federal Constitutions guarantee a criminal defendants reasonably competent assistance of counsel; and

5.     that counsel's representation was constitutionally deficient and actually prejudiced the outcome of the case.

All as more fully set forth in the accompanying memorandum of law and affidavit of the defendant in support of said motion.

Denied
3/12/03

22A

## CERTIFICATE OF SERVICE

I, ROGER WITKIN, HEREBY CERTIFY that two (2) true and correct copies of the foregoing Appellant's Brief and Appendix were furnished by delivery to the Office of the Appellate Division of the Suffolk County District Attorney, 1 Bullfinch Place, Boston, MA 02114-2997, by U.S. Mail, first-class postage prepaid, on September 5, 2003.

ROGER WITKIN

# EXHIBIT "C"

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT
CLERK'S OFFICE

3 CENTER PLAZA, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02108
(617) 725-8106

June 25, 2004

Roger Witkin, Esquire
Six Beacon Street
Suite 1010
Boston, MA 02108

RE:    No. 2003-P-0874

COMMONWEALTH
vs.
JOHN FARMA

NOTICE OF DOCKET ENTRY

Please take note that on June 25, 2004, the following entry was made on the docket of the above-referenced case:

Decision: Rule 1:28 (LK CW DO). Order denying motion for new trial affirmed. Notice. (See image on file.)

Very truly yours,

The Clerk's Office

Dated: June 25, 2004

To: John P. Zanini, A.D.A.
    Roger Witkin, Esquire

# Commonwealth of Massachusetts

## Appeals Court for the Commonwealth

### At Boston,

In the case no. 03-P-874

COMMONWEALTH

*vs.*

JOHN FARMA.

Pending in the Dorchester District

Court for the County of Suffolk

   Ordered, that the following entry be made in the docket:

         Oder denying motion for
         new trial affirmed.

By the Court,

_____ ,Clerk

Date June 25, 2004.

NOTE:

The original of the within rescript
will issue in due course, pursuant
to M.R.A.P.23

    APPEALS COURT

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-874

COMMONWEALTH

vs.

JOHN FARMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

After trial by jury, the defendant John Farma was convicted

of assault and battery by means of a dangerous weapon (G. L. c.

265, § 15A[b]).  The defendant's subsequent motion for new trial

was denied without an evidentiary hearing by the same judge who

had presided at the trial.  On appeal, the defendant claims error

in two respects:  (a) denial of the new trial motion was error

because the defendant's trial counsel had provided ineffective

assistance insofar as he failed to investigate and present

testimony or other evidence of self-defense; (b) it was error not

to have conducted an evidentiary hearing in connection with the

motion for new trial.

We have heard counsel's arguments, studied their briefs,

reviewed, inter alia the record appendix, the trial transcript,

and the transcript of the nonevidentiary hearing on the new trial

motion and are satisfied that the defendant's appellate claims

must fail.  We discern no error either in the denial of the

defendant's motion for new trial or in the judge's decision to

rule on the motion without first conducting an evidentiary
hearing.  The Commonwealth's brief at pages eight through
twenty-five is persuasive on both points.

<u>Order denying motion for new
trial affirmed</u>.

By the Court (Lenk, Doerfer
& Cowin, JJ.),

First Asst. Clerk

Entered: June 25, 2004.

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
        PETITIONER

v.

JOHN J. O'BRIEN, et a
        RESPONDENT

CIVIL No. 05-10193-RGS

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the within document was electronically filed and a courtesy copy mailed to the Clerk of Court.

*/s/ Roger Witkin*
Roger Witkin
6 Beacon Street, Suite 1010
Boston, MA 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

DATE: July 13, 2005