## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOHN FARMA,                    )
    Petitioner,            )
                    )
v.                             )          CIVIL ACTION
                    )          NO. 05-10193-RGS
JOHN J. O'BRIEN                )
    Respondent.            )
_____)

### RESPONDENT'S SUPPLEMENTAL APPENDIX TO MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS HABEAS CORPUS PETITION

      The respondent, John O'Brien, hereby files the application for further appellate review

that the petitioner filed in the Supreme Judicial Court as his supplemental appendix to his motion

to dismiss for failure to exhaust state remedies.

                        Respectfully submitted,

                        THOMAS F. REILLY
                        ATTORNEY GENERAL

                        Daniel I. Smulow, BBO # 641668
                        Assistant Attorney General
                        Criminal Bureau
                        One Ashburton Place
                        Boston, MA 02108
                        (617) 727-2200, ext. 2949

Dated: July 7, 2005

### Certificate of Service

      I hereby certify that a true copy of the above document was served on counsel for the
petitioner, Roger Witkin, Esq., 6 Beacon Street, Suite 1010, Boston, MA 02108, by first class
mail, postage prepaid, on July 7, 2005.

                        Daniel I. Smulow

-1-

COMMONWEALTH OF MASSACHUSETTS

SUPREME JUDICIAL COURT

NO. SJC

SUFFOLK, SS

---

COMMONWEALTH OF MASSACHUSETTS,
                                    Appellee,
            v.

JOHN FARMA,
                    Defendant/Appellant

---

DEFENDANT/APPELLANT'S APPLICATION
FOR FURTHER APPELLATE REVIEW

---

ON FURTHER APPELLATE REVIEW FROM THE DECISION
OF THE APPEALS COURT DOCKET NO. 2003-P-0874

---

ROGER WITKIN
BBO #531780
Attorney for the
Defendant/appellant
6 Beacon Street
Suite 1010
Boston, MA 02108
(617) 523-0027(tel.)
(617) 523-2024 (fax)

-2-

## DEFENDANT/APPELLANT'S REQUEST FOR
## LEAVE TO OBTAIN FURTHER APPELLATE REVIEW

The defendant/appellant, John Farma, requests
further appellate review from the decision in the above
entitled case of the Appeals Court docket no. 2003-p-
0874 by the full Supreme Judicial Court. This
application is founded upon substantial reasons
affecting the public interest or the interests of
justice as set out below.

### STATEMENT OF PRIOR PROCEEDINGS IN THE CASE

At a trial by jury in the South Boston District
Court, John Farma was convicted of assault and battery
by means of a dangerous weapon (G.L. c. 265 s. 15A[b1])

Farma's subsequent Motion for New Trial was denied
without an evidentiary hearing by the trial judge. On
appeal to the Appeals Court the denial of the Motion
for New Trial was denied by a Memorandum and Order
Pursuant to Rule 1:28 a copy of which is hereby annexed
and marked #1.

No rehearing in the Appeals Court has been
requested by either party.

### STATEMENT OF FACTS RELEVANT TO THE APPEAL

The facts are correctly stated in the opinion, of
the Appeal Court hereto annexed.

-3-

## STATEMENT OF THE POINTS WITH RESPECT TO WHICH FURTHER APPELLATE REVIEW IS SOUGHT

1. The memorandum and order affirming the trial court's denial of the Motion For New Trial based on the Commonwealth's argument that the defendant had not sustained his burden of proof as to the requirement that the defendant has the burden of producing an affidavit of trial counsel as to how he was "ineffective" is founded on a misapplication and misstatement of the law.

2. Where the defendant had sustained his initial burden of proof by the affidavits filed, the trial court was required to conduct an evidentiary hearing relating to the ineffective assistance of trial counsel not apparent on the record.

## STATEMENT INCLUDING APPROPRIATE AUTHORITIES, AS TO WHY FURTHER APPELLATE REVIEW IS APPROPRIATE

### Point 1.

In its brief at pg. 10-12, (hereto annexed as #2) the Commonwealth argued (and the Appeals Court accepted) that Farma had the burden of producing an affidavit of trial counsel as to how he had been ineffective. At the outset as a matter of logic and common sense such a requirement would be, in most cases, impossible to meet. Such a requirement requires that a defendant obtain from an attorney a statement under oath that he had breached his legal and ethical obligation to the defendant. While such a statement may be had when the attorney is called to testify,

-4-

under oath, the likelihood of an attorney voluntarily acknowledging he was ineffective is remote.

In any event, the Commonwealth's brief misled the Appeal Court as to the law requiring such an affidavit.

The Commonwealth argued that <u>Commonwealth v.</u> <u>Duran</u>, 435 Mass. 87, 102(2001) requires such an affidavit be filed by the defendant. The commonwealth at page 11, then goes on to cite a number of cases in support of this requirement of law.

In fact what the Commonwealth did in its brief was copy word for word Footnote # [2] in the case of <u>Commonwealth v Lynch</u>, 439 Mass 532 (2003) which states:

> [2] It is significant that no affidavit from
> trial counsel was submitted in connection
> with Lynch's motion for a new trial.
> Commonwealth v. Serino, 436 Mass. 408,
> 415-416 (2002) (affirming denial of motion
> for new trial based on claim of ineffective
> assistance of counsel where motion was not
> supported by affidavit of trial counsel);
> Commonwealth v. Vasquez, 55 Mass. App. Ct.
> 523, 533-534 (2002) (affirming denial of
> motion for new trial, and noting conspicuous
> absence of affidavit from trial counsel in
> support of motion); Commonwealth v. Savage,
> 51 Mass. App. Ct. 500, 505 n.6 2001) (same).

Nothing in any of these case places the burden of proof on the defendant to produce an affidavit of ineffectiveness from trial counsel. But rather relate

-5-

to the "absence" of an affidavit counsel in the
discussion of facts.  The affidavits of counsel that
are referred to in the above cases are not admissions
of ineffectiveness but rather relate to explanations by
trial counsel as to specific conduct.  For example in,
Commonwealth v. Serino, 436 Mass. 408 (2002) cited by
the Commonwealth, the affidavit of counsel related to
defendant's competency at time of trial as follows:

> Appellate counsel neither requested another
> competency  hearing, nor supported his motion
> for a new trial with affidavits from trial
> counsel or any postconviction psychiatric
> evaluations that would have enabled the
> motion judge to find that a serious question
> as to the defendant's competency at the time
> of trial existed. Id , 415-416

In this case Farma argued that his trial counsel
was ineffective in presenting the defendant's defense
as to assault and battery by means of a dangerous
weapon and failing to give a timely opening statement;
in failing to attack effectively the Commonwealth's
evidence; in failing to present or obtain certain
evidence; and in failing to investigate the defendant's
defense .

In order to establish his claim of ineffective
assistance, Farma through his affidavit and a number of
witnesses that were not interviewed and/or not called

-6-

established a prima facie case that there has been
serious incompetency, inefficiency or inattention of
counsel, conduct falling measurably below that which
might be expected from an ordinary fallible lawyer --
and that those shortcomings deprived the defendant of
an otherwise available, substantial ground of defense.
Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

Prejudice was established when Farma thereby
established that "there is a reasonable probability
that, but for counsel's errors, the result of the trial
would have been different." Commonwealth v. Wright, 411
Mass. 678, 681-682 (1992)

## Point 2.

### THE ABSENCE OF AN AFFIDAVIT OF TRIAL COUNSEL

Once Farma had made a prima facie showing of
ineffectiveness through the affidavits filed it was
incumbent of the Commonwealth to file an affidavit of
trial counsel or request an evidentiary hearing at which
trial counsel could be questioned under oath.

Whether the defendant raises a substantial issue in
his post-trial motion for new trial that requires an
evidentiary hearing primarily depends upon how the facts
asserted in the affidavits or other submissions compare

S.A. 6

-7-

with the facts presented at the trial. Commonwealth v. Epsom, 422 Mass. 1002 (1996), is authority for the proposition that Farma should have been afforded an evidentiary hearing on his motion for a new trial. In that case, the Supreme Judicial Court remanded for an evidentiary hearing.

In this case, as in Epsom, the affidavits submitted to the motion judge, contained testimony that would have supported the defendant's claim of self-defense.

Notably, in this case, there is absent is any indication that the failure to investigate, produce evidence or call the witnesses was prompted by any tactical consideration. Instead, it appears to have been negligence and incompetence. In fact, The court found that trial counsel's counsel did not "conform in some respects ..." to how counsel should "...collate and present evidence . . ." and made no finding as to the prejudicial effect that such conduct had on the defendant's case.

The motion judge was not the fact finder at the trial placed him in a particularly inappropriate position to evaluate Farma's affidavit.

S.A. 7

-8-

In the circumstances herein it was error for the
trial judge, who was not the trier of fact at the
underlying jury trial and had no evidence at a hearing
to contradict Mr. Farma's affidavits, to decide the
Motion for New Trial without an evidentiary hearing.

Rule 30(c)(3) of the Massachusetts Rules of
Criminal Procedure,, specifies that a motion for a new
trial may be decided "on the basis of the facts alleged
in the affidavits without further hearing if no
substantial issue is raised by the motion or
affidavits." Because the affidavits did raise a
"substantial issue," it was an abuse of discretion for
the motion judge to have denied the motion without an
evidentiary hearing. "[I]n a case like this, in the
absence of a hearing followed by findings of fact, or of
a stipulation of facts, it is not possible for an
appellate court to know 'whether there has been serious
incompetency, inefficiency, or inattention of counsel --
behavior of counsel falling measurably below that which
might be expected from an ordinary fallible lawyer [and]
whether it has likely deprived the defendant of an
otherwise available, substantial ground of defense.'
Commonwealth v. Saferian, 366 Mass. 89, 96 (1974)."

S.A. 8

-9-

<u>Commonwealth v. Brookins</u>, 416 Mass. 97, 104 (1993).

## CONCLUSION

The issues of whether or not a defendant seeking a
new trial on grounds of ineffective assistance of
counsel must file an affidavit by trial counsel stating,
under oath, that he was ineffective, and when an
evidentiary hearing is required are issues affecting the
public interest and the interests of justice.

Respectfully submitted,
for defendant/appellant,

ROGER WITKIN
BBO #531780
6 Beacon Street, #1010
Boston, MA 02108
(617) 523-0027

-9-

Commonwealth v. Brookins, 416 Mass. 97, 104 (1993).

## CONCLUSION

The issues of whether or not a defendant seeking a
new trial on grounds of ineffective assistance of
counsel must file an affidavit by trial counsel stating,
under oath, that he was ineffective, and when an
evidentiary hearing is required are issues affecting the
public interest and the interests of justice.

Respectfully submitted,
for defendant/appellant,

ROGER WITKIN
BBO #531780
6 Beacon Street, #1010
Boston, MA 02108
(617) 523-0027

S.A. 9