UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
    Petitioner,

    v.                                  CIVIL ACTION NO.
                                         05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
    Respondent.


**REPORT AND RECOMMENDATION RE:**
**MOTION TO DISMISS HABEAS CORPUS PETITION FOR FAILURE TO EXHAUST**
**STATE COURT REMEDIES**
**(DOCKET ENTRY # 9)**

**December 8, 2005**

**BOWLER, U.S.M.J.**

On July 7, 2005, respondent John J. O'Brien ("respondent"), Commissioner of Probation for the Commonwealth of Massachusetts, filed a memorandum in support of a motion to dismiss the above styled petition for writ of habeas corpus filed by petitioner John Farma ("petitioner"). (Docket Entry # 9). Petitioner opposes the motion. (Docket Entry # 11).

Even if an evidentiary hearing is not barred under section 2254(e)(2) of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),[1] petitioner has no right to an evidentiary

---

[1] Section 2254(e)(2) creates a bar to conducting an evidentiary hearing in federal court. If the petitioner fails to develop the facts within the meaning of the first clause of section 2254(e)(2), this court cannot hold an evidentiary hearing unless the petitioner "meets the other conditions of § 2254(e)(2)." Williams v. Taylor, 529 U.S. 420, 430 (2000).

hearing on the issue of exhaustion under the pre-AEDPA standard, assuming, _arguendo_, its applicability after the AEDPA's enactment.  See _Edwards v. Murphy_, 96 F.Supp.2d 31, 49-50 (D.Mass. 2000) (setting forth relevant standards and recognizing dispute as to whether standard for conducting evidentiary hearing set forth in _Townsend v. Sain_, 372 U.S. 293 (1963), as modified by _Keeney v. Tamayo-Reyes_, 504 U.S. 1 (1992), remains applicable after the AEDPA'S enactment); _see also_ _Fryar v. Bissonnette_, 113 F.Supp.2d 175, 179-180 (D.Mass. 2000) (the petitioner did not negligently fail to develop record under section 2254(e)(2) and could, therefore, only obtain hearing if he satisfied _Townsend_ standard); _Marshall v. Hendricks_, 103 F.Supp.2d 749, 770 (D.N.J. 2000)(same).  The facts regarding exhaustion are not in dispute and are fully contained in the state court records.  The motion to dismiss (Docket Entry # 9) is therefore ripe for review.

PROCEDURAL BACKGROUND

Petitioner did not attack his February 4, 2003 conviction for assault and battery by means of a dangerous weapon in the Boston Municipal Court, Dorchester Division ("the trial court") by filing a notice of direct appeal within 30 days of the

---

Under the first clause of section 2254(e)(2), "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  _Williams v. Taylor_, 529 U.S. at 430.

conviction pursuant to Rule 4(b) of the Massachusetts Rules of
Appellate Procedure.  (Docket Entry # 9).  Petitioner did,
however, move for a new trial on March 25, 2003, under Rule 30(b)
of the Massachusetts Rules of Criminal Procedure.  (Docket Entry
# 9).  On May 19, 2003, petitioner's motion for a new trial was
denied without an evidentiary hearing by the same judge who
presided over the trial.  (Docket Entry # 9).

Petitioner appealed the denial of the new trial motion to
the Massachusetts Appeals Court ("the appeals court") on the
following grounds:  first, that denial of the new trial motion
was error because petitioner's trial counsel provided ineffective
assistance insofar as he failed to investigate and present
testimony or other evidence of self-defense; and second, that it
was error not to have conducted an evidentiary hearing in
connection with the motion for a new trial.  Commonwealth v.
Farma, 810 N.E.2d 1288 (Mass.App.Ct. 2004).  Taking into
consideration trial counsel's arguments, briefs, the record
appendix, the trial transcript and the transcript of the hearing
on the new trial motion, the appeals court affirmed the order
denying the motion on June 25, 2004.  Commonwealth v. Farma, 810
N.E.2d at 1288.

Petitioner next filed an application to obtain further
appellate review ("ALOFAR") with the Massachusetts Supreme Court
("SJC").  Petitioner presented two grounds upon which relief was
sought:  (1) that the appeals court misapplied the law by

3

accepting the Commonwealth's argument that petitioner was
required to produce an affidavit from his trial counsel prior to
being granted an evidentiary hearing on the new trial motion
(claim one); and (2) that the appeals court erred by affirming
the trial judge's decision not to hold an evidentiary hearing on
the motion for a new trial (claim two).  (Docket Entry # 12).
The SJC denied the ALOFAR on September 10, 2004.  Commonwealth v.
Farma, 815 N.E.2d 1084 (Mass. 2004).

     Petitioner filed this petition for writ of habeas corpus on
February 1, 2005, which was later amended on June 24, 2005.
(Docket Entries ## 1 & 8).  Petitioner claims ineffective
assistance of counsel at trial and on appeal[2] under the Sixth and
Fourteenth Amendments of the United States Constitution (ground
one).  (Docket Entry # 8, ¶ 12A).  The supporting facts with
respect to ground one limit the alleged deficiencies to trial

---

     [2] This court can only assume that the brief and single
reference to the ineffective assistance of counsel "on appeal"
(Docket Entry # 8, p. 5, ¶ 12A) is an oversight.  Counsel
presently representing petitioner is the same counsel who
represented petitioner on appeal before the appeals court and the
SJC.  All of the supporting facts in the petition concern the
conduct of trial counsel, not appellate counsel.  Although
superceded by the amended application, the original application
complains at length about the deficient performance of trial
counsel and fails to mention any deficiency regarding the work of
appellate counsel.  It is also "unrealistic" to expect an
attorney to call into question "his own competence."
Commonwealth v. Lanoue, 563 N.E.2d 1367, 1369 (Mass. 1990).  In
the event petitioner wishes to present an ineffective assistance
of appellate counsel claim he should file a motion for leave to
amend the amended application within 30 days of the date of this
opinion.

counsel and complain about trial counsel's ineffectiveness in presenting and investigating the defense of self-defense, attacking the Commonwealth's evidence and obtaining certain evidence. (Docket Entry # 8, ¶ 12A). The second ground asserts that petitioner should have been afforded an evidentiary hearing on the motion for a new trial and that the trial judge erroneously decided the motion for a new trial without conducting an evidentiary hearing (ground two). (Docket Entry # 8, ¶ 12B).

Respondent filed the instant motion to dismiss and memorandum in support of dismissal on July 7, 2005. (Docket Entries ## 9 & 10). Petitioner filed an opposition to the motion to dismiss on July 13, 2005. (Docket Entry # 11).

## DISCUSSION

Respondent argues that petitioner failed to exhaust his state court remedies with respect to ground one thereby presenting this court with a "mixed" petition containing the exhausted claim in ground two and the unexhausted claim in ground one. Respondent submits that petitioner did not present ground one to the SJC as a federal constitutional claim.

Exhaustion, a matter of comity, requires the petitioner to fairly present "'the substance of his federal habeas claim to the state court before seeking federal review.'" Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). The burden the petitioner bears in fairly and recognizably presenting the factual and legal

bases of his federal claim to the state courts is "heavy." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994) ("a petitioner must inform the state court of both factual and legal underpinnings of the claim"). Petitioner must not only present the factual and legal underpinnings of the federal claim to the state's highest court, Adelson v. DiPaola, 131 F.3d at 263; Mele v. Fitchburg District Court, 850 F.2d 817, 820 (1st Cir. 1988); Burbank v. Maloney, 47 F.Supp.2d 817, 820 (D.Mass. 1999), i.e., the SJC, but he must do so "'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000). The ALOFAR therefore becomes the critical document for exhaustion analysis. See Adelson v. DiPaolo, 131 F.3d at 263 ("the decisive pleading is the application for further appellate review"). "[A]n appealed issue cannot be considered as having been fairly represented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." Mele v. Fitchburg District Court, 850 F.2d at 820.

Within the ALOFAR petitioner did not raise as a separate claim ineffective assistance of counsel thereby making it improbable that a reasonable jurist would be alerted to the federal nature of the claim. Moreover, a claim of ineffective assistance of counsel is distinct from the underlying issue "both in nature and in the requisite elements of proof." Kimmelman v.

Morrison, 477 U.S. 365, 374 (1986); accord Bailey v. Nagle, 172
F.3d 1299, 1304 n. 8 (11th Cir. 1999) (ineffective assistance of
counsel claim "analytically distinct from the substantive claim
underlying it").  "[P]etitioner must have placed before the state
court essentially the same legal doctrine he asserts in the
federal petition."  Daye v. Attorney General of the State of New
York, 696 F.2d 186, 192 (S.D.N.Y. 1982).

Claim one in the ALOFAR pertains only to the appeals court's
misapplication of the law in its acceptance of the Commonwealth's
argument that petitioner was required to produce an affidavit
from his trial counsel prior to being granted an evidentiary
hearing on the new trial motion.  (Docket Entry # 12).  In the
present petition for writ of habeas corpus, petitioner argues
ineffective assistance of trial counsel on the basis that trial
counsel failed to adequately present and investigate the defense
of self-defense, attack the Commonwealth's evidence and obtain
certain other evidence.

Regardless of how petitioner articulates the ground, the
presentation to the SJC in the ALOFAR amounts to nothing more
than a different substantive claim underlying the present claim
of ineffective assistance of trial counsel.  The ground submitted
to the SJC in the ALOFAR and that asserted in the petition for
writ of habeas corpus involve different legal theories which
require distinct constitutional analysis.  As such, ground one is
not exhausted.

If petitioner returned to state court and filed a second
Rule 30 motion in an effort to have the SJC review the claim,
however, it is highly likely that the state courts would consider
the claim waived and decline to address it.  See Commonwealth v.
Gagaliardi, 638 N.E.2d 20, 22 (Mass. 1994).  It is well settled
that, "A motion for new trial may not be used as a vehicle to
compel review and consideration of questions of law on which a
defendant has had his day in an appellate court, or on which he
has forgone that opportunity."  Commonwealth v. Gagaliardi, 638
N.E.2d at 22 (internal brackets, ellipses and citations omitted);
see also Szczuka v. Tucker, 3 F.Supp.2d 58, 61 (D.Mass. 1997)
("Rule 30 is consistently enforced by the Massachusetts courts").
Indeed, the ineffective assistance of trial counsel claim in
ground one is strikingly similar to the ineffective assistance of
trial counsel claim raised in the brief to the appeals court.
(Docket Entry # 8, Attachment A, ¶ 12A; Docket Entry # 11, Ex. B,
pp. 1-4).  As noted above, the ALOFAR omitted the claim.

Under the AEDPA state court remedies must be "available"
within the meaning of section 2254(b)(1)(A).  See Evicci v.
Commissioner of Corrections, 226 F.3d 26, 27 (1st Cir. 2000).
The exhaustion doctrine codified in the AEDPA reflects the
futility exception and allows consideration of the petition
where:  "(i) there is an absence of available State corrective
process; or (ii) circumstances exist that render such process

8

ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The First Circuit in Evicci found that the petitioner lacked "available" state court remedies because, citing Gagliardi, Massachusetts courts "deem grounds not raised on the direct appeal to have been waived." Evicci v. Commissioner of Corrections, 226 F.3d at 27.

Similarly, in the case at bar there is an absence of state court remedies to address the ineffective assistance of trial counsel claim in light of Gagliardi and the consistent enforcement of the waiver doctrine in Massachusetts courts. Accordingly, inasmuch as the state court remedy afforded is no longer available because of the waiver doctrine, the petition should not be dismissed for failure to exhaust. Petitioner should not be required to return to state court in a futile attempt to exhaust a remedy that is no longer available. See O'Sullivan v. Boerckel, 526 U.S. 838, 847-848 (1999) ("exhaustion doctrine . . . turns on an inquiry into what procedures are 'available' under state law . . . . [and] there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available"); Carsetti v. Maine, 932 F.2d 1007, 1012 (1st Cir. 1991) ("[f]or exhaustion purposes, however, the question is whether there remains an available state remedy"); see also Evicci v. Commissioner of Corrections, 226 F.3d at 27 (citing O'Sullivan and Carsetti for the finding that "the state remedies are no

9

longer 'available' within the meaning of § 2254(b)(1)(A)").

Because of the failure to exhaust ground one, respondent asks this court to dismiss the petition as mixed, or in the alternative, order petitioner to amend the petition to present only the exhausted ground in ground two.  (Docket Entry # 10). Respondent further submits that the "stay and abeyance" procedure adopted by the First Circuit is inappropriate because petitioner fails to show "'good cause'" under the recent Supreme Court decision of <u>Rhines Weber</u>, __U.S.__, 125 S.Ct. 1528, 1531 (2005) (noting that "stay and abeyance . . . is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court").

Dismissal, however, is inappropriate because the state court remedies are no longer available.  Simply put, dismissing the application as "mixed" serves no useful purpose.

> Dismissing a mixed petition is of little utility, however, when the claims raised for the first time at the federal level can no longer be litigated on the merits in state court because they are procedurally barred.  In such a case, requiring the petitioner to return to state court only to make a futile application for relief simply delays the federal courts' adjudication of his petition.

<u>Kelley v. Secretary for Department of Corrections</u>, 377 F.3d 1317, 1351 (11th Cir. 2004), <u>cert.</u> <u>denied</u>, __U.S.__, 125 S.Ct. 2962 (2005).  Likewise, staying this case in order to allow petitioner to return to state court and exhaust a claim that state courts are highly unlikely to hear also serves no useful purpose.

10

Accordingly, this court will proceed to address ground one including, in the event respondent wishes to assert the defense, the issue of procedural default. See Trest v. Cain, 522 U.S. 87, 89 (1997) ("procedural default is normally a 'defense' that the State is 'obligated to raise' and 'preserv[e]' if it is not to 'lose the right to assert the defense thereafter'"); Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004) (procedural default "is an affirmative defense that the State is obligated to raise and preserve"); see also Oakes v. United States, 400 F.3d 92, 96 (1st Cir. 2005).

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[3] that the motion to dismiss for failure to exhaust state court remedies (Docket Entry # 9) be **DENIED**. Respondent is ordered to address on or before January 3, 2006: (1) the merits of ground two; (2) the issue of the procedural default of ground one, including the issue of any miscarriage of justice based upon the entire record, if and only if respondent wishes to raise this

---

[3] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

affirmative defense; and (3) the merits of ground one if respondent does not wish to raise the procedural default issue or other procedural bar to federal habeas review.  There shall be no extensions of this deadline.


                                     /s/ Marianne B. Bowler
                                     **MARIANNE B. BOWLER**
                                     United States Magistrate Judge