UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN FARMA,<br>    Petitioner,<br><br>v.<br><br>JOHN J. O'BRIEN<br>    Respondent. | CIVIL ACTION<br>NO. 05-10193-RGS |

**RESPONDENT'S MEMORANDUM OF LAW
IN OPPOSITION TO HABEAS CORPUS PETITION**

On July 7, 2005, the respondent filed a memorandum in support of his motion to dismiss the above-captioned petition for habeas corpus relief on grounds that the petition was unexhausted. The petitioner opposed the motion. On December 8, this Court ruled that the petitioner's first claim was unexhausted but ordered the respondent to address the following: (1) the merits of ground two of the petition; (2) the issue of the procedural default of ground one; and (3) in conjunction with the issue of the procedural default of ground one, the merits of that ground. This memorandum responds to that order.

**DISCUSSION**

I. THE PETITIONER PROCEDURALLY DEFAULTED HIS FIRST GROUND FOR RELIEF AND, IN ANY EVENT, THIS COURT SHOULD DENY RELIEF BECAUSE THE CLAIM LACKS MERIT.

As this Court noted in its order of December 8, 2005, "[i]n the present petition for writ of habeas corpus, petitioner argues ineffective assistance of counsel on the basis that trial counsel failed to adequately present and investigate the defense of self-defense, attack the Commonwealth's evidence and obtain certain other evidence." Doc. 14, at 7. Although the petitioner pressed this claim to the Massachusetts Appeals Court, he failed to present it to the

2

Supreme Judicial Court in his application for leave to obtain further appellate review ("alofar"). Consequently, he forfeited his right to have the SJC review this claim. Mass. R. App. P. 27.1(b) (application to contain "a statement of the points with respect to which further appellate review of the decision of the appeals court is sought"). When a criminal defendant fails to meet a state procedural requirement for preserving an issue for appellate review and the state's highest court then declines to address a petitioner's federal constitutional claim due to that failure, the "adequate and independent state ground doctrine" precludes a federal habeas court from addressing the claim. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991); *Horton v. Allen*, 370 F.3d 75, 80-81 (1st Cir. 2004), *cert. denied*, 125 S. Ct. 971 (2005).

As this Court has noted, "[i]f petitioner returned to state court and filed a second Rule 30 motion in an effort to have the SJC review the claim . . . it is highly likely that the state courts would consider the claim waived and decline to address it." Doc. 14, at 8 (citations omitted). Thus, it is fair to treat the claim as procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1)(A). Because the petitioner has procedurally defaulted this claim, this Court may consider the claim only if the petitioner establishes "cause and prejudice" with respect to the procedural default. *Horton*, 370 F.3d at 81 (citing *Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 1847, 1851-1852 (2004) and *Coleman*, 501 U.S. at 750). Here, he can establish neither cause nor prejudice.

"To satisfy the cause portion of the test, [the petitioner] mut show 'that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule.'" *Horton*, 370 F.3d at 81 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In this case, there is no cause whatsoever, and the petitioner does not attempt to offer any, to explain his failure to press this specific ineffective assistance claim in his alofar. The lack of cause becomes

3

all the more apparent when one considers that the petitioner did raise the claim in the Appeals Court.[1]

Likewise, the petitioner cannot demonstrate that he was prejudiced by the failure to pursue this claim in his alofar. The Appeals Court, after "[t]aking into consideration trial counsel's arguments, briefs, the record appendix, the trial transcript and the transcript of the hearing on the new trial motion . . . affirmed the order denying the motion." Doc. 14, at 3. The court found the Commonwealth's brief "persuasive" on this issue.[2] *Commonwealth v. Farma*, 61 Mass. App. Ct.1113, 810 N.E.2d 1288 (2004). That brief, in turn, argued that the petitioner's claim that his trial counsel did not adequately present the defense of self-defense lacked merit where the petitioner did not submit an affidavit from his trial counsel explaining certain tactical decisions, and where the affidavits from the witnesses who might have been called indicated that their testimony would have been cumulative of testimony that had been admitted. *See* Com. Br. at 11-12; *Vieux v. Pepe*, 184 F.3d 59, 67 n. 6 (1st Cir. 1999), *cert. denied*, 528 U.S. 1163 (2000); *see also Van Poyck v. Florida Dep't. of Corrs.*, 290 F.3d 1318, 1324 n. 7 (11th Cir. 2002), *cert. denied*, 537 U.S. 812 (2002); *Hall v. Leubbers*, 296 F.3d 685, 693 (8th Cir. 2002), *cert. denied*, 538 U.S. 951 (2003). Moreover, the petitioner's trial counsel effectively pressed petitioner's self-defense claim by attempting to exclude the victim's statements to the police, by attempting to introduce all of the victim's medical records, by effectively cross-examining the victim, and by

---

[1] In light of the Appeals Court's rejection of this claim, it may have been effective advocacy for the petitioner to seek further appellate review from the SJC on other, ostensibly more promising grounds.

[2] For the Court's convenience, the respondent has filed separately a copy of the Commonwealth's brief to the Appeals Court.

4

requesting and receiving a self-defense instruction. Com. Br. at 15-16. Because there was no merit to the petitioner's argument, he could not have been prejudiced by his attorney's decision to abandon the claim in the SJC. Since there is neither cause nor prejudice, this Court should not excuse the petitioner's procedural default. Further, because there is no merit to the petitioner's underlying claim, this Court should deny the petitioner's claim notwithstanding his failure to exhaust it. 28 U.S.C. § 2254(b)(2).

Finally, in the absence of a demonstration of both cause and prejudice, the petitioner could be excused from his procedural default if he can demonstrate that failure to entertain these claims would result in a "'fundamental miscarriage of justice.'" *Ortiz v. DuBois*, 19 F.3d 708, 714 (1st Cir. 1994), *cert. denied*, 528 U.S. 1082 (2002) (quoting *Murray v. Carrier*, 477 U.S. at 495-496). *See Sawyer v. Whitley*, 505 U.S. 333, 339-340 (1992). This narrow exception is reserved for those rare cases in which the conviction of a petitioner who may be actually innocent of the charges will occur if a constitutional error is not redressed. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("this Court [has] explicitly tied the miscarriage of justice exception to the petitioner's innocence"). To establish actual innocence, "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Simpson v. Matesanz*, 175 F.3d 200, 210 (1st Cir. 1999), *quoting Schlup*, 513 U.S. at 327. This situation may arise where "a petitioner supplements a constitutional claim with a 'colorable showing of factual innocence.'" *McCleskey v. Zant*, 499 U.S. 467, 495 (1991), *quoting Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). In other words, the miscarriage of justice exception is concerned with "actual" as compared to "legal" innocence. *See Sawyer*, 505 U.S. at 339; *Smith v. Murray*, 477 U.S. 527, 537 (1986). Where, as here, the petitioner has raised

5

no claim of actual innocence, and where the Appeals Court reviewed the entire record, *see Farma*, 61 Mass. App. Ct. at 1113, 810 N.E.2d at 1288, there is no issue of actual innocence before the Court.

II.    THE PETITIONER'S CLAIM THAT HE WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS NEW TRIAL MOTION IS NOT COGNIZABLE UNDER FEDERAL HABEAS REVIEW BECAUSE IT INVOLVES A MATTER OF PURELY STATE LAW.

The petitioner's second ground for habeas corpus relief is that he should have been afforded an evidentiary hearing with respect to his motion for a new trial. This claim is not cognizable in the habeas corpus arena because it is an issue purely of state law. 28 U.S.C. § 2254(a).

In Massachusetts, a criminal defendant may move for a new trial at any time. Mass. R. Crim. P. 30(b). As the rule makes clear, and as the SJC has repeatedly affirmed, whether to grant an evidentiary hearing on a Rule 30 motion is left to the broad discretion of the motion judge. Mass. R. Crim. P. 30(c)(3); *Commonwealth v. Cutts*, 444 Mass. 821, 830, 831 N.E.2d 1279, 1288 (2005). Where, as here, the motion judge presided at trial, the judge is granted an additional measure of deference. *Commonwealth v. Walker*, 443 Mass. 213, 224-225, 820 N.E.2d 195, 205 (2005). There simply is no federal constitutional claim here, as is borne out by the petitioner's failure to cite to any federal authority in his memorandum in support of his petition. *See* Pet. Mem. at 11. Because the state courts decided this claim on an independent and adequate state law ground, and because the decision cannot constitute an unreasonable application of Supreme Court case law, habeas corpus relief is not available to the petitioner. *Coleman*, 501 U.S. at 729; *Horton*, 370 F.3d at 80.

6

For the foregoing reasons, this Court should dismiss the petition for a writ of habeas corpus.

>Respectfully submitted,
>
>THOMAS F. REILLY
>ATTORNEY GENERAL
>
>/s/ Daniel I. Smulow
>Daniel I. Smulow, BBO 641668
>Assistant Attorney General
>Criminal Bureau
>One Ashburton Place
>Boston, Massachusetts 02108
>(617) 727-2200 ext. 2949

Dated: January 3, 2006

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and that there are no participants who are not registered.

>/s/ Daniel I. Smulow
>Daniel I. Smulow