```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

JOHN FARMA,
   Petitioner,


   v.                                      CIVIL ACTION NO.
                                                                                                  05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
   Respondent.

**REPORT AND RECOMMENDATION RE:
RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS
<u>(DOCKET ENTRY # 16)</u>**[1]

**March 7, 2006**

**BOWLER, U.S.M.J.**

     On July 7, 2005, respondent John J. O'Brien ("respondent"), Commissioner of Probation for the Commonwealth of Massachusetts, filed a memorandum in support of his motion to dismiss petition for writ of habeas corpus filed by petitioner John Farma ("petitioner"). (Docket Entry # 9). Petitioner opposed the motion. (Docket Entry # 11). On December 8, 2006, this court denied the motion to dismiss on the ground that petitioner had failed to exhaust state court remedies. (Docket Entry # 14). In the Report and Recommendation, this court ordered respondent to address: (1) the merits of ground two; (2) the issue of any procedural default of ground one, including the issue of any

---

[1] The memorandum submitted in response to the prior Report and Recommendation moves to dismiss the petition on the merits. (Docket Entry # 16, p. 6).

miscarriage of justice based upon the entire record, if and only if respondent wished to raise this affirmative defense; and (3) the merits of ground one if the respondent did not wish to raise a procedural default issue or other procedural bar to federal habeas review.  (Docket Entry # 14).

Pending before this court and therefore ripe for review is respondent's memorandum of law in opposition to the habeas corpus petition.  (Docket Entry # 16).  Here, respondent properly raises the affirmative defense of the procedural default of ground one and correctly argues that ground two lacks merit in that petitioner's claim is a matter of purely state law.  The facts germane to this issue are set forth in the prior Report and Recommendation and need not be repeated.  (Docket Entry # 14, pp. 2-5).

## DISCUSSION

Turning first to ground one, respondent's argument that ground one is in procedural default is correct.  As previously explained in this court's Report and Recommendation, ground one raises a claim of ineffective assistance of counsel at trial and on appeal under the Sixth and Fourteenth Amendments of the United States Constitution.  (Docket Entry # 14).  Petitioner, however, failed to present this claim to the Massachusetts Supreme Judicial Court ("SJC") within the application for leave to obtain further appellate review ("ALOFAR").  (Docket Entry # 14).

Accordingly, the claim remains unexhausted.  (Docket Entry # 14).  At this juncture and as previously explained, state court remedies are no longer available to petitioner.  (Docket Entry # 14).

Where, as here, petitioner achieves exhaustion "through a procedural default, the habeas petitioner must show cause for that default and prejudice arising therefrom before the federal court may reach the merits of his habeas claims."  Hall v. DiPaolo, 986 F.2d 7, 10 (1st Cir. 1993); accord Coleman v. Thompson, 501 U.S. 722, 750 (1991); Horton v. Allen, 370 F.3d 75, 81 (1st Cir. 2004) (citing Dretke v. Haley, 541 U.S. 386, 393 (2004)), cert. denied, 543 U.S. 1093 (2005).

As to cause, ordinarily petitioner must "show that some objective factor external to the defense impeded counsel's [or in this instance, petitioner's] efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986); accord Horton v. Allen, 370 F.3d at 81 (quoting Murray v. Carrier 477 U.S. at 488); Burks v. DuBois, 55 F.3d 712, 716-717 (1st Cir. 1995) (citing Murray v. Carrier, 477 U.S. at 488); Magee v. Harshbarger, 16 F.3d 469, 471 (1st Cir. 1994) (quoting Murray v. Carrier 477 U.S. at 488).  Petitioner fails in his burden to show cause for the failure to raise the ineffective assistance of counsel claim to the SJC.  Indeed, petitioner knew how to raise the claim because he included it in the brief to the appeals court.  Hence, there is no apparent external factor which

prevented presentation of ground one to the SJC within the ALOFAR.

Inasmuch as petitioner fails to show cause, this court need not address the prejudice prong. See Magee v. Harshbarger, 16 F.3d at 472 (declining to address prejudice prong "[b]ecause the cause and prejudice requirement is conjunctive"); see also Burks v. DuBois, 55 F.3d at 716 n. 3 (not addressing prejudice prong because court found no cause).

Finally, an exception exists where "even absent a showing of cause and prejudice," a federal court "may overlook a procedural default and hear a barred constitutional claim on the merits if its failure to do so would result in a fundamental miscarriage of justice." Burks v. DuBois, 55 F.3d at 17; accord Ortiz v. Dubois, 19 F.3d 708, 714 (1st Cir. 1994) (quoting Murray v. Carrier, 477 U.S. at 495-496). "It is clear that for habeas purposes the federal 'fundamental miscarriage of justice' standard means that petitioner must establish actual innocence." Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999); see Schlup v. Delo, 513 U.S. 29, 231 (1995); Burks v. Dubois, 55 F.3d at 717. In order to establish actual innocence, "petitioner must show that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. at 327; accord Simpson v. Matesanz, 175 F.3d at 210. Petitioner fails to discharge this burden. Indeed, he does not advance any argument

with regard to any miscarriage of justice or his own actual innocence. Therefore, ground one remains exhausted and lies in procedural default.

Turning to ground two, petitioner raises a claim of entitlement to an evidentiary hearing on a motion for a new trial. Respondent correctly posits that the ground is not cognizable under federal habeas review because it involves a matter purely of state law. (Docket Entry # 16).

Section 2254(a) jurisdictionally limits federal habeas relief to state convictions "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c). Errors of state law that do not rise to the level of a constitutional error "may not be corrected on federal habeas." Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993) (O'Connor, J. concurring); Sawyer v. Smith, 497 U.S. 227, 239 (1990) ("availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution"); accord Sanna v. DiPaolo, 265 F.3d 1, 12-13 (1st Cir. 2001) (habeas review unavailable for state law error except "extreme cases" where state law or practice betrays "fundamental principle of justice" under the Due Process Clause); Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995) ("federal habeas court will not disturb the state courts' construction or application of state law unless it can be shown that such construction or application offends the Constitution or some

(applicable) federal statute"); <u>Restrepo v. DiPaolo</u>, 1 F.Supp.2d 103, 107 (D.Mass. 1998) ("[e]rrors of state law do not provide a basis for habeas relief").

    Petitioner submitted the argument that the trial court erred in not conducting an evidentiary hearing in the ALOFAR. As accurately stated by respondent there was no federal constitutional claim in the ALOFAR, evidenced by the petitioner's failure to cite to any federal authority in his ALOFAR and this petition. (Docket Entry # 16). Instead, petitioner's claim relies upon Rule 30(b) of the Massachusetts Rules of Criminal Procedure which provide a criminal defendant with the right to move for a new trial at any time. Mass. R. Crim. P. 30(b). Whether to grant an evidentiary hearing is left to the broad discretion of the motion judge. Mass. R. Crim. P 30(c)(3); <u>Commonwealth v. Cutts</u>, 831 N.E.2d 1279, 1288 (Mass. 2005). (Docket Entry # 16). Additionally, where the motion judge presided over the trial, the judge is granted an additional measure of deference. <u>Commonwealth v. Walker</u>, 443 N.E.2d 195, 205 (Mass. 2005). In the instant case, the appeals court affirmed the trial court's order denying the motion for a new trial on June 25, 2004. <u>Commonwealth v. Farma</u>, 810 N.E.2d 1288 (Mass. 2004). In affirming the trial court's decision, the appeals court did not merely defer to the discretion of the motion judge who presided at trial but took into consideration trial counsel's arguments, briefs, the record appendix, the trial

transcript and the transcript of the non-evidentiary hearing on the new trial motion.  Commonwealth v. Farma, 810 N.E.2d at 1288.  In so doing, the appeals court discerned that there had been no error either in the denial of the motion for new trial or in the trial judge's decision to rule on the motion without first conducting an evidentiary hearing.  Commonwealth v. Farma, 810 N.E.2d at 1288.  As such, it is highly improbable that the state law error claimed in this case rises to the level of a constitutional error.  Accordingly, the error, if any, may not be corrected on federal habeas review.  Federal habeas corpus relief is therefore unavailable to petitioner with regard to ground two.

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[2] that the request to dismiss this petition in the memorandum of law in opposition to habeas corpus petition (Docket Entry # 16) be **ALLOWED** and the petition be **DISMISSED**.

---

[2] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge