UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
      Petitioner,

v.                                    CIVIL ACTION NO. 05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
      Respondent.

PETITIONER'S OBJECTIONS TO THE MARCH 7, 2006 REPORT AND
RECOMMENDATION RE: RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner John Farma ("the Petitioner"), through Counsel and pursuant to Rule 3
of the Local Rules for United States Magistrate Judges, hereby submits his objections to the
Magistrate Judge's March 7, 2006 Report and Recommendation in this matter, together
with materials in aid thereof.

Facts

The procedural circumstances in the present matter are – save for the questions
raised by the Magistrate Judge's Report and Recommendation – not at dispute. Briefly,
they are as follows.

After Jury trial in the South Boston, Massachusetts District Court, the Petitioner was
convicted of assault and battery by means of a dangerous weapon.[1]  A subsequent motion
for a new trial was denied without an evidentiary hearing by the trial Judge. The Petitioner
appealed, but the Appeals Court upheld the decision of the trial Court in its Memorandum

---

[1]  A violation of M.G.L. c. 265, §15A(b).

and Order perforce Rule 1:28 of the Appeals Court Rules.[2] [Commonwealth v. Farma, 61 Mass. App. Ct. 1113, 810 N.E.2d 1288 (Table) (2004).]

In July of 2004, and from the Appeals Court Memorandum and Order, the Petitioner filed his Application for Further Appellate Review with the Supreme Judicial Court. The Application was denied without comment on September 10, 2004. [Commonwealth v. Farma, 442 Mass. 1107, 815 N.E.2d 1084 (Table) (2004).][3]

The Petitioner later timely filed with this Court a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254,[4] against John J. O'Brien, Commissioner ("the Respondent").

In turn, the Respondent filed before this Court a motion to dismiss the Application assigning, *inter alia*, that the Petitioner had failed to exhaust his State Court remedies. The Petitioner filed an opposition. This Court ordered that the Respondent file a further pleading addressing certain issues, among them the question of the Petitioner's alleged procedural default as a bar to Federal Habeas review. The Respondent did so.

The Magistrate Judge, in her March 7, 2006 Report and Recommendation, advised that Petitioner's Application be denied. The linchpin of the Magistrate Judge's opinion on the notion of procedural default is as follows:

> As previously explained in this Court's Report and Recommendation, ground one [of the Petitioner's Application] raises a claim of ineffective assistance of counsel at trial and on appeal under the Sixth and Fourteenth Amendments of the United States Constitution. Petitioner, however, failed to present this claim to the

---

[2] A copy of the Appeals Court Memorandum and Order is annexed hereto as Exhibit "1."

[3] A copy of the SJC's Order is annexed hereto as Exhibit "2."

[4] Farma v. John J. O'Brien, Commissioner, Civil Action No. 05-10193-RGS.

Massachusetts Supreme Judicial Court ("SJC") within the
application for leave to obtain further appellate review...  .

Farma v. O'Brien, March 7, 2006 Report and Recommendation of the Magistrate
Judge,[5] emphasis added.

The Petitioner hereby timely files his objections to the Magistrate Judge's Report
and Recommendation.

Argument

The Petitioner assigns that the Magistrate Judge's Report is factually in error, in that
he does not stand in "procedural default," as the Magistrate Judge maintains.  He is not,
therefore, barred on such ground from Federal Habeas Corpus review.

First, the issue of ineffective assistance was raised before the Commonwealth's
Appeals Court [see Exhibit "1"].  Albeit the Court rejected the argument, the question of
ineffective assistance was nevertheless preserved for post-conviction attack.

Second,  the Petitioner filed with the Supreme Judicial Court an Application for
Further Appellate Review.[6]  The Application addressed, in factual and legal detail, the
claim of ineffective assistance of trial Counsel.  As did the Appeals Court, the Supreme
Judicial Court denied the Petitioner's offering.  At that point, the Petitioner had exhausted
all avenues of substantive review by any Massachusetts trial or appellate tribunal.  He did
not, as the Magistrate Judge seems to aver, procedurally dissipate his opportunities for
State review without appellate scrutiny of the substance of his claim.

Simply put, the Petitioner is not in procedural default, and therefore not obligated
to show cause or prejudice before this Court will entertain the constitutional challenge he
has raised in his Habeas Corpus Application.  He did not raise a claim of substandard care
on the part of appellate Counsel because it was not then, and is not now, a contention.

---

[5]  A copy of the Report and Recommendation is annexed hereto as Exhibit "3."

[6]  A copy of the Petitioner's Application is annexed hereto as Exhibit "4."

Finally, the Petitioner cannot be deprived of consideration by this Court on grounds that he failed to failed to rely upon the United States Constitution in his Application for Further Appellate Review. He assigns that such is not a prerequisite for access to this forum.

Even so, in his Application to the Supreme Judicial Court, the Petitioner clearly incorporates -- as the foundation of his argument -- the opinion in Commonwealth v. Saferian, 366 Mass. 89, 315 N.E.2d 878 (1974). Because there was not, at the time of the Saferian decision, a standard of review on the question of ineffective assistance of counsel, Saferian was necessarily a Sixth Amendment case.[7] The language in the case is clear —

> The decided cases try to express or approximate
> in varying forms of words a general standard for
> determining whether 'assistance of counsel's has
> been provided an accused person within the meaning
> of the Sixth Amendment.'

At 366 Mass. 96. Saferian is not predicated on Article XII of the Constitution of the Commonwealth, or upon any provision of the Declaration of Rights.

Because the Magistrate Judge's Report and Recommendation is in error to the extent argued in this Objection, the District Judge is asked to disregard it and, should it be necessary, to remand the Report for reissuance in accord with this pleading and its Exhibits.

---

[7]    The Fourteenth Amendment requires that the States adhere at least to those standards derived from the Sixth Amendment. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963).

Respectfully submitted,
JOHN FARMA. Petitioner,
By his Counsel:


*/s/Roger Witkin*
ROGER WITKIN
BBO #531780
6 Beacon Street, Suite 1010
Boston, Massachusetts   02108
(617) 523-0027 (tel.)
(617  523-2024 (fax)

DATED: March 15, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOHN FARMA,
    Petitioner,

vi.                           CIVIL ACTION NO. 05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
    Respondent.

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the within document was

electronically filed and a courtesy copy mailed to Daniel I. Smulow, Assistant Attorney

General, Criminal Bureau, 1 Ashburton Place, Boston, MA 02108, counsel of record for

the respondent.

                                   */s/ Roger Witkin*
                                   Roger Witkin
                                   6 Beacon Street, Suite 1010
                                   Boston, MA 02108
                                   Tel. 617 523 0027
                                   Fax 617 523 2024
                                   BBO No. 531780

DATE: March 15, 2006

# EXHIBIT "1"

COMMONWEALTH OF MASSACHUSETTS
**APPEALS COURT**
**CLERK'S OFFICE**

3 CENTER PLAZA, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02108
(617) 725-8106

June 25, 2004

Roger Witkin, Esquire
Six Beacon Street
Suite 1010
Boston, MA 02108

RE:    No. 2003-P-0874

   **COMMONWEALTH**
      **vs.**
   **JOHN FARMA**

NOTICE OF DOCKET ENTRY

   Please take note that on June 25, 2004, the following entry
was made on the docket of the above-referenced case:

Decision: Rule 1:28 (LK CW DO). Order denying motion for new
trial affirmed. Notice. (See image on file.)

                    Very truly yours,

                    The Clerk's Office

Dated: June 25, 2004

To:   John P. Zanini, A.D.A.
      Roger Witkin, Esquire

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 03-P-874

COMMONWEALTH

*vs.*

JOHN FARMA.

Pending in the Dorchester District

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

Oder denying motion for
new trial affirmed.

By the Court,

_____ ,Clerk

Date   June 25, 2004.

NOTE:
The original of the within rescript
will issue in due course, pursuant
to M.R.A.P.23
                    APPEALS COURT

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-874

COMMONWEALTH

v̲s̲.

JOHN FARMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

After trial by jury, the defendant John Farma was convicted
of assault and battery by means of a dangerous weapon (G. L. c.
265, § 15A[b̲]).  The defendant's subsequent motion for new trial
was denied without an evidentiary hearing by the same judge who
had presided at the trial.  On appeal, the defendant claims error
in two respects:  (a) denial of the new trial motion was error
because the defendant's trial counsel had provided ineffective
assistance insofar as he failed to investigate and present
testimony or other evidence of self-defense;  (b) it was error not
to have conducted an evidentiary hearing in connection with the
motion for new trial.

We have heard counsel's arguments, studied their briefs,
reviewed, inter alia the record appendix, the trial transcript,
and the transcript of the nonevidentiary hearing on the new trial
motion and are satisfied that the defendant's appellate claims
must fail.  We discern no error either in the denial of the
defendant's motion for new trial or in the judge's decision to

rule on the motion without first conducting an evidentiary hearing.  The Commonwealth's brief at pages eight through twenty-five is persuasive on both points.

<u>Order denying motion for new trial affirmed</u>.

By the Court (Lenk, Doerfer & Cowin, JJ.),

First Asst Clerk

Entered:  June 25, 2004.

2

# EXHIBIT "2"

815 N.E.2d 1084 (Table).
442 Mass. 1107, 815 N.E.2d 1084 (Table)
(Cite as: 442 Mass. 1107, 815 N.E.2d 1084)

**N**

(The Court's decision is referenced in a "Supreme Judicial Court of Massachusetts—Further Appellate Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.
Commonwealth

v.

**John Farma**

September 10, 2004

Appeal From: 61 Mass.App.Ct. 1113, 810 N.E.2d 1288. Justice Ireland and Justice Cowin did not participate.

DENIED.

442 Mass. 1107, 815 N.E.2d 1084 (Table)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "3"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
    Petitioner,


v.
                                       CIVIL ACTION NO.
                                       05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
    Respondent.

**REPORT AND RECOMMENDATION RE:
RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS
(DOCKET ENTRY # 16)[1]**

**March 7, 2006**

**BOWLER, U.S.M.J.**

On July 7, 2005, respondent John J. O'Brien ("respondent"),
Commissioner of Probation for the Commonwealth of Massachusetts,
filed a memorandum in support of his motion to dismiss petition
for writ of habeas corpus filed by petitioner John Farma
("petitioner"). (Docket Entry # 9). Petitioner opposed the
motion. (Docket Entry # 11). On December 8, 2006, this court
denied the motion to dismiss on the ground that petitioner had
failed to exhaust state court remedies. (Docket Entry # 14). In
the Report and Recommendation, this court ordered respondent to
address: (1) the merits of ground two; (2) the issue of any
procedural default of ground one, including the issue of any

---

[1] The memorandum submitted in response to the prior Report
and Recommendation moves to dismiss the petition on the merits.
(Docket Entry # 16, p. 6).

miscarriage of justice based upon the entire record, if and only if respondent wished to raise this affirmative defense; and (3) the merits of ground one if the respondent did not wish to raise a procedural default issue or other procedural bar to federal habeas review. (Docket Entry # 14).

Pending before this court and therefore ripe for review is respondent's memorandum of law in opposition to the habeas corpus petition. (Docket Entry # 16). Here, respondent properly raises the affirmative defense of the procedural default of ground one and correctly argues that ground two lacks merit in that petitioner's claim is a matter of purely state law. The facts germane to this issue are set forth in the prior Report and Recommendation and need not be repeated. (Docket Entry # 14, pp. 2-5).

## DISCUSSION

Turning first to ground one, respondent's argument that ground one is in procedural default is correct. As previously explained in this court's Report and Recommendation, ground one raises a claim of ineffective assistance of counsel at trial and on appeal under the Sixth and Fourteenth Amendments of the United States Constitution. (Docket Entry # 14). Petitioner, however, failed to present this claim to the Massachusetts Supreme Judicial Court ("SJC") within the application for leave to obtain further appellate review ("ALOFAR"). (Docket Entry # 14).

2

Accordingly, the claim remains unexhausted.  (Docket Entry # 14).
At this juncture and as previously explained, state court
remedies are no longer available to petitioner.  (Docket Entry #
14).

Where, as here, petitioner achieves exhaustion "through a
procedural default, the habeas petitioner must show cause for
that default and prejudice arising therefrom before the federal
court may reach the merits of his habeas claims."  Hall v.
DiPaolo, 986 F.2d 7, 10 (1ˢᵗ Cir. 1993); accord Coleman v.
Thompson, 501 U.S. 722, 750 (1991); Horton v. Allen, 370 F.3d 75,
81 (1ˢᵗ Cir. 2004) (citing Dretke v. Haley, 541 U.S. 386, 393
(2004)), cert. denied, 543 U.S. 1093 (2005).

As to cause, ordinarily petitioner must "show that some
objective factor external to the defense impeded counsel's [or in
this instance, petitioner's] efforts to comply with the State's
procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986);
accord Horton v. Allen, 370 F.3d at 81 (quoting Murray v. Carrier
477 U.S. at 488); Burks v. DuBois, 55 F.3d 712, 716-717 (1ˢᵗ Cir.
1995) (citing Murray v. Carrier, 477 U.S. at 488); Magee v.
Harshbarger, 16 F.3d 469, 471 (1ˢᵗ Cir. 1994) (quoting Murray v.
Carrier 477 U.S. at 488).  Petitioner fails in his burden to show
cause for the failure to raise the ineffective assistance of
counsel claim to the SJC.  Indeed, petitioner knew how to raise
the claim because he included it in the brief to the appeals
court.  Hence, there is no apparent external factor which

3

prevented presentation of ground one to the SJC within the
ALOFAR.

Inasmuch as petitioner fails to show cause, this court need
not address the prejudice prong. See Magee v. Harshbarger, 16
F.3d at 472 (declining to address prejudice prong "[b]ecause the
cause and prejudice requirement is conjunctive"); see also Burks
v. DuBois, 55 F.3d at 716 n. 3 (not addressing prejudice prong
because court found no cause).

Finally, an exception exists where "even absent a showing of
cause and prejudice," a federal court "may overlook a procedural
default and hear a barred constitutional claim on the merits if
its failure to do so would result in a fundamental miscarriage of
justice." Burks v. DuBois, 55 F.3d at 17; accord Ortiz v.
Dubois, 19 F.3d 708, 714 (1st Cir. 1994) (quoting Murray v.
Carrier, 477 U.S. at 495-496). "It is clear that for habeas
purposes the federal 'fundamental miscarriage of justice'
standard means that petitioner must establish actual innocence."
Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999); see
Schlup v. Delo, 513 U.S. 29, 231 (1995); Burks v. Dubois, 55 F.3d
at 717. In order to establish actual innocence, "petitioner must
show that no reasonable juror would have found petitioner guilty
beyond a reasonable doubt." Schlup v. Delo, 513 U.S. at 327;
accord Simpson v. Matesanz, 175 F.3d at 210. Petitioner fails to
discharge this burden. Indeed, he does not advance any argument

4

with regard to any miscarriage of justice or his own actual
innocence.    Therefore, ground one remains exhausted and lies in
procedural default.

Turning to ground two, petitioner raises a claim of
entitlement to an evidentiary hearing on a motion for a new
trial.    Respondent correctly posits that the ground is not
cognizable under federal habeas review because it involves a
matter purely of state law.    (Docket Entry # 16).

Section 2254(a) jurisdictionally limits federal habeas
relief to state convictions "in violation of the Constitution or
laws or treaties of the United States."    28 U.S.C. § 2254(a); see
also 28 U.S.C. § 2241(c).    Errors of state law that do not rise
to the level of a constitutional error "may not be corrected on
federal habeas."    Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)
(O'Connor, J. concurring); Sawyer v. Smith, 497 U.S. 227, 239
(1990) ("availability of a claim under state law does not of
itself establish that a claim was available under the United
States Constitution"); accord Sanna v. DiPaolo, 265 F.3d 1, 12-13
(1st Cir. 2001) (habeas review unavailable for state law error
except "extreme cases" where state law or practice betrays
"fundamental principle of justice" under the Due Process Clause);
Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995) ("federal
habeas court will not disturb the state courts' construction or
application of state law unless it can be shown that such
construction or application offends the Constitution or some

5

(applicable) federal statute"); <u>Restrepo v. DiPaolo</u>, 1 F.Supp.2d
103, 107 (D.Mass. 1998) ("[e]rrors of state law do not provide a
basis for habeas relief").

    Petitioner submitted the argument that the trial court erred
in not conducting an evidentiary hearing in the ALOFAR.  As
accurately stated by respondent there was no federal
constitutional claim in the ALOFAR, evidenced by the petitioner's
failure to cite to any federal authority in his ALOFAR and this
petition.  (Docket Entry # 16).  Instead, petitioner's claim
relies upon Rule 30(b) of the Massachusetts Rules of Criminal
Procedure which provide a criminal defendant with the right to
move for a new trial at any time.  Mass. R. Crim. P. 30(b).
Whether to grant an evidentiary hearing is left to the broad
discretion of the motion judge.  Mass. R. Crim. P 30(c)(3);
<u>Commonwealth v. Cutts</u>, 831 N.E.2d 1279, 1288 (Mass. 2005).
(Docket Entry # 16).  Additionally, where the motion judge
presided over the trial, the judge is granted an additional
measure of deference.  <u>Commonwealth v. Walker</u>, 443 N.E.2d 195,
205 (Mass. 2005).  In the instant case, the appeals court
affirmed the trial court's order denying the motion for a new
trial on June 25, 2004.  <u>Commonwealth v. Farma</u>, 810 N.E.2d 1288
(Mass. 2004).  In affirming the trial court's decision, the
appeals court did not merely defer to the discretion of the
motion judge who presided at trial but took into consideration
trial counsel's arguments, briefs, the record appendix, the trial

6

transcript and the transcript of the non-evidentiary hearing on the new trial motion. Commonwealth v. Farma, 810 N.E.2d at 1288. In so doing, the appeals court discerned that there had been no error either in the denial of the motion for new trial or in the trial judge's decision to rule on the motion without first conducting an evidentiary hearing. Commonwealth v. Farma, 810 N.E.2d at 1288. As such, it is highly improbable that the state law error claimed in this case rises to the level of a constitutional error. Accordingly, the error, if any, may not be corrected on federal habeas review. Federal habeas corpus relief is therefore unavailable to petitioner with regard to ground two.

## CONCLUSION

In accordance with the foregoing discussion, this court RECOMMENDS[2] that the request to dismiss this petition in the memorandum of law in opposition to habeas corpus petition (Docket Entry # 16) be ALLOWED and the petition be DISMISSED.

---

[2] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

Dbt f !2;16.dw212: 4.SHT!!!!!Epdvn f oU29!!!!!Gjrhe!140 l8@ i 17!!!!!Qbhf !9!pg9

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

8

# EXHIBIT "4"

-1-

COMMONWEALTH OF MASSACHUSETTS

~~SUPREME JUDICIAL~~ COURT

NO. SJC

SUFFOLK, SS

-----

COMMONWEALTH OF MASSACHUSETTS,
Appellee,

v.

JOHN FARMA,
Defendant/Appellant

-----

DEFENDANT/APPELLANT'S APPLICATION
FOR FURTHER APPELLATE REVIEW

-----

ON FURTHER APPELLATE REVIEW FROM THE DECISION
OF THE APPEALS COURT DOCKET NO. 2003-P-0874

-----

ROGER WITKIN
BBO #531780
Attorney for the
Defendant/appellant
6 Beacon Street
Suite 1010
Boston, MA 02108
(617) 523-0027 (tel.)
(617) 523-2024 (fax)

-2-

### DEFENDANT/APPELLANT'S REQUEST FOR
### LEAVE TO OBTAIN FURTHER APPELLATE REVIEW

The defendant/appellant, John Farma, requests further appellate review from the decision in the above entitled case of the Appeals Court docket no. 2003-p-0874 by the full Supreme Judicial Court. This application is founded upon substantial reasons affecting the public interest or the interests of justice as set out below.

### STATEMENT OF PRIOR PROCEEDINGS IN THE CASE

At a trial by jury in the South Boston District Court, John Farma was convicted of assault and battery by means of a dangerous weapon (G.L. c. 265 s. 15A[b1])

Farma's subsequent Motion for New Trial was denied without an evidentiary hearing by the trial judge. On appeal to the Appeals Court the denial of the Motion for New Trial was denied by a Memorandum and Order Pursuant to Rule 1:28 a copy of which is hereby annexed and marked #1.

No rehearing in the Appeals Court has been requested by either party.

### STATEMENT OF FACTS RELEVANT TO THE APPEAL

The facts are correctly stated in the opinion, of the Appeal Court hereto annexed.

-3-

## STATEMENT OF THE POINTS WITH RESPECT TO WHICH FURTHER APPELLATE REVIEW IS SOUGHT

1. The memorandum and order affirming the trial court's denial of the Motion For New Trial based on the Commonwealth's argument that the defendant had not sustained his burden of proof as to the requirement that the defendant has the burden of producing an affidavit of trial counsel as to how he was "ineffective" is founded on a misapplication and misstatement of the law.

2. Where the defendant had sustained his initial burden of proof by the affidavits filed, the trial court was required to conduct an evidentiary hearing relating to the ineffective assistance of trial counsel not apparent on the record.

## STATEMENT INCLUDING APPROPRIATE AUTHORITIES, AS TO WHY FURTHER APPELLATE REVIEW IS APPROPRIATE

### Point 1.

In its brief at pg. 10-12, (hereto annexed as #2) the Commonwealth argued (and the Appeals Court accepted) that Farma had the burden of producing an affidavit of trial counsel as to how he had been ineffective. At the outset as a matter of logic and common sense such a requirement would be, in most cases, impossible to meet. Such a requirement requires that a defendant obtain from an attorney a statement under oath that he had breached his legal and ethical obligation to the defendant. While such a statement may be had when the attorney is called to testify,

-4-

under oath, the likelihood of an attorney voluntarily acknowledging he was ineffective is remote.

In any event, the Commonwealth's brief misled the Appeal Court as to the law requiring such an affidavit.

The Commonwealth argued that Commonwealth v. Duran, 435 Mass. 87, 102(2001) requires such an affidavit be filed by the defendant.  The commonwealth at page 11, then goes on to cite a number of cases in support of this requirement of law.

In fact what the Commonwealth did in its brief was copy word for word Footnote # [2] in the case of Commonwealth v. Lynch,  439 Mass 532 (2003) which states:

> [2] It is significant that no affidavit from trial counsel was submitted in connection with Lynch's motion for a new trial. Commonwealth v. Serino, 436 Mass. 408, 415-416 (2002) (affirming denial of motion for new trial based on claim of ineffective assistance of counsel where motion was not supported by affidavit of trial counsel); Commonwealth v. Vasquez, 55 Mass. App. Ct. 523, 533-534 (2002) (affirming denial of motion for new trial, and noting conspicuous absence of affidavit from trial counsel in support of motion); Commonwealth v. Savage, 51 Mass. App. Ct. 500, 505 n.6 2001) (same).

Nothing in any of these case places the burden of proof on the defendant to produce an affidavit of ineffectiveness from trial counsel. · But rather relate

-5-

to the "absence" of an affidavit counsel in the
discussion of facts.  The affidavits of counsel that
are referred to in the above cases are not admissions
of ineffectiveness but rather relate to explanations by
trial counsel as to specific conduct.  For example in,
Commonwealth v. Serino, 436 Mass. 408 (2002) cited by
the Commonwealth, the affidavit of counsel related to
defendant's competency at time of trial as follows:

> Appellate counsel neither requested another
> competency  hearing, nor supported his motion
> for a new trial with affidavits from trial
> counsel or any postconviction psychiatric
> evaluations that would have enabled the
> motion judge to find that a serious question
> as to the defendant's competency at the time
> of trial existed. Id , 415-416

In this case Farma argued that his trial counsel
was ineffective in presenting the defendant's defense
as to assault and battery by means of a dangerous
weapon and failing to give a timely opening statement;
in failing to attack effectively the Commonwealth's
evidence; in failing to present or obtain certain
evidence; and in failing to investigate the defendant's
defense .

In order to establish his claim of ineffective
assistance, Farma through his affidavit and a number of
witnesses that were not interviewed and/or not called

-6-

established a prima facie case that there has been

serious incompetency, inefficiency or inattention of

counsel, conduct falling measurably below that which

might be expected from an ordinary fallible lawyer --

and that those shortcomings deprived the defendant of

an otherwise available, substantial ground of defense.

Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

Prejudice was established when Farma thereby

established that "there is a reasonable probability

that, but for counsel's errors, the result of the trial

would have been different." Commonwealth v. Wright, 411

Mass. 678, 681-682 (1992)

### Point 2.

### THE ABSENCE OF AN AFFIDAVIT OF TRIAL COUNSEL

Once Farma had made a prima facie showing of

ineffectiveness through the affidavits filed it was

incumbent of the Commonwealth to file an affidavit of

trial counsel or request an evidentiary hearing at which

trial counsel could be questioned under oath.

Whether the defendant raises a substantial issue in

his post-trial motion for new trial that requires an

evidentiary hearing primarily depends upon how the facts

asserted in the affidavits or other submissions compare

-7-

with the facts presented at the trial. Commonwealth v. Epsom, 422 Mass. 1002 (1996), is authority for the proposition that Farma should have been afforded an evidentiary hearing on his motion for a new trial. In that case, the Supreme Judicial Court remanded for an evidentiary hearing.

In this case, as in Epsom, the affidavits submitted to the motion judge, contained testimony that would have supported the defendant's claim of self-defense.

Notably, in this case, there is absent is any indication that the failure to investigate, produce evidence or call the witnesses was prompted by any tactical consideration. Instead, it appears to have been negligence and incompetence. In fact, The court found that trial counsel's counsel did not "conform in some respects ..." to how counsel should "...collate and present evidence . . ." and made no finding as to the prejudicial effect that such conduct had on the defendant's case.

The motion judge was not the fact finder at the trial placed him in a particularly inappropriate position to evaluate Farma's affidavit.

-8-

In the circumstances herein it was error for the trial judge, who was not the trier of fact at the underlying jury trial and had no evidence at a hearing to contradict Mr. Farma's affidavits, to decide the Motion for New Trial without an evidentiary hearing.

Rule 30(c)(3) of the Massachusetts Rules of Criminal Procedure,, specifies that a motion for a new trial may be decided "on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Because the affidavits did raise a "substantial issue," it was an abuse of discretion for the motion judge to have denied the motion without an evidentiary hearing. "[I]n a case like this, in the absence of a hearing followed by findings of fact, or of a stipulation of facts, it is not possible for an appellate court to know 'whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer [and] whether it has likely deprived the defendant of an otherwise available, substantial ground of defense.' Commonwealth v. Saferian, 366 Mass. 89, 96 (1974)."

-9-

<u>Commonwealth v. Brookins</u>, 416 Mass. 97, 104 (1993).

## CONCLUSION

The issues of whether or not a defendant seeking a new trial on grounds of ineffective assistance of counsel must file an affidavit by trial counsel stating, under oath, that he was ineffective, and when an evidentiary hearing is required are issues affecting the public interest and the interests of justice.

Respectfully submitted,
for defendant/appellant,

ROGER WITKIN
BBO #531780
6 Beacon Street, #1010
Boston, MA 02108
(617) 523-0027

-10-

## **CERTIFICATE OF SERVICE**

I, Roger Witkin, do hereby certify that two (2) copies of the within <u>DEFENDANT/APPELLANT'S APPLICATION FOR FURTHER APPELLATE REVIEW</u> were served by mailing U.S. Mail, first class on July 12, 2004 to Donna Jalbert Patalano, ADA One Bullfinch Place, Boston, MA 02114.

ROGER WITKIN

# #1

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-874

COMMONWEALTH

vs.

JOHN FARMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

After trial by jury, the defendant John Farma was convicted of assault and battery by means of a dangerous weapon (G. L. c. 265, S 15A[b]).  The defendant's subsequent motion for new trial was denied without an evidentiary hearing by the same judge who had presided at the trial.  On appeal, the defendant claims error in two respects:  (a) denial of the new trial motion was error because the defendant's trial counsel had provided ineffective assistance insofar as he failed to investigate and present testimony or other evidence of self-defense; (b) it was error not to have conducted an evidentiary hearing in connection with the motion for new trial.

We have heard counsel's arguments, studied their briefs, reviewed, inter alia the record appendix, the trial transcript, and the transcript of the nonevidentiary hearing on the new trial motion and are satisfied that the defendant's appellate claims must fail.  We discern no error either in the denial of the defendant's motion for new trial or in the judge's decision to

rule on the motion without first conducting an evidentiary
hearing.  The Commonwealth's brief at pages eight through
twenty-five is persuasive on both points.

Order denying motion for new
trial affirmed.

By the Court (Lenk, Doerfer
& Cowin, JJ.),

Asst. Clerk

Entered:  June 25, 2004.

2

the present case, the defendant's allegations of trial counsel's ineffectiveness are vague and without merit. Indeed the trial judge, who also served as the motion judge, noted near the end of the trial, "[B]oth lawyers are to be commended for fulfilling their responsibilities in this case" (Tr. 2:96).

### A.    Trial counsel was not ineffective in presenting the defendant's defense.

The defendant claims that trial counsel was ineffective because he failed both to investigate the defendant's self-defense claim as well as potential witnesses that could have bolstered his defense (D.Br. 5). The defendant further claims that trial counsel was made aware of potential witnesses who could have been helpful in building the defendant's defense[5] (D.Br. 11-13; R. 4-8).

---

as it is well established that "if the *Saferian* test is met, the Federal test is necessarily met as well." *Commonwealth v. Callahan*, 401 Mass. 627, 635 n.10 (1988) (quoting *Commonwealth v. Fuller*, 394 Mass. 251, 256 n.3 (1985)).

[5] The defendant's contention that trial counsel failed to investigate evidence that he was under the influence of medication as well as alcohol is irrelevant as assault and battery with a dangerous weapon is a general intent crime (D.Br. 12; C.A. 4, 6) *See Commonwealth v. Henson*, 394 Mass. 584, 592 (1985) (assault and battery by means of a dangerous weapon

11

Trial counsel's failure to call certain witnesses does not rise to the level of ineffectiveness set forth in *Saferian*. The tactics of trial counsel are not called into question unless they are found to be manifestly unreasonable. *Commonwealth v. Martin*, 427 Mass. 816, 882 (1998). Without an affidavit from trial counsel, this Court cannot know trial counsel's reasons for not interviewing witnesses. *See Commonwealth v. Duran*, 435 Mass. 87, 102 (2001) (holding that the failure to investigate does not necessarily give rise to any cognizable claim). Significantly, the defendant did not submit an affidavit from trial counsel to support the defendant's motion for a new trial. *See Commonwealth v. Lynch*, 439 Mass. 532, 539 n.2 (2003) (defendant failed to meet his burden of demonstrating that trial counsel's decision was ineffective without affidavit from trial counsel); *Commonwealth v. Serino*, 436 Mass. 408, 415-416 (2002) (affirming denial of motion for new trial based on claim of ineffective assistance of counsel where motion was not supported by affidavit of trial counsel); *Commonwealth v. Vasquez*, 55 Mass. App.

does not require proof of specific intent).

12

Ct. 523, 533-534 (2002) (affirming denial of motion for new trial, and noting conspicuous absence of affidavit from trial counsel in support of motion); Commonwealth v. Savage, 51 Mass. App. Ct. 500, 505 n.6 (2001) (same). Because trial counsel did not submit an affidavit regarding his decision to not call the witnesses specified, the defendant must show through the record that trial counsel's decision not to call these additional witnesses was manifestly unreasonable and created a substantial likelihood of a miscarriage of justice.

The affidavits submitted by the defendant as part of his motion for new trial do not contain any evidence that the witnesses could have testified to that offer anything more than cumulative evidence. For example, Carl Regan, who was called as a witness, prepared an affidavit that merely stated he believed he had not been adequately prepared (C.A. 7). Anne Farma, the defendant's sister who was also called as a witness, prepared an affidavit that also stated she felt unprepared (C.A. 5). A witness's belief that he or she has not been adequately prepared by trial counsel does not necessarily demonstrate the "serious