UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
       Petitioner,

v.                                    CIVIL ACTION NO. 05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
       Respondent.

## PETITIONER'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF APRIL 10, 2006

Petitioner John Farma ("the Petitioner"), in the above-numbered Civil Action and through Counsel, moves this Court for Reconsideration of its April 10, 2006 Order on Magistrate Judge's Report and Recommendation. The Petitioner assigns the following in support here of.

Facts.

After Jury trial in the South Boston, Massachusetts District Court, the Petitioner was convicted of assault and battery by means of a dangerous weapon.[1]

A subsequent motion for a new trial was denied without an evidentiary hearing by the trial Judge. The Petitioner appealed, but the Appeals Court upheld the decision of the trial Court in its Memorandum and Order perforce Rule 1:28 of the Appeals Court Rules.

Petitioner filed his Application for Further Appellate Review with the Supreme Judicial Court. The Application was denied without comment on September 10, 2004. [Commonwealth v. Farma, 442 Mass. 1107, 815 N.E.2d 1084 (Table) (2004).]

The Petitioner later timely filed with this Court a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254,[2] against John J. O'Brien, Commissioner ("the Respondent").

In turn, the Respondent filed before this Court a motion to dismiss the Application assigning, inter alia, that the Petitioner had failed to exhaust his State Court remedies. The Petitioner filed an opposition. This Court ordered that the Respondent file a further pleading addressing certain issues, among them the question of the Petitioner's alleged procedural default as a bar to Federal Habeas review. The Respondent did so.

The Magistrate Judge, in her March 7, 2006 Report and Recommendation, advised that Petitioner's Application be denied. The linchpin of the Magistrate Judge's opinion on the notion of procedural default is as follows:

> As previously explained in this Court's Report and Recommendation, ground one [of the Petitioner's Application] raises a claim of ineffective assistance of counsel at trial and on appeal under the Sixth and Fourteenth Amendments pf the United States Constitution. Petitioner, however, failed to present this claim to the Massachusetts Supreme Judicial Court ("SJC") within the application for leave to obtain further appellate review...   .

Farma v. O'Brien, March 7, 2006 Report and Recommendation of the Magistrate Judge, emphasis added.

Subsequently, the Petitioner filed with this Court Petitioner's Objections to the March 7, 2006 Report and Recommendation re: Respondent's Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus.[3]

On April 10, 2006, this Court adopted the Magistrate Judge's March 7, 2006 Recommendation, and dismissed the Petition.[4]

The Petitioner now moves this Court for reconsideration of its April 10 Order.

Argument.

The Petitioner incorporates by reference the Argument made in his Petitioner's Objections to the March 7, 2006 Report and Recommendation re: Respondent's Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus.

In ft. 1 of its April 10 Order, this Court adopts an observation made by the Magistrate Judge in her December 8, 2005 Report and Recommendation.  That is,

> [t]he [ineffective assistance] ground submitted to the SCJ in the ALOFAR and that asserted in the [federal] petition for write of habeas corpus involve different legal theories which require distinct constitutional analysis.  As such, ground one is not exhausted.

The Massachusetts Appeals Court rejected the Petitioner's claim that

> ...denial of the new trial motion was error because the defendant's trial counsel had provided ineffective assistance insofar as he failed to investigate and present testimony or other evidence of self-defense...  .

(2004).[5]

In his ALOFAR, the Petitioner challenged the reliance of the Appeals Court on the Commonwealth's Brief, in which the Commonwealth argued that an affidavit from trial Counsel was required to demonstrate his claim of ineffective assistance. The unmistakable thrust of the Petitioner's Application for Further Appellate Review, however, was the claim of ineffective assistance:

> In this case, Farma argued that his trial counsel
> was ineffective in presenting the defendant's defense
> as to assault and battery by means of a dangerous weapon
> and failing to give a timely opening statement; in failing to
> attack effectively the Commonwealth's evidence; in failing
> to present or obtain certain evidence; and in failing to
> investigate the defendant's defense.

ALOFAR, at 6. Further, at 7 in his Application to the S.J.C., the Petitioner clearly incorporated as the foundation of his argument the opinion in Commonwealth v. Saferian, 366 Mass. 89, 315 N.E.2d 878 (1974). Because there was not, at the time of the Saferian decision, a standard of review on the question of ineffective assistance of counsel, Saferian was necessarily a Sixth Amendment case.[6] The language in Saferian is the case is plain enough –

> The decided cases try to express or approximate
> in varying forms of words a general standard for
> determining whether 'assistance of counsel's has
> been provided an accused person within the meaning
> of the Sixth Amendment.'

At 366 Mass. 96.  Saferian is not predicated on Article XII of the Constitution of the Commonwealth, or upon any provision of the Declaration of Rights.

In his Petition for a Writ of Habeas Corpus, the Petitioner was equally clear in raising the ineffective assistance issue:

> [GROUNDS RAISED:] Ineffective assistance of Trial Counsel: that his trial counsel was ineffective in presenting the defendant's defense of self-defense as to assault and battery by means of a dangerous weapon and failing to give a timely opening statement; in failing to attack effectively the Commonwealth's evidence; in failing to present or obtain certain evidence; in failing to investigate the defendant's defense and in failing to even mention self-defense in his closing argument.

Petition, Supplement "A."[7]

From the Appeals Court through the present Petition, Petitioner's claim of ineffective assistance has been consistent and has relied upon the Sixth Amendment-derived Saferian standard.  The Petitioner says that the Magistrate Judge erred in finding that the Petitioner's ALOFAR issue was distinguishable from that which he raised in the instant Petition.

Therefore, the Petitioner asks that the Court reconsider its April 10 Order upon the reasons set forth herein and for any other reason the Court may find in the interests of justice, and the his Petition be reinstated.

HEARING ON THIS MOTION IS REQUESTED

/s/ Roger Witkin
ROGER WITKIN
BBO #531780
6 Beacon Street, Suite 1010
Boston, Massachusetts  02108
(617) 523-0027 (tel.)
(617  523-2024 (fax)

DATED: April 21, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
    Petitioner,

v.                                              CIVIL ACTION NO. 05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
    Respondent.

## CERTIFICATE OF SERVICE

I, ROGER WITKIN, Counsel to the Petitioner in the above-numbered Civil Action,

certify that I have served a copy of the within Petitioner's Motion for Reconsideration of

this Court's Order of April 10, 2006 upon Counsel to John J. O'Brien, Commissioner of

Probation for the Commonwealth of Massachusetts, by mailing same, first class postage

prepaid, to:

> Daniel I. Smulow, Esquire
> Office of the Attorney General
> One Ashburton Place, 18th Floor
> Boston, Massachusetts 02108,

This 21st day of April, 2006.

                                        /s/ Roger Witkin
                                        ROGER WITKIN
                                        BBO #531780

EXHIBIT "1"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JOHN FARMA,
　　　Petitioner,


v.                                        CIVIL ACTION NO. 05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
　　　Respondent.



PETITIONER'S OBJECTIONS TO THE MARCH 7, 2006 REPORT AND
RECOMMENDATION RE: RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS


Petitioner John Farma ("the Petitioner"), through Counsel and pursuant to Rule 3

of the Local Rules for United States Magistrate Judges, hereby submits his objections to the

Magistrate Judge's March 7, 2006 Report and Recommendation in this matter, together

with materials in aid thereof.

### Facts

The procedural circumstances in the present matter are – save for the questions

raised by the Magistrate Judge's Report and Recommendation – not at dispute. Briefly,

they are as follows.

After Jury trial in the South Boston, Massachusetts District Court, the Petitioner was

and Order perforce Rule 1:28 of the Appeals Court Rules.[2] [Commonwealth v. Farma, 61 Mass. App. Ct. 1113, 810 N.E.2d 1288 (Table) (2004).]

In July of 2004, and from the Appeals Court Memorandum and Order, the Petitioner filed his Application for Further Appellate Review with the Supreme Judicial Court. The Application was denied without comment on September 10, 2004. [Commonwealth v. Farma, 442 Mass. 1107, 815 N.E.2d 1084 (Table) (2004).][3]

The Petitioner later timely filed with this Court a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254,[4] against John J. O'Brien, Commissioner ("the Respondent").

In turn, the Respondent filed before this Court a motion to dismiss the Application assigning, *inter alia*, that the Petitioner had failed to exhaust his State Court remedies. The Petitioner filed an opposition. This Court ordered that the Respondent file a further pleading addressing certain issues, among them the question of the Petitioner's alleged procedural default as a bar to Federal Habeas review. The Respondent did so.

The Magistrate Judge, in her March 7, 2006 Report and Recommendation, advised that Petitioner's Application be denied. The linchpin of the Magistrate Judge's opinion on the notion of procedural default is as follows:

> As previously explained in this Court's Report and Recommendation, ground one [of the Petitioner's Application] raises a claim of ineffective assistance of counsel at trial and on appeal under the Sixth and Fourteenth Amendments of the United States Constitution. Petitioner, however, failed to present this claim to the

Massachusetts Supreme Judicial Court ("SJC") within the application for leave to obtain further appellate review... .

*Farma* v. *O'Brien*, March 7, 2006 Report and Recommendation of the Magistrate Judge,[5] emphasis added.

The Petitioner hereby timely files his objections to the Magistrate Judge's Report and Recommendation.

<u>Argument</u>

The Petitioner assigns that the Magistrate Judge's Report is factually in error, in that he does not stand in "procedural default," as the Magistrate Judge maintains. He is not, therefore, barred on such ground from Federal Habeas Corpus review.

First, the issue of ineffective assistance was raised before the Commonwealth's Appeals Court [see Exhibit "1"]. Albeit the Court rejected the argument, the question of ineffective assistance was nevertheless preserved for post-conviction attack.

Second, the Petitioner filed with the Supreme Judicial Court an Application for Further Appellate Review.[6] The Application addressed, in factual and legal detail, the claim of ineffective assistance of trial Counsel. As did the Appeals Court, the Supreme Judicial Court denied the Petitioner's offering. At that point, the Petitioner had exhausted all avenues of substantive review by any Massachusetts trial or appellate tribunal. He did not, as the Magistrate Judge seems to aver, procedurally dissipate his opportunities for State review without appellate scrutiny of the substance of his claim.

Simply put, the Petitioner is not in procedural default, and therefore not obligated to show cause or prejudice before this Court will entertain the constitutional challenge he

Finally, the Petitioner cannot be deprived of consideration by this Court on grounds that he failed to failed to rely upon the United States Constitution in his Application for Further Appellate Review. He assigns that such is not a prerequisite for access to this forum.

Even so, in his Application to the Supreme Judicial Court, the Petitioner clearly incorporates -- as the foundation of his argument -- the opinion in Commonwealth v. Saferian, 366 Mass. 89, 315 N.E.2d 878 (1974). Because there was not, at the time of the Saferian decision, a standard of review on the question of ineffective assistance of counsel, Saferian was necessarily a Sixth Amendment case.[7] The language in the case is clear—

> The decided cases try to express or approximate in varying forms of words a general standard for determining whether 'assistance of counsel's has been provided an accused person within the meaning of the Sixth Amendment.'

At 366 Mass. 96. Saferian is not predicated on Article XII of the Constitution of the Commonwealth, or upon any provision of the Declaration of Rights.

Because the Magistrate Judge's Report and Recommendation is in error to the extent argued in this Objection, the District Judge is asked to disregard it and, should it be necessary, to remand the Report for reissuance in accord with this pleading and its Exhibits.

Respectfully submitted,
JOHN FARMA. Petitioner,
By his Counsel:


/s/Roger Witkin
ROGER WITKIN
BBO #531780
6 Beacon Street, Suite 1010
Boston, Massachusetts   02108
(617) 523-0027 (tel.)
(617  523-2024 (fax)

DATED:  March 15, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
        Petitioner,

vi.                                             CIVIL ACTION NO. 05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
        Respondent.

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the within document was
electronically filed and a courtesy copy mailed to Daniel I. Smulow, Assistant Attorney
General, Criminal Bureau, 1 Ashburton Place, Boston, MA 02108, counsel of record for
the respondent.

                                        /s/ Roger Witkin
                                        Roger Witkin
                                        6 Beacon Street, Suite 1010
                                        Boston, MA 02108

# EXHIBIT "1"

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT
CLERK'S OFFICE

3 CENTER PLAZA, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02108
(617) 725-8106

June 25, 2004

Roger Witkin, Esquire
Six Beacon Street
Suite 1010
Boston, MA 02108

RE:    No. 2003-P-0874

COMMONWEALTH
vs.
JOHN FARMA

NOTICE OF DOCKET ENTRY

Please take note that on June 25, 2004, the following entry
was made on the docket of the above-referenced case:

Decision: Rule 1:28 (LK CW DO). Order denying motion for new
trial affirmed. Notice. (See image on file.)

Very truly yours,

The Clerk's Office

Dated: June 25, 2004

To: John P. Zanini, A.D.A.
Roger Witkin, Esquire

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 03-P-874

COMMONWEALTH

vs.

JOHN FARMA.

Pending in the Dorchester District

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

Oder denying motion for
new trial affirmed.

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-874

COMMONWEALTH

vs.

JOHN FARMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

After trial by jury, the defendant John Farma was convicted
of assault and battery by means of a dangerous weapon (G. L. c.
265, § 15A[b]). The defendant's subsequent motion for new trial
was denied without an evidentiary hearing by the same judge who
had presided at the trial. On appeal, the defendant claims error
in two respects: (a) denial of the new trial motion was error
because the defendant's trial counsel had provided ineffective
assistance insofar as he failed to investigate and present
testimony or other evidence of self-defense; (b) it was error not
to have conducted an evidentiary hearing in connection with the
motion for new trial.

We have heard counsel's arguments, studied their briefs,

rule on the motion without first conducting an evidentiary hearing.  The Commonwealth's brief at pages eight through twenty-five is persuasive on both points.

<u>Order denying motion for new trial affirmed</u>.

By the Court (Lenk, Doerfer & Cowin, JJ.),

*Bret Assist* Clerk

Entered:  June 25, 2004.

# EXHIBIT "2"

Page 1

815 N.E.2d 1084 (Table).
442 Mass. 1107, 815 N.E.2d 1084 (Table)
(Cite as: 442 Mass. 1107, 815 N.E.2d 1084)
H

(The Court's decision is referenced in a "Supreme
Judicial Court of Massachusetts Further Appellate
Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.
Commonwealth
v.
John Farias

September 10, 2004

Appeal From: 61 Mass.App.Ct. 1113, 810 N.E.2d
1238. Justice Ireland and Justice Cowin did not
participate.

DENIED.

442 Mass. 1107, 815 N.E.2d 1084 (Table)

END OF DOCUMENT

# EXHIBIT "3"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN FARMA,
   Petitioner,

    v.
                                 CIVIL ACTION NO.
                                 05-10193-RGS

JOHN J. O'BRIEN,
COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS,
   Respondent.

REPORT AND RECOMMENDATION RE:
RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS
(DOCKET ENTRY # 16)[1]

March 7, 2006

BOWLER, U.S.M.J.

On July 7, 2005, respondent John J. O'Brien ("respondent"),
Commissioner of Probation for the Commonwealth of Massachusetts,
filed a memorandum in support of his motion to dismiss petition
for writ of habeas corpus filed by petitioner John Farma
("petitioner"). (Docket Entry # 9). Petitioner opposed the
motion. (Docket Entry # 11). On December 8, 2006, this court
denied the motion to dismiss on the ground that petitioner had
failed to exhaust state court remedies. (Docket Entry # 14). In
the Report and Recommendation, this court ordered respondent to

miscarriage of justice based upon the entire record, if and only if respondent wished to raise this affirmative defense; and (3) the merits of ground one if the respondent did not wish to raise a procedural default issue or other procedural bar to federal habeas review. (Docket Entry # 14).

Pending before this court and therefore ripe for review is respondent's memorandum of law in opposition to the habeas corpus petition. (Docket Entry # 16). Here, respondent properly raises the affirmative defense of the procedural default of ground one and correctly argues that ground two lacks merit in that petitioner's claim is a matter of purely state law. The facts germane to this issue are set forth in the prior Report and Recommendation and need not be repeated. (Docket Entry # 14, pp. 2-5).

## DISCUSSION

Turning first to ground one, respondent's argument that ground one is in procedural default is correct. As previously explained in this court's Report and Recommendation, ground one raises a claim of ineffective assistance of counsel at trial and on appeal under the Sixth and Fourteenth Amendments of the United

Accordingly, the claim remains unexhausted. (Docket Entry # 14). At this juncture and as previously explained, state court remedies are no longer available to petitioner. (Docket Entry # 14).

Where, as here, petitioner achieves exhaustion "through a procedural default, the habeas petitioner must show cause for that default and prejudice arising therefrom before the federal court may reach the merits of his habeas claims." Hall v. DiPaolo, 986 F.2d 7, 10 (1st Cir. 1993); accord Coleman v. Thompson, 501 U.S. 722, 750 (1991); Horton v. Allen, 370 F.3d 75, 81 (1st Cir. 2004) (citing Dretke v. Haley, 541 U.S. 386, 393 (2004)), cert. denied, 543 U.S. 1093 (2005).

As to cause, ordinarily petitioner must "show that some objective factor external to the defense impeded counsel's [or in this instance, petitioner's] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); accord Horton v. Allen, 370 F.3d at 81 (quoting Murray v. Carrier 477 U.S. at 488); Burks v. DuBois, 55 F.3d 712, 716-717 (1st Cir. 1995) (citing Murray v. Carrier, 477 U.S. at 488); Magee v. Harshbarger, 16 F.3d 469, 471 (1st Cir. 1994) (quoting Murray v. Carrier 477 U.S. at 488). Petitioner fails in his burden to show

prevented presentation of ground one to the SJC within the
ALOFAR.

Inasmuch as petitioner fails to show cause, this court need
not address the prejudice prong. See Magee v. Harshbarger, 16
F.3d at 472 (declining to address prejudice prong "[b]ecause the
cause and prejudice requirement is conjunctive"); see also Burks
v. DuBois, 55 F.3d at 716 n. 3 (not addressing prejudice prong
because court found no cause).

Finally, an exception exists where "even absent a showing of
cause and prejudice," a federal court "may overlook a procedural
default and hear a barred constitutional claim on the merits if
its failure to do so would result in a fundamental miscarriage of
justice." Burks v. DuBois, 55 F.3d at 17; accord Ortiz v.
Dubois, 19 F.3d 708, 714 (1st Cir. 1994) (quoting Murray v.
Carrier, 477 U.S. at 495-496). "It is clear that for habeas
purposes the federal 'fundamental miscarriage of justice'
standard means that petitioner must establish actual innocence."
Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999); see
Schlup v. Delo, 513 U.S. 29, 231 (1995); Burks v. Dubois, 55 F.3d
at 717. In order to establish actual innocence, "petitioner must
show that no reasonable juror would have found petitioner guilty

with regard to any miscarriage of justice or his own actual innocence. Therefore, ground one remains exhausted and lies in procedural default.

Turning to ground two, petitioner raises a claim of entitlement to an evidentiary hearing on a motion for a new trial. Respondent correctly posits that the ground is not cognizable under federal habeas review because it involves a matter purely of state law. (Docket Entry # 16).

Section 2254(a) jurisdictionally limits federal habeas relief to state convictions "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c). Errors of state law that do not rise to the level of a constitutional error "may not be corrected on federal habeas." Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993). (O'Connor, J. concurring); Sawyer v. Smith, 497 U.S. 227, 239 (1990) ("availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution"); accord Sanna v. DiPaolo, 265 F.3d 1, 12-13 (1st Cir. 2001) (habeas review unavailable for state law error except "extreme cases" where state law or practice betrays "fundamental principle of justice" under the Due Process Clause);

(applicable) federal statute"); <u>Restrepo v. DiPaolo</u>, 1 F.Supp.2d
103, 107 (D.Mass. 1998) ("[e]rrors of state law do not provide a
basis for habeas relief").

Petitioner submitted the argument that the trial court erred
in not conducting an evidentiary hearing in the ALOFAR. As
accurately stated by respondent there was no federal
constitutional claim in the ALOFAR, evidenced by the petitioner's
failure to cite to any federal authority in his ALOFAR and this
petition. (Docket Entry # 16). Instead, petitioner's claim
relies upon Rule 30(b) of the Massachusetts Rules of Criminal
Procedure which provide a criminal defendant with the right to
move for a new trial at any time. Mass. R. Crim. P. 30(b).
Whether to grant an evidentiary hearing is left to the broad
discretion of the motion judge. Mass. R. Crim. P 30(c)(3);
<u>Commonwealth v. Cutts</u>, 831 N.E.2d 1279, 1288 (Mass. 2005).
(Docket Entry # 16). Additionally, where the motion judge
presided over the trial, the judge is granted an additional
measure of deference. <u>Commonwealth v. Walker</u>, 443 N.E.2d 195,
205 (Mass. 2005). In the instant case, the appeals court
affirmed the trial court's order denying the motion for a new
trial on June 25, 2004. <u>Commonwealth v. Farma</u>, 810 N.E.2d 1288

transcript and the transcript of the non-evidentiary hearing on the new trial motion. Commonwealth v. Farma, 810 N.E.2d at 1288. In so doing, the appeals court discerned that there had been no error either in the denial of the motion for new trial or in the trial judge's decision to rule on the motion without first conducting an evidentiary hearing. Commonwealth v. Farma, 810 N.E.2d at 1288. As such, it is highly improbable that the state law error claimed in this case rises to the level of a constitutional error. Accordingly, the error, if any, may not be corrected on federal habeas review. Federal habeas corpus relief is therefore unavailable to petitioner with regard to ground two.

## CONCLUSION

In accordance with the foregoing discussion, this court RECOMMENDS[2] that the request to dismiss this petition in the memorandum of law in opposition to habeas corpus petition (Docket Entry # 16) be ALLOWED and the petition be DISMISSED.

---

[2] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the

Dbtf !2;16.dw212: 4.SHT!!!!Epdvn f oU29!!!!!Gjfhe!14018ợ r17!!!!!Qbhf !9!pg9

/s/ Marianne B. Bowler
MARIANNE B. BOWLER
United States Magistrate Judge

EXHIBIT "4"

-1-

COMMONWEALTH OF MASSACHUSETTS

SUPREME JUDICIAL COURT

NO. SJC

SUFFOLK, SS

COMMONWEALTH OF MASSACHUSETTS,
                    Appellee,

v.

JOHN FARMA,
            Defendant/Appellant

DEFENDANT/APPELLANT'S APPLICATION
FOR FURTHER APPELLATE REVIEW

ON FURTHER APPELLATE REVIEW FROM THE DECISION
OF THE APPEALS COURT DOCKET NO. 2003-P-0874

ROGER WITKIN
BBO #531780
Attorney for the
Defendant/appellant
6 Beacon St.

-2-

## DEFENDANT/APPELLANT'S REQUEST FOR
## LEAVE TO OBTAIN FURTHER APPELLATE REVIEW

The defendant/appellant, John Farma, requests further appellate review from the decision in the above entitled case of the Appeals Court docket no. 2003-p-0874 by the full Supreme Judicial Court. This application is founded upon substantial reasons affecting the public interest or the interests of justice as set out below.

### STATEMENT OF PRIOR PROCEEDINGS IN THE CASE

At a trial by jury in the South Boston District Court, John Farma was convicted of assault and battery by means of a dangerous weapon (G.L. c. 265 s. 15A[b1])

Farma's subsequent Motion for New Trial was denied without an evidentiary hearing by the trial judge. On appeal to the Appeals Court the denial of the Motion for New Trial was denied by a Memorandum and Order Pursuant to Rule 1:28 a copy of which is hereby annexed and marked #1.

-3-

## STATEMENT OF THE POINTS WITH RESPECT TO
## WHICH FURTHER APPELLATE REVIEW IS SOUGHT

1. The memorandum and order affirming the trial
   court's denial of the Motion For New Trial
   based on the Commonwealth's argument that the
   defendant had not sustained his burden of
   proof as to the requirement that the
   defendant has the burden of producing an
   affidavit of trial counsel as to how he was
   "ineffective" is founded on a misapplication
   and misstatement of the law.

2. Where the defendant had sustained his initial
   burden of proof by the affidavits filed, the
   trial court was required to conduct an
   evidentiary hearing relating to the
   ineffective assistance of trial counsel not
   apparent on the record.

### STATEMENT INCLUDING APPROPRIATE AUTHORITIES,
### AS TO WHY FURTHER APPELLATE REVIEW IS APPROPRIATE

#### Point 1.

In its brief at pg. 10-12, (hereto annexed as #2)

the Commonwealth argued (and the Appeals Court

accepted) that Farma had the burden of producing an

affidavit of trial counsel as to how he had been

ineffective. At the outset as a matter of logic and

common sense such a requirement would be, in most

cases, impossible to meet. Such a requirement requires

-4-

under oath, the likelihood of an attorney voluntarily acknowledging he was ineffective is remote.

In any event, the Commonwealth's brief misled the Appeal Court as to the law requiring such an affidavit.

The Commonwealth argued that <u>Commonwealth v. Duran</u>, 435 Mass. 87, 102(2001) requires such an affidavit be filed by the defendant. The commonwealth at page 11, then goes on to cite a number of cases in support of this requirement of law.

In fact what the Commonwealth did in its brief was copy word for word Footnote # [2] in the case of <u>Commonwealth v. Lynch</u>, 439 Mass 532 (2003) which states:

> [2] It is significant that no affidavit from trial counsel was submitted in connection with Lynch's motion for a new trial. Commonwealth v. Serino, 436 Mass. 408, 415-416 (2002) (affirming denial of motion for new trial based on claim of ineffective assistance of counsel where motion was not supported by affidavit of trial counsel); Commonwealth v. Vasquez, 55 Mass. App. Ct. 523, 533-534 (2002) (affirming denial of motion for new trial, and noting conspicuous absence of affidavit from trial counsel in

-5-

to the "absence" of an affidavit counsel in the
discussion of facts.  The affidavits of counsel that
are referred to in the above cases are not admissions
of ineffectiveness but rather relate to explanations by
trial counsel as to specific conduct.  For example in,
Commonwealth v. Serino, 436 Mass. 408 (2002) cited by
the Commonwealth, the affidavit of counsel related to
defendant's competency at time of trial as follows:

> Appellate counsel neither requested another
> competency  hearing, nor supported his motion
> for a new trial with affidavits from trial
> counsel or any postconviction psychiatric
> evaluations that would have enabled the
> motion judge to find that a serious question
> as to the defendant's competency at the time
> of trial existed. Id , 415-416

In this case Farma argued that his trial counsel
was ineffective in presenting the defendant's defense
as to assault and battery by means of a dangerous
weapon and failing to give a timely opening statement;
in failing to attack effectively the Commonwealth's
evidence; in failing to present or obtain certain
evidence; and in failing to investigate the defendant's

-6-

established a prima facie case that there has been
serious incompetency, inefficiency or inattention of
counsel, conduct falling measurably below that which
might be expected from an ordinary fallible lawyer --
and that those shortcomings deprived the defendant of
an otherwise available, substantial ground of defense.
Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

Prejudice was established when Farma thereby
established that "there is a reasonable probability
that, but for counsel's errors, the result of the trial
would have been different." Commonwealth v. Wright, 411
Mass. 678, 681-682 (1992)

### Point 2.

### THE ABSENCE OF AN AFFIDAVIT OF TRIAL COUNSEL

Once Farma had made a prima facie showing of
ineffectiveness through the affidavits filed it was
incumbent of the Commonwealth to file an affidavit of
trial counsel or request an evidentiary hearing at which

-7-

with the facts presented at the trial. <u>Commonwealth v.</u>
<u>Epsom</u>, 422 Mass. 1002 (1996), is authority for the
proposition that Farma should have been afforded an
evidentiary hearing on his motion for a new trial. In
that case, the Supreme Judicial Court remanded for an
evidentiary hearing.

In this case, as in <u>Epsom</u>, the affidavits submitted
to the motion judge, contained testimony that would have
supported the defendant's claim of self-defense.

Notably, in this case, there is absent is any
indication that the failure to investigate, produce
evidence or call the witnesses was prompted by any
tactical consideration. Instead, it appears to have been
negligence and incompetence.  In fact, The court found
that trial counsel's counsel did not "conform in some
respects ..." to how counsel should "...collate and
present evidence . . ." and made no finding as to the
prejudicial effect that such conduct had on the
defendant's case.

-8-

In the circumstances herein it was error for the trial judge, who was not the trier of fact at the underlying jury trial and had no evidence at a hearing to contradict Mr. Farma's affidavits, to decide the Motion for New Trial without an evidentiary hearing.

Rule 30(c)(3) of the Massachusetts Rules of Criminal Procedure,, specifies that a motion for a new trial may be decided "on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Because the affidavits did raise a "substantial issue," it was an abuse of discretion for the motion judge to have denied the motion without an evidentiary hearing. "[I]n a case like this, in the absence of a hearing followed by findings of fact, or of a stipulation of facts, it is not possible for an appellate court to know 'whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which

-9-

<u>Commonwealth v. Brookins</u>, 416 Mass. 97, 104 (1993).

## CONCLUSION

The issues of whether or not a defendant seeking a new trial on grounds of ineffective assistance of counsel must file an affidavit by trial counsel stating, under oath, that he was ineffective, and when an evidentiary hearing is required are issues affecting the public interest and the interests of justice.

Respectfully submitted,
for defendant/appellant,

ROGER WITKIN
BBO #531780
6 Beacon Street, #1010
Boston, MA 02108
(617) 523-0027

-10-

## CERTIFICATE OF SERVICE

I, Roger Witkin, do hereby certify that two (2) copies of the within DEFENDANT/APPELLANT'S APPLICATION FOR FURTHER APPELLATE REVIEW were served by mailing U.S. Mail, first class on July 12, 2004 to Donna Jalbert Patalano, ADA One Bullfinch Place, Boston, MA 02114.

ROGER WITKIN

#1

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-874

COMMONWEALTH

vs.

JOHN FARMA.

## MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

After trial by jury, the defendant John Farma was convicted
of assault and battery by means of a dangerous weapon (G. L. c.
265, § 15A(b)). The defendant's subsequent motion for new trial
was denied without an evidentiary hearing by the same judge who
had presided at the trial. On appeal, the defendant claims error
in two respects: (a) denial of the new trial motion was error
because the defendant's trial counsel had provided ineffective
assistance insofar as he failed to investigate and present
testimony or other evidence of self-defense; (b) it was error not
to have conducted an evidentiary hearing in connection with the
motion for new trial.

We have heard counsel's arguments, studied their briefs,
reviewed, inter alia the record appendix, the trial transcript,

rule on the motion without first conducting an evidentiary

hearing.   The Commonwealth's brief at pages eight through

twenty-five is persuasive on both points.

                                        Order denying motion for new
                                        trial affirmed.

                                    By the Court (Lenk, Doerfer
                                       & Cowin, JJ.),

                            First Asst &  Clerk

Entered:   June 25, 2004..

the present case, the defendant's allegations of trial counsel's ineffectiveness are vague and without merit. Indeed the trial judge, who also served as the motion judge, noted near the end of the trial, "[B]oth lawyers are to be commended for fulfilling their responsibilities in this case" (Tr. 2:96).

   A.  Trial counsel was not ineffective in presenting the defendant's defense.

   The defendant claims that trial counsel was ineffective because he failed both to investigate the defendant's self-defense claim as well as potential witnesses that could have bolstered his defense (D.Br. 5). The defendant further claims that trial counsel was made aware of potential witnesses who could have been helpful in building the defendant's defense[5] (D.Br. 11-13; R. 4-8).

---

as it is well established that "if the *Saferian* test is met, the Federal test is necessarily met as well." *Commonwealth* v. *Callahan*, 401 Mass. 627, 635 n.10 (1988) (quoting *Commonwealth* v. *Fuller*, 394 Mass. 251,

11

Trial counsel's failure to call certain witnesses
does not rise to the level of ineffectiveness set
forth in *Saferian*.  The tactics of trial counsel are
not called into question unless they are found to be
manifestly unreasonable.  *Commonwealth v. Martin*, 427
Mass. 816, 882 (1998).  Without an affidavit from
trial counsel, this Court cannot know trial counsel's
reasons for not interviewing witnesses.  *See*
*Commonwealth v. Duran*, 435 Mass. 87, 102 (2001)
(holding that the failure to investigate does not
necessarily give rise to any cognizable claim).
Significantly, the defendant did not submit an
affidavit from trial counsel to support the
defendant's motion for a new trial.  *See Commonwealth*
*v. Lynch*, 439 Mass. 532, 539 n.2 (2003) (defendant
failed to meet his burden of demonstrating that trial
counsel's decision was ineffective without affidavit
from trial counsel); *Commonwealth v. Serino*, 436 Mass.
408, 415-416 (2002) (affirming denial of motion for

12

Ct. 523, 533-534 (2002) (affirming denial of motion
for new trial, and noting conspicuous absence of
affidavit from trial counsel in support of motion);
Commonwealth v. Savage, 51 Mass. App. Ct. 500, 505 n.6
(2001) (same).  Because trial counsel did not submit
an affidavit regarding his decision to not call the
witnesses specified, the defendant must show through
the record that trial counsel's decision not to call
these additional witnesses was manifestly unreasonable
and created a substantial likelihood of a miscarriage
of justice.

    The affidavits submitted by the defendant as part
of his motion for new trial do not contain any
evidence that the witnesses could have testified to
that offer anything more than cumulative evidence.
For example, Carl Regan, who was called as a witness,
prepared an affidavit that merely stated he believed
he had not been adequately prepared (C.A. 7).  Anne
Farma, the defendant's sister who was also called as a

EXHIBIT "2"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10193- RGS

JOHN FARMA

v.

JOHN J. O'BRIEN, COMMISSIONER OF PROBATION,
COMMONWEALTH OF MASSACHUSETTS

ORDER ON MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

April 10, 2006

STEARNS, D.J.

I agree with Magistrate Judge Bowler that the petitioner is procedurally defaulted as to ground one of the petition[1] and has failed to raise any meritorious issue under federal law as to ground two.[2] Consequently, her Recommendation is ADOPTED and the petition is DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns

---

[1] While petitioner's application for further appellate review by the Supreme Judicial Court invoked a claim of ineffective assistance (as he contends in his Objection to the Report), as the Magistrate Judge correctly observes in her December 8, 2005 Report and

UNITED STATES DISTRICT JUDGE

# EXHIBIT "3"

AO 241 (Rev. 5/85)

PI  TION UNDER 28 USC § 2254 FOR WRIT
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

# United States District Court

| Name, JOHN FARMA | District MASSACHUSETTS | |
|---|---|---|
| | Prisoner No. N/A | Case No. 05-10193-RGS |

Place of Confinement:

PROBATION DEPARTMENT, SOUTH BOSTON DISTRICT COURT, 535 E. BROADWAY, SOUTH BOSTON, MA  02127

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| JOHN FARMA | JOHN J. O'BRIEN, COMMISSIONER OF PROBATION |
| | V.    COMMONWEALTH OF MASSACHUSETTS, |
| | AND |
| | The ATTORNEY GENERAL OF THE COMMONWEALTH |

The Attorney General of the State of:   MASSACHUSETTS

## PETITION

1. Name and location of court which entered the judgment of conviction under attack    South Boston District Court, 535 E. Broadway, South Boston, MA 02127

2. Date of judgment of conviction    February 4, 2003

3. Length of sentence    The petitinoer was sentenced to 18 months in the House of Correction 6 months to be served and the balance of the sentence suspended on probationary terms to February 4, 2005.

4. Nature of offense involved (all counts)    The petitioner was charged with violation of M.G.L. c.265, s.15A(b1) (A&B by menas of a Dangerous Weapon) in South Boston District Court, in case no. 0203CR000417.

5. What was your plea?  (Check one)
   (a) Not guilty                    x☒
   (b) Guilty                        ☐
   (c) Nolo contendere               ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

AO 241 (Rev. 5/85)                    )                                    )

9. If you did appeal, answer the following:

  (a) Name of court ___Appeals Court for the Commonwealth of Massachusetts___

  (b) Result ___Affirmed___

  (c) Date of result and citation, if known ___2004; 61 Mass. App.Ct. 1113 (2004)___

  (d) Grounds raised 1. The Trial Court erred in denying the defendant's motion for new trial on the ground that he was denied effective assistance of counsel due to counsel's failure to investigate, present testimony of self-defense and any evidence of self-defense.
  2. The Trial Court erred in not conducting an evidentiary hearing.

  (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

    (1) Name of court ___Massachusetts Supreme Judicial Court___

    (2) Result ___Further Appellate Review Denied___

    (3) Date of result and citation, if known ___Unknown___

    (4) Grounds raised _____

  (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:          NOT APPLICABLE

    (1) Name of court _____

    (2) Result _____

    (3) Date of result and citation, if known _____

    (4) Grounds raised ___Same as in #9(d).___

Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ☒    No ☐

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐      No ☒

(5) Result ___The Trial Court denied the motion without an evidentiary hearing.___

(6) Date of result ___March 25, 2003___

(b) As to any second petition, application or motion give the same information:     N/A

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐      No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.                      Yes ☒      No ☐
(2) Second petition, etc.                   Yes ☐      No ☐
     N/A

(d) If you did *not* appeal from the adverse action on any petition, application or

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure;

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: <u>Petitioner was denied the effective assistance of counsel at trial and on</u> <u>appeal guaranteed to him by the Sixth and Fourteenth Amendments and the Appeals Court of</u> <u>the Commonwealth of Massachusetts misapplied the federal law.</u>

Supporting FACTS (state *briefly* without citing cases or law)

<u>SEE ATTACHED SHEET OF PAPER MARKED "A" FOR SUPPORTING FACTS</u>

B.    Ground two:   <u>SEE ATTACHED SHEET OF PAPER MARKED "B"</u>

Supporting FACTS (state *briefly* without citing cases or law)

AO 241 (Rev. 5/85)

C.    Ground three:    N/A

_____

Supporting FACTS (state *briefly* without citing cases or law)

_____

_____

_____

_____

_____

D.    Ground four:    N/A

_____

Supporting FACTS (state *briefly* without citing cases or law)

_____

_____

_____

_____

_____

If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

N/A

_____

_____

Do you have any petition or appeal now pending in any court

AO 241 (Rev. 5/85)

(c) At trial __same as (a)__

(d) At sentencing __same as (a)__

(e) On appeal __Roger Witkin, 6 Beacon Street, #1010, Boston, MA 02108__

(f) In any post–conviction proceeding __Attorney Roger Witkin, 6 Beacon Street, #1010, Boston, MA 02108__

(g) On appeal from any adverse ruling in a post–conviction proceeding __Attorney Roger Witkin, 6 Beacon Street, #1010, Boston, MA 02108__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☐      No ☒

7. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐      No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐      No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

"A"

11. (3) GROUNDS RAISED:

Ineffective Assistance of Trial Counsel: that his trial counsel was ineffective in presenting the defendant's defense of self-defense as to assault and battery by means of a dangerous weapon and failing to give a timely opening statement; in failing to attack effectively the Commonwealth's evidence; in failing to present or obtain certain evidence; in failing to investigate the defendant's defense and in failing to even mention self-defense in his closing argument.

12.  A.  SUPPORTING FACTS:

In this case the complaining witness, Theresa Murphy, testified that on March 13, 2002, she sent out to a bar and had drinks with some co-workers prior to attending a Union meeting.

Murphy testified that she met Farma at the meeting and then drove him home after the meeting.  She further testified that sometime thereafter when she had refused his sexual advances he chased her out of the car and beat her and kicked her.

Mr. Farma's trial attorney then briefly cross-examined Ms. Murphy.  At no time did defendant's attorney ask any questions concerning Ms. Murphy's mental health, her ability to perceive and remember, her motive for testifying falsely or any questions relating to her being the aggressor. The defendant, Farma, had given information to his attorney as to all these areas, which the attorney never investigated or prepared.

Mr. Farma testified that at the Union meeting there was a bar and he and Ms. Murphy were drinking heavily.  He then testified that he didn't remember who drove him home because he was drunk, but remembers falling asleep in a car and then waking up as he was being beaten.

Mr. Farma testified that he got out of the car and was trying to get to his house and was pursued by "a person" who was beating him.  He testified that he struck the person and pushed her away.  He testified that he was bruised, cut and bleeding.

At no time did trial counsel introduce defendant's medical records to corroborate his testimony, nor even call the individuals from the treatment center to verify Mr. Farma's injuries.

"B"

## 12. B. GROUND TWO:

The defendant raised a substantial issue in his post-trial motion that required an evidentiary hearing based on the facts asserted in the affidavit accompanying the motion for new trial. Petitioner should have been afforded an evidentiary hearing on his motion for a new trial in that the affidavit submitted to the motion judge contained testimony that would have supported the Petitioner's claim of self-defense.

Notably, in this case, there is absent any indication that the failure to investigate, produce evidence or call the witnesses was prompted by any tactical consideration. Instead, it appears to have been negligence and incompetence.

The motion judge was not the fact finder at the trial and that placed him in a particularly inappropriate position to evaluate Petitioner's claim solely by the affidavit.

In the circumstances herein it was error for the trial judge, who was not the trier of fact at the underlying jury trial and had no evidence at the hearing to contradict Mr. Farma's affidavit, to decide the Motion for New Trial without an evidentiary hearing.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JOHN FARMA,

             Petitioner

v.

                              Civil Action No. 05CV10193 RGS

JOHN J. O'BRIEN, Commonwealth
of Massachusetts, Commissioner
of Probation,
AND,
The ATTORNEY GENERAL of the
Commonwealth of Massachusetts,

                   Respondents.

CERTIFICATE OF SERVICE

I, ROGER WITKIN, certify that on this 15th day of June, 2005, I hand delivered

a copy of Motion To Late File Petitioner's Petition Under 28 U.S.C. §2254 For Writ of

Habeas Corpus By A Person In State Custody to Mary H. Johnson, Courtroom Clerk for

Honorable Richard G. Stearns, United States Courthouse, 1 Courthouse Way, Room

2300, Boston, MA 02210; Daniel I. Smulow, Attorney General's Office, One Ashburton

Place, 18th floor, Boston, MA 02108, counsel for the Respondent, John J. O'Brien,

Commissioner of Probation, and Office of the Attorney General, 1 Ashburton Place,

Boston, MA 02108.

**ROGER WITKIN**